UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| marchFIRST, INC., et al., | ) | Case No. 01-24742 |
| | ) | (Substantively Consolidated) |
| | ) | |
| Debtor. | ) | Honorable John D. Schwartz |
| | ) | Chapter 7 |
| | ) | |
| ANDREW J. MAXWELL, Trustee | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 03-00273 |
| v. | ) | |
| | ) | |
| Amtex Systems Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL AND DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

NOW COMES the Defendant, AMTEX SYSTEMS, INC. (hereinafter referred to as "Defendant"), by and through its attorney, Joel A. Schechter of the Law Offices of Joel A. Schechter, and pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, hereby submits its statement of issues to be presented on appeal and designation of items to be included in the record on appeal with respect to the final judgment entered by the United States Bankruptcy Court on December 19, 2007.

## STATEMENT OF ISSUES

1.    Whether the Bankruptcy Court erred in granting the Trustee's motion for summary judgment.

2.    Whether the Bankruptcy Court erred in entering final judgment against Defendant.

3.    Whether the Bankruptcy Court erred in finding that Defendant received from the

Debtor preferential transfers as alleged in Plaintiff's complaint.

4.    Whether the Bankruptcy Court erred in finding that there are no material facts in

dispute.

5.    Whether the Bankruptcy Court erred in denying Defendants ordinary course of

business defense and other defenses raised in its answer.

6.    Whether the Court erred in granting prejudgment interest calculated at the prime

rate.

## DESIGNATION OF ITEMS TO BE INCLUDED IN RECORD ON APPEAL

| Docket No. | Date | Document Title |
|---|---|---|
| 1 | 2/3/03 | Complaint filed by Plaintiff. |
| 15 | 10/23/03 | Answer and Affirmative Defenses filed by Defendant. |
| 38 | 11/16/06 | Joint Rule 26(f) Discovery Report. |
| 58 | 8/17/07 | Motion for summary judgment filed by Plaintiff including all exhibits. |
| 64 | 10/1/07 | Motion of Defendant to extend time to file response to Plaintiff's motion for summary judgment. |
| 65 | 10/4/07 | Order extending time to file response. |
| 66 | 10/10/07 | Stipulation and order extending time to file response to Plaintiff's motion for summary judgment and Plaintiff's reply. |
| 67 | 10/12/07 | Defendant's response to Plaintiff's motion for summary judgment. |
| 68 | 10/12/07 | Defendant's response to Plaintiff's statement of uncontested facts. |
| 69 | 10/12/07 | Memorandum of Law in support of Defendant's response to Plaintiff's motion for summary judgment. |

| 73 | 10/26/07 | Plaintiff's reply to Defendant's response to Plaintiff's motion for summary judgment. |
| 74 | 11/15/07 | Order taking Plaintiff's motion for summary judgment under advisement. |
| 76 | 11/15/07 | Memorandum opinion granting Plaintiff's motion for summary judgment. |
| 77 | 11/15/07 | Order granting motion for summary judgment. |
| 85 | 12/19/07 | Final judgment order. |
| 87 | 12/31/07 | Motion of Defendant to extend time to file notice of appeal. |
| 88 | 1/8/08 | Order granting motion to extend time to file notice of appeal. |
| 89 | 1/19/08 | Notice of appeal. |
| | 2/24/04 | Defendant's answers to Plaintiff's first set of interrogatories. |
| | 2/24/04 | Defendant's responses to Plaintiff's first document request. |
| | 2/24/04 | Defendant's answers to Plaintiff's first requests for admissions. |

Dated: January 29, 2008

Respectfully submitted,

AMTEX SYSTEMS, INC., Defendant

By:    /s/ Joel A. Schechter
         Its Attorney

Joel A. Schechter
Attorney No. 03122099
LAW OFFICES OF JOEL A. SCHECHTER
53 West Jackson Boulevard, Suite 1025
Chicago, Illinois 60604
(312) 332-0267

-3-

## File an Appeal:

03-00273 Maxwell v. Amtex Systems Inc **CASE CLOSED** on 12/20/2007

| | | |
|---|---|---|
| Type: ap | Office: 1 (Chicago) | Lead Case: 01-24742 |
| Judge: JDS | Disp: Judgment Entered on Motion for Summary Judgment | Case Flag: CLOSED, APPEAL |

### U.S. Bankruptcy Court

### Northern District of Illinois

Notice of Electronic Filing

The following transaction was received from Schechter, Joel A entered on 1/29/2008 at 5:48 PM CST and filed on 1/29/2008

**Case Name:**     Maxwell v. Amtex Systems Inc
**Case Number:**   03-00273
**WARNING: CASE CLOSED** on 12/20/2007
**Document Number:** 94

**Docket Text:**
Appellant Designation of Contents for Inclusion in Record and Statement of Issue On Appeal Filed by Joel A Schechter ESQ on behalf of Amtex Systems Inc. (RE: [89] Notice of Appeal). (Schechter, Joel)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\ECF\Amtexstatementofissuesonappeal.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017686655 [Date=1/29/2008] [FileNumber=18818294-0] [4d11ac33798d86c2bc89b6be22e9168a607593796888e04cc68544fd80e9ceddd0 63b89a13d30a0591b7de6acf1e8976056410a0ad6be6b1e42d1f679f4db35a]]

**03-00273 Notice will be electronically mailed to:**

Vikram R Barad    vbarad@maxwellandpotts.com,
maxwelllawchicago@yahoo.com,lkoran@maxwellandpotts.com,marchfirst_trustee@hotmail.com

Andrew J Maxwell    maxwelllawchicago@yahoo.com

Joel A Schechter    joelschechter@covad.net

**03-00273 Notice will not be electronically mailed to:**

M:\marchFIRST\Preferences\Amtex Systems (appealed)\Appeal\Tr Designation Add Items.doc

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| marchFIRST INC., et al., | ) | Case No. 01 B 24742 |
| | ) | (Substantively Consolidated) |
| Debtors. | ) | |
| | ) | Hon. John D. Schwartz |
| _____ | ) | |
| | ) | |
| ANDREW J. MAXWELL, Trustee, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| v. | ) | Adv. No. 03 A 00273 |
| | ) | |
| AMTEX SYSTEMS, INC., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

## TRUSTEE'S DESIGNATION OF ADDITIONAL
## ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

Andrew J. Maxwell, Trustee and Plaintiff-Appellee, by and through his attorneys, hereby submits his Designation of Additional Items to be Included in the Record on Appeal pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure:

## DESIGNATION OF ADDITIONAL ITEMS
## TO BE INCLUDED IN THE RECORD ON APPEAL

| Docket No. | Date | Document Title |
|---|---|---|
| 42 | 01/18/2007 | Motion of Defendant, Amtex Systems, Inc. To Extend Time For Completion of Discovery and To Disclose Experts |
| 44 | 02/22/2007 | Order Extending Time To Complete Discovery and For Other Relief |
| 46 | 03/30/2007 | Motion of Defendant, Amtex Systems, Inc. to Extend Time For Completion of Discovery and To Disclose Experts |
| 48 | 04/12/2007 | Order Extending Time To Complete Discovery and For Other Relief |



| 49 | 05/15/2007 | Motion of Defendant, Amtex Systems, Inc. to Extend Time For Completion of Discovery and To Disclose Experts |
| 51 | 05/17/2007 | Order Extending Time To Complete Discovery and For Other Relief |
| 52 | 06/18/2007 | Motion of Defendant, Amtex Systems, Inc. to Extend Time For Completion of Discovery and To Disclose Experts |
| 54 | 06/21/2007 | Order Extending Time To Complete Discovery and For Other Relief |
| 56 | 07/19/2007 | (Minute Order ) - Order Extending Time to Disclose Experts |

Dated:  February 8, 2008

Respectfully submitted,
ANDREW J. MAXWELL, Trustee

By:  /s/ Vikram R. Barad
One of his attorneys

Vikram R. Barad (ARDC #6277076)
Jaclyn H. Smith (ARDC #6284016)
Maxwell & Potts, LLC
105 West Adams Street, Suite 3200
Chicago, Illinois 60603
(312) 368-1138

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| marchFIRST INC., et al., | ) | Case No. 01 B 24742 |
| | ) | (Substantively Consolidated) |
| Debtors. | ) | |
| _____ | ) | Hon. John D. Schwartz |
| | ) | |
| ANDREW J. MAXWELL, Trustee, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| v. | ) | Adv. No. 03 A 00273 |
| | ) | |
| AMTEX SYSTEMS, INC., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a copy of the foregoing **Trustee's Designation of Additional Items To Be Included In The Record On Appeal** to be served upon:

Joel A. Schechter, Esq.
Law Offices of Joel. A. Schechter
53 W. Jackson Blvd., Suite 1025
Chicago, Illinois 60604

pursuant to Section II(B)(4) of the Administrative Procedures for the Case Management/Electronic Case Filing System through the Court's Electronic Notice for Registrants, on February 8, 2008.

/s/ Vikram R. Barad

Vikram R. Barad (ARDC #6277076)
Jaclyn H. Smith (ARDC #6284016)
Maxwell & Potts, LLC
105 West Adams Street, Suite 3200
Chicago, Illinois 60603
(312) 368-1138

EOD FL

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                  )      Chapter 7
                                        )
marchFIRST, INC., *et al.,*             )      Case No. 01-24742
                                        )      (Jointly Administered)
            Debtors.                    )
                                        )      Honorable John D. Schwartz
_____          )
                                        )
                                        )
ANDREW J. MAXWELL, Trustee,             )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )      Adv. No.
                                        )
Amtex Systems Inc                       )      03A00273
                                        )
            Defendant.                  )

KENNETH S. GARDNER, CLERK
PS RF

FILED
FEB 03 2003
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

## ADVERSARY COMPLAINT TO AVOID PREFERENTIAL TRANSFER

Andrew J. Maxwell, Trustee, by his attorneys, states the following as his Adversary

Complaint to Avoid Preferential Transfers:

1.     On or about April 12, 2001 (the "Petition Date"), marchFIRST, Inc. and its

subsidiaries and affiliates (collectively referred to as the "Debtor") commenced their

bankruptcy cases in the United States Bankruptcy Court for the District of Delaware (the

"Delaware Court") by voluntarily filing petitions for relief under Chapter 11 of Title 11

U.S.C. (the "Bankruptcy Code").

2.     The Debtor moved to convert its cases to cases under Chapter 7, and on or about

April 26, 2001, the Debtor's cases were converted to Chapter 7 cases pursuant to §1112

of the Bankruptcy Code.

3.     By order dated July 10, 2001, the Delaware Court transferred the Debtor's cases

to the United States Bankruptcy Court for the Northern District of Illinois.

KENNETH S. GARDNER, CLERK
UNITED STATES BANKRUPTCY COURT
BY
FEB 03 2003


PAID

4.    Andrew J. Maxwell ("Trustee") was appointed interim Chapter 7 trustee in the Debtor's cases on July 16, 2001, and thereafter became the permanent trustee.

5.    This Court has jurisdiction over this adversary proceeding pursuant to Title 28 U.S.C. §1334, and Fed.R.Bankr.P. 7001 et seq.

6.    This is a core proceeding pursuant to Title 28 U.S.C. §§157(b)(2)(A), (F) and (O) in which this Court is empowered to enter final judgment.

7.    Venue is proper in this District pursuant to Title 28 U.S.C. §1409(a).

8.    During the 90 days preceding the Petition Date, the Debtor made transfers to Amtex Systems Inc (the "Defendant")  totaling $30560 as set forth on the attached Exhibit 1 (hereinafter collectively referred to as the "Transfers").

9.    The Transfers were made to or for the benefit of the Defendant.

10.    The Transfers were made for or on account of an antecedent debt or debts owed by the Debtor to the Defendant before the Transfers were made.

11.    The Debtor was insolvent at the time of the Transfers.

12.    The Transfers enabled the Defendant to receive more than the Defendant would have received if:

   A.    The Debtor had been a debtor in a case under Chapter 7 of the Bankruptcy Code at the time of the Transfers;

   B.    The Transfers had not been made; and

   C.    The Defendant had received payment of the Defendant's claim(s) pursuant to the provisions of Chapter 7 of the Bankruptcy Code.

13.    The Transfers constitute preferences within the meaning of §547(b) of the Bankruptcy Code and should be avoided.

14. The Trustee sent a demand to the Defendant to return the Transfers on September 27, 2002 (the "Date of Demand"), but despite such demand the Transfers have not been repaid.

15. Pursuant to §550(a)(1) of the Bankruptcy Code, the Trustee is entitled to recover from the Defendant a) the amount of the Transfers; b) interest on the amount of the Transfers computed from the Date of Demand; and c) the Trustee's costs and attorneys' fees to the extent permitted by law.

WHEREFORE, Andrew J. Maxwell, Trustee, prays this Court to enter judgment in his favor and against Amtex Systems Inc for the following relief:

A. Avoiding the Transfers as preferences pursuant to §547(b) of the Bankruptcy Code;

B. Entry of a monetary judgment against the Defendant for the amount of $30560 , plus interest from the Date of Demand;

C. Directing the Defendant to pay the Trustee funds in the amount of $30560 , plus interest from the Date of Demand;

D. Awarding Trustee his costs of suit and attorneys' fees to the extent permitted by law; and

E. For such other and further relief as this Court deems just and fair.

Respectfully submitted,
Andrew J. Maxwell, Trustee

By: _____
(One of his attorneys

Steven S. Potts (ARDC #6200073)
Zane L. Zielinski (ARDC #6278776)
Law Offices of Andrew J. Maxwell
105 West Adams Street, Suite 3200
Chicago, Illinois 60603
312/368-1138

# Exhibit 1

Preferential Payments to Amtex Systems Inc

| Check/Wire Date | Check # | Check Amount | Invoice # | Invoice Amount |
|---|---|---|---|---|
| 2/1/2001 | 163763 | $8,200.00 | 3190 | $4,000.00 |
| 2/1/2001 | 163763 | $8,200.00 | 3189 | $4,200.00 |
| 1/25/2001 | 163300 | $7,360.00 | 3180 | $3,360.00 |
| 2/8/2001 | 164447 | $6,600.00 | 3269 | $4,200.00 |
| 2/14/2001 | 164748 | $8,400.00 | 3342 | $4,200.00 |
| 2/14/2001 | 164748 | $8,400.00 | 3233 | $4,200.00 |
| 1/25/2001 | 163300 | $7,360.00 | 3179 | $4,000.00 |
| 2/8/2001 | 164447 | $6,600.00 | 3212 | $2,400.00 |

**Total Amount Due:**    **$30,560.00**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| marchFIRST, INC., et al. | ) | Case No. 01 B 24742 |
| | ) | (Jointly Administered) |
| Debtor. | ) | |
| | ) | |
| | ) | Honorable John D. Schwartz |
| _____ | ) | |
| | ) | |
| ANDREW J. MAXWELL, Trustee, | ) | |
| | ) | Adv. Pro. No. 03 A 00273 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Amtex Systems, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**FILED**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

OCT 2 3 2003

KENNETH S. GARDNER, CLERK
PS REP. - LS

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT TO AVOID PREFERENTIAL TRANSFER

NOW COMES the Defendant, AMTEX SYSTEMS, INC. (hereinafter referred to as "Defendant"), by and through its attorney, Joel A. Schechter of the Law Offices of Joel A. Schechter, and as and for its answer to Plaintiff's adversary complaint to avoid preferential transfer, states as follows:

1.      On or about April 12, 2001 (the "Petition Date") marchFIRST, Inc. and its subsidiaries and affiliates (collectively referred to as the "Debtor") commenced their bankruptcy cases in the United States Bankruptcy Court for the District of Delaware (the "Delaware Court") by voluntarily filing petitions for relief under Chapter 11 of Title 11 U.S.C. (the "Bankruptcy Code").

**ANSWER**:

Defendant admits the allegations contained in paragraph 1.

2.    The Debtor moved to convert its cases to cases under Chapter 7, and on or about April 26, 2001, the Debtor's cases were converted to Chapter 7 cases pursuant to §1112 of the Bankruptcy Code.

**ANSWER**:

Defendant admits the allegations contained in paragraph 2.

3.    By order dated July 10, 2001, the Delaware Court transferred the Debtor's cases to the United States Bankruptcy Court for the Northern District of Illinois.

**ANSWER**:

Defendant admits the allegations contained in paragraph 3.

4.    Andrew J. Maxwell ("Trustee") was appointed interim Chapter 7 trustee in the Debtor's cases on July 16, 2001, and thereafter became the permanent trustee.

**ANSWER**:

Defendant admits the allegations contained in paragraph 4.

5.    This Court has jurisdiction over this adversary proceeding pursuant to Title 28 U.S.C. §1334, and Fed.R.Bankr.P. 7001 et seq.

**ANSWER**:

Defendant admits the allegations contained in paragraph 5.

6.    This is a core proceeding pursuant to Title 28 U.S.C. §§157(b)(2)(A), (F) and (O) in which this Court is empowered to enter final judgment.

**ANSWER**:

Defendant admits the allegations contained in paragraph 6.

7.    Venue is proper in this District pursuant to Title 28 U.S.C. §1409(a).

**ANSWER**:

Defendant admits the allegations contained in paragraph 7.

8.     During the 90 days preceding the Petition Date, the Debtor made transfers to Amtex Systems Inc (the "Defendant") totaling $30560 as set forth on the attached Exhibit 1 (hereinafter collectively referred to as the "Transfers").

**ANSWER**:

Defendant admits the allegations contained in paragraph 8.

9.     The Transfers were made to or for the benefit of the Defendant.

**ANSWER**:

The Defendant admits that the payments made were payments made by the Debtor to the Defendant.

10.     The Transfers were made for or on account of an antecedent debt or debts owed by the Debtor to the Defendant before the Transfers were made.

**ANSWER:**

In answering Paragraph 10, the Defendant admits that the payments made by the Debtor were payments made on invoices for goods or services rendered to the Debtor by the Defendant.

11.     The Debtor was insolvent at the time of the Transfers.

**ANSWER:**

The Defendant does not have sufficient knowledge to admit or deny the allegation contained in Paragraph 11 and, therefore, denies the same.

12.     The Transfers enabled the Defendant to receive more than the Defendant would have received if:

    A.     The Debtor had been a debtor in a case under Chapter 7 of the Bankruptcy Code at the time of the Transfers;

    B.     The Transfers had not been made; and

    C.     The Defendant had received payment of the Defendant's claim(s) pursuant to the provisions of Chapter 7 of the Bankruptcy Code.

**ANSWER:**

The Defendant does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 11 and, therefore, denies the same.

13.     The Transfers constitute preferences within the meaning of §547(b) of the Bankruptcy Code and should be avoided.

**ANSWER:**

The Defendant believes that the allegations contained in Paragraph 13 do not contain factual allegations, but is merely a recitation of the law. However, in the event the Court interprets the allegations contained in Paragraph 13 as factual allegations, the Defendant denies the same.

14. The Trustee sent a demand to the Defendant to return the Transfers on September 27, 2002 (the "Date of Demand"), but despite such demand the Transfers have not been repaid.

**ANSWER:**

The Defendant does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 14 and, therefore, denies the same.

15. Pursuant to § 550(a)(1) of the Bankruptcy Code, the Trustee is entitled to recover from the Defendant a) the amount of the Transfers; b) interest on the amount of the Transfers computed from the Date of Demand; and c) the Trustee's costs and attorneys' fees to the extent permitted by law.

**ANSWER:**

The Defendant denies the allegations contained in paragraph 15.

## FIRST AFFIRMATIVE DEFENSE

As and for its first affirmative defense, Defendant states that the payments made by the Debtor to Defendant were intended by the Debtor and Defendant to be contemporaneous exchanges of new value to the Debtor and, in fact, were substantially contemporaneous exchanges of new value.

## SECOND AFFIRMATIVE DEFENSE

As and for its second affirmative defense, Defendant states that the payments made by the Debtor to Defendant were in payment of debts incurred by the Debtor in the ordinary course of its business with Defendant and made in the ordinary course of the business established between the Debtor and Defendant and, further, were made according to ordinary business terms.

## THIRD AFFIRMATIVE DEFENSE

As and for its third affirmative defense, Defendant states that after each transfer alleged in the Plaintiff's complaint, the Defendant gave new value to or for the benefit of the Debtor not secured by an otherwise unavoidable security interest and on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of the Defendant.

WHEREFORE, the Defendant, AMTEX SYSTEMS, INC., prays the Honorable Court enter an order denying all the relief requested by the Plaintiff and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

AMTEX SYSTEMS, INC., Defendant

By: _____

One of its Attorney

Joel A. Schechter; Attorney No. 03122099
Law Offices of Joel A. Schechter
53 W. Jackson Blvd., Suite 1025
Chicago, IL   60604
Telephone: (312) 332-0267

M:\marchFIRST\Preferences\Amtex Systems\Rule26(f) Report v2.doc

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re | ) | Chapter 7 |
|  | ) |  |
| marchFIRST INC., et al., | ) | Case No. 01 B 24742 |
|  | ) | (Substantively Consolidated) |
| Debtors. | ) |  |
|  | ) | Hon. John D. Schwartz |
| ———————————— | ) |  |
|  | ) |  |
| ANDREW J. MAXWELL, Trustee, | ) |  |
|  | ) |  |
| Plaintiff, | ) | Adv. No. 03 A 00273 |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| AMTEX SYSTEMS, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## RULE 26(f) DISCOVERY REPORT

Andrew J. Maxwell, Trustee and plaintiff herein, and Amtex, defendant herein, by their respective attorneys, hereby submit the following as their joint Rule 26(f) Discovery Report:

### (1)
### Rule 26(a) Disclosures

A.  The following changes should be made in the in the timing, form, or requirement for disclosure under Fed.R.Civ.P. 26(a) and Fed.R.Bankr.P. 7026:

NONE, except that consideration should be given at such time as trial may be scheduled to the timing and need for the parties to make disclosures concerning experts under Fed.R.Bankr.P. 7026 and Fed.R.Civ.P. 26(a)(2). See part (4)(1)(C) below herein.

B.  Disclosures under Fed.R.Civ.P. 26(a)(1) will be made not later than November 30, 2006.

**(2)**
**Subjects of Discovery**

A.   The subjects on which discovery may be needed are identified on the document attached hereto and marked Attachment No. 1.

B.   Discovery should be completed by the following date: January 18, 2007.

C.   Discovery should be limited to the particular issues set forth on Attachment No. 1.

**(3)**
**Changes and Limitations on Discovery**

A.   The following changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure, the Federal Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois:  None.

B.   The following additional limitations should be imposed upon discovery herein:

1.   NONE, except as may have previously been ordered by the Court.

2.   The foregoing limitations shall be subject to waiver or modification in particular instances on motion for good cause shown.

**(4)**
**Other Orders**

The following other orders either have been or should be entered by the Court under Fed.R.Civ.P. 26(c) and Fed.R.Bankr.P. 7026 or under Fed.R.Civ.P. 16(b) and (c) and Fed.R.Bankr.P. 7016:

1.   Deadlines for:

a.   Joining parties or amending pleadings - January 18, 2007.

b.   Filing motions, including dispositive motions, but excluding motions in limine - February 7, 2007.

c.   Disclosing experts and providing expert reports - January 18, 2007.

d.   Mandatory pre-trial disclosures under Fed.R.Civ.P. 26(a)(3) - 30 days before trial.

2.   The parties disagree as to whether a pre-trial conference should be conducted in this proceeding.  Plaintiff does not seek to conduct a pre-trial conference in this proceeding. Defendant seeks to conduct a pre-trial conference in this proceeding.

Respectfully submitted,

ANDREW J. MAXWELL, Trustee          AMTEX SYSTEMS, INC.


By:  /s/ Vikram R. Barad                   By:  /s/ Joel A. Schechter
    One of his attorneys                         One of its attorneys

Steven S. Potts (ARDC No. 6200073)         Joel A. Schechter (ARDC No. 3122099)
Vikram R. Barad (ARDC No. 6277076)         Law Offices of Joel A. Schechter
Maxwell & Potts, LLC                       53 West Jackson Boulevard, Suite 1025
105 West Adams Street, Suite 3200          Chicago, Illinois 60604
Chicago, Illinois 60603                    (312) 332-0267
(312) 368-1138

-3-

## ATTACHMENT NO. 1

**Issues Subject to Discovery:**

1. Whether the transfers were ordinary between the Debtor and Defendant within the meaning of §547(c)(2)(B) of the Bankruptcy Code.

2. Whether the transfers were ordinary in the Defendant's industry within the meaning of §547(c)(2)(C) of the Bankruptcy Code.

3. Whether Defendant furnished new value to or for the Debtor after the date of the transfers which remained unpaid within the meaning of §547(c)(4) of the Bankruptcy Code.

4. Whether the transfers were intended to be a contemporaneous exchange for new value within the meaning of section 547 (c)(1) (A) and were in fact a substantially contemporaneous exchange within the meaning of section 547 (c)(1)(B).

5. Whether the transfers were in payment of a debt incurred by the Debtor in the ordinary course of business within the meaning of section 547(c)(2)(A).

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re )  Chapter 7
)
marchFIRST INC., et al., )  Case No. 01 B 24742
)  (Substantively Consolidated)
Debtors. )
)  Hon. John D. Schwartz
_____ )
)
ANDREW J. MAXWELL, Trustee, )
)
Plaintiff, )
v. )  Adv. No. 03 A 00273
)
AMTEX SYSTEMS, INC., )
)
Defendant. )

## TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

Andrew J. Maxwell, Trustee, by the undersigned counsel, pursuant to Fed.R.Bankr.P. 7056, Fed.R.Civ.P. 56, and Local Bankruptcy Rule 7056-1, states the following as his motion for summary judgment:

1.      Trustee commenced this adversary proceeding by filing his adversary complaint ("Complaint") to avoid preferential transfers on February 3, 2003.  In his Complaint, Trustee seeks, *inter alia*, to avoid four transfers by the Debtor to Amtex Systems, Inc. ("Amtex") in the total sum of $30,560.00, as avoidable preferential transfers within the meaning of §547(b) of the Bankruptcy Code.

2.      Amtex filed its answer ("Answer") to the Complaint on or about October 23, 2003.

3.      This Court has jurisdiction over this proceeding pursuant to Title 28 U.S.C. §§ 157 and 1334, and Fed.R.Bankr.P. 7001, et seq.  This is a core proceeding pursuant to Title 28

U.S.C. § 157(b)(2)(A), (F), and/or (O).  Venue is proper in this Court pursuant to Title 28 U.S.C. §§ 1408 and 1409.

4.    This motion seeks summary judgment with respect to all of the transfers and all other matters at issue in this proceeding.

5.    To summarize, the payments constitute avoidable preferential transfers under §547(b) of the Bankruptcy Code, and Amtex's asserted affirmative defenses are unavailing.

6.    For the reasons set forth in the accompanying statement of uncontested facts and memorandum, it is clear no material issues of fact are in genuine dispute and the Trustee is entitled to judgment as a matter of law.  Because there are no issues of fact in genuine dispute and the Trustee is entitled to judgment as a matter of law, this motion should be granted and summary judgment should be entered in favor of the Trustee and against Amtex for the sum of $30,560.00, plus costs and interest following the date of the Trustee's filing of this adversary complaint.

**WHEREFORE,** Andrew J. Maxwell, Trustee, respectfully prays for entry of an order granting summary judgment in his favor and against Amtex Systems, Inc., and granting such other and further relief as this Court deems just and fair.

Respectfully submitted,
ANDREW J. MAXWELL, Trustee

By:  /s/ Vikram R. Barad
One of his attorneys

Steven S. Potts (ARDC #6200073)
Vikram R. Barad (ARDC #6277076)
Maxwell & Potts, LLC
105 West Adams Street, Suite 3200
Chicago, Illinois 60603
312/368-1138

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| marchFIRST INC., et al., | ) | Case No. 01 B 24742 |
| | ) | (Substantively Consolidated) |
| Debtors. | ) | |
| | ) | Hon. John D. Schwartz |
| ——————————————— | ) | |
| | ) | |
| ANDREW J. MAXWELL, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 03 A 00273 |
| | ) | |
| AMTEX SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## TRUSTEE'S STATEMENT OF UNCONTESTED FACTS
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Andrew J. Maxwell, Trustee, pursuant to Local Bankruptcy Rule 7056-1, states the

following as his statement of uncontested facts in support of his motion for summary judgment:

1.    On April 12, 2001 (the "Petition Date"), marchFIRST, Inc. and its subsidiaries

and affiliates (collectively referred to as the "Debtor") commenced their bankruptcy cases in the

United States Bankruptcy Court for the District of Delaware (the "Delaware Court") by

voluntarily filing petitions for relief under Chapter 11 of Title 11 U.S.C. (the "Bankruptcy

Code"). Defendant Amtex Systems, Inc. ("Amtex") admitted this fact in its Answer to Trustee's

Complaint (the "Answer") at Paragraph 1, a true and correct copy of which is attached hereto as

Exhibit 1.

2.    The Debtor moved to convert its cases to cases under Chapter 7, and on or about

April 26, 2001, the Debtor's cases were converted to Chapter 7 cases pursuant to §1112 of the

Bankruptcy Code. Amtex admitted this fact in its Answer at Paragraph 2 (Exhibit 1).

3.    By order dated July 10, 2001, the Delaware Court transferred the Debtor's cases to the United States Bankruptcy Court for the Northern District of Illinois. Amtex admitted this fact in its Answer at Paragraph 3 (Exhibit 1).

4.    Trustee filed his adversary complaint (the "Complaint") in this proceeding on February 3, 2003, a true and correct copy of which is attached hereto as Exhibit 2.

5.    On or about July 16, 2001, Andrew J. Maxwell ("Trustee") was appointed to serve and continues to serve as successor Chapter 7 trustee of the estates of the Debtor. Amtex admitted this fact in its Answer at Paragraph 4 (Exhibit 1).

6.    This Court has jurisdiction over this adversary proceeding pursuant to Title 28 U.S.C. §1334, and Fed.R.Bankr.P. 7001 et seq. Amtex admitted this fact in its Answer at Paragraph 5 (Exhibit 1).

7.    This is a core proceeding pursuant to Title 28 U.S.C. §§157(b)(2), (A), (F) and (O) in which this Court is empowered to enter final judgment. Amtex admitted this fact in its Answer at Paragraph 6 (Exhibit 1).

8.    Venue is proper in this District pursuant to Title 28 U.S.C. §1409(a). Amtex admitted this fact in its Answer at Paragraph 7 (Exhibit 1).

9.    Amtex Systems, Inc. ("Amtex") is a New Jersey corporation engaged in the business of providing end-to-end software solutions for businesses with its principal place of business located at 50 Broad Street, Ste. 801, New York City, New York. In support thereof, see the printout from the New York State Department of Corporations Division of Corporations website indicating Amtex is a New Jersey Corporation, a copy of which is attached hereto as Exhibit 3. The profile of Amtex as displayed on Amtex's website is also attached hereto as Exhibit 4.

10.    During the 90 days preceding the Petition Date, the Debtor made four transfers to Amtex, totaling $30,560.00 (the "Transfers"). The Transfers were made via Debtor check nos. 163300, 163763, 164447, and 164748. Amtex admitted receiving all four transfers in its Answer at Paragraph 8 (Exhibit 1). In further support, front and back copies of Debtor check nos. 163300, 163763, 164447, and 164748 are attached hereto as Exhibit 5.

11.    The Transfers were made to or for the benefit of Amtex. Amtex admitted the Transfers were payments made by the Debtor to Amtex in its Answer at Paragraph 9 (Exhibit 1).

12.    The Transfers were made to pay eight invoices issued by Defendant to the Debtor between October 2000 and November 2000. True and correct copies of said invoices are attached hereto and are made a part hereof as Exhibit 6. In further support, see the account summary statement, obtained from Amtex, indicating the application of the Transfers to specific Amtex invoices, attached hereto as Exhibit 7.

13.    The Transfers were made for or on account of antecedent debt or debts owed by the Debtor to Defendant before the Transfers were made. This is evidenced by the invoices issued by Amtex for services rendered to the Debtor by Amtex (Exhibits 6 and 7).

14.    By operation of §547(f) of the Bankruptcy Code, the Debtor is presumed to have been insolvent during the 90 days preceding the Petition Date.

15.    Under an agreement between Amtex and the Debtor, dated October 5, 2000, payment of Amtex's invoices was due after thirty days of Debtor's receipt thereof. In support hereof, see Paragraph 2 to the agreement between Debtor and Amtex, dated October 5, 2000, obtained from Amtex, attached hereto as Exhibit 8.

16.    However, Amtex's invoices clearly state when each payment was due and because the payment due dates were the same as the invoice dates for all invoices issued by Amtex, payments were due upon receipt (Exhibit 6).

17.    The Transfers were made not less than 99 days after the dates of Amtex's invoices, as set forth in the following chart:

| Debtor's Check No. | Check Date | Check Clear Date | Check Amount | Invoice No. | Invoice Date | Invoice Amount | Days After Invoice |
|---|---|---|---|---|---|---|---|
| 163300 | 1/25/2001 | 1/30/2001 | $7,360.00 | 3179 | 10/23/2000 | $3,360.00 | 99 |
| 163300 | 1/25/2001 | 1/30/2001 | $7,360.00 | 3180 | 10/23/2000 | $4,000.00 | 99 |
| 163763 | 2/1/2001 | 2/06/2001 | $8,200.00 | 3189 | 10/23/2000 | $4,200.00 | 106 |
| 163763 | 2/1/2001 | 2/06/2001 | $8,200.00 | 3190 | 10/23/2000 | $4,000.00 | 106 |
| 164447 | 2/8/2001 | 2/13/2001 | $6,600.00 | 3269 | 10/31/2000 | $4,200.00 | 105 |
| 164447 | 2/8/2001 | 2/13/2001 | $6,600.00 | 3212 | 10/26/2000 | $2,400.00 | 110 |
| 164748 | 2/14/2001 | 2/23/2001 | $8,400.00 | 3233 | 11/2/2000 | $4,200.00 | 113 |
| 164748 | 2/14/2001 | 2/23/2001 | $8,400.00 | 3342 | 11/14/2000 | $4,200.00 | 101 |

18.    Because the Debtor is presumed to have been insolvent at the time of the Transfers, by definition holders of non-priority general unsecured claims against the Debtor at the time of the Transfers would not have received full payment on account of their claims had the Debtor been a debtor in a Chapter 7 at that time.

19.    Based on the information presently known, pre-petition general unsecured creditors cannot reasonably be expected to receive full payment on account of their claims in the Debtor's case. In support thereof, see the Trustee's Affidavit attached hereto as Exhibit 9.

20.    In its Answer filed in this proceeding (Exhibit 1 hereto), Amtex asserted the following defenses:

        a) the Transfers were intended to be and were in fact contemporaneous

           exchanges for new value under §547(c)(1) of the Bankruptcy Code;

        b) the Transfers were made in the ordinary course of business under §547(c)(2)

of the Bankruptcy Code; and

c) after the Transfers, Amtex gave new value to the Debtor for which it never received payment under §547(c)(4) of the Bankruptcy Code;

21.    Since filing its answer Amtex has admitted its asserted contemporaneous exchange defense lacks any merit. See Amtex's Answers to Trustee's First Request for Admissions at Paragraphs 1, 2, 8, 9, 15, 16, 22, and 23, a true and correct copy of which is attached hereto as Exhibit 10.

22.    Since filing its answer Amtex has also admitted its asserted new value defense lacked any merit. See Amtex's Answers to Trustee's First Request for Admissions at Paragraphs 7, 14, 21, 28 (Exhibit 10).

23.    Despite the payment terms between the Debtor and Amtex, the Transfers were not made until at least 99 days after the date of Amtex's Invoices.

24.    Amtex has adduced no facts to suggest the Transfers were made according to business terms that are ordinary within Amtex's industry as a whole.

Respectfully submitted,
ANDREW J. MAXWELL, Trustee

By: /s/ Vikram R. Barad
One of his attorneys

Steven S. Potts (ARDC No. 6200073)
Vikram R. Barad (ARDC No. 6277076)
Maxwell & Potts, LLC
105 West Adams Street, Suite 3200
Chicago, Illinois 60603
312/368-1138

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                )
                                      )    Chapter 7
marchFIRST, INC., et al.              )
                                      )    Case No. 01 B 24742
                    Debtor.           )    (Jointly Administered)
                                      )
_____ )     Honorable John D. Schwartz
                                      )
ANDREW J. MAXWELL, Trustee,           )
                                      )
                    Plaintiff,        )    Adv. Pro. No. 03 A 00273
                                      )
        v.                            )
                                      )
Amtex Systems, Inc.,                  )
                                      )
                    Defendant.        )

**F I L E D**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

**OCT 2 3 2003**

KENNETH S. GARDNER, CLERK
**PS REP. - LS**

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT TO AVOID PREFERENTIAL TRANSFER

NOW COMES the Defendant, AMTEX SYSTEMS, INC. (hereinafter referred to as "Defendant"), by and through its attorney, Joel A. Schechter of the Law Offices of Joel A. Schechter, and as and for its answer to Plaintiff's adversary complaint to avoid preferential transfer, states as follows:

1.      On or about April 12, 2001 (the "Petition Date") marchFIRST, Inc. and its subsidiaries and affiliates (collectively referred to as the "Debtor") commenced their bankruptcy cases in the United States Bankruptcy Court for the District of Delaware (the "Delaware Court") by voluntarily filing petitions for relief under Chapter 11 of Title 11 U.S.C. (the "Bankruptcy Code").

**ANSWER**:

Defendant admits the allegations contained in paragraph 1.

2.      The Debtor moved to convert its cases to cases under Chapter 7, and on or about April 26, 2001, the Debtor's cases were converted to Chapter 7 cases pursuant to §1112 of the Bankruptcy Code.

**ANSWER**:

Defendant admits the allegations contained in paragraph 2.

3.      By order dated July 10, 2001, the Delaware Court transferred the Debtor's cases to the United States Bankruptcy Court for the Northern District of Illinois.

**ANSWER**:

Defendant admits the allegations contained in paragraph 3.

4.      Andrew J. Maxwell ("Trustee") was appointed interim Chapter 7 trustee in the Debtor's cases on July 16, 2001, and thereafter became the permanent trustee.

**ANSWER**:

Defendant admits the allegations contained in paragraph 4.

5.      This Court has jurisdiction over this adversary proceeding pursuant to Title 28 U.S.C. §1334, and Fed.R.Bankr.P. 7001 et seq.

**ANSWER**:

Defendant admits the allegations contained in paragraph 5.

6.      This is a core proceeding pursuant to Title 28 U.S.C. §§157(b)(2)(A), (F) and (O) in which this Court is empowered to enter final judgment.

**ANSWER**:

Defendant admits the allegations contained in paragraph 6.

7.      Venue is proper in this District pursuant to Title 28 U.S.C. §1409(a).

**ANSWER**:

Defendant admits the allegations contained in paragraph 7.

8.     During the 90 days preceding the Petition Date, the Debtor made transfers to
Amtex Systems Inc (the "Defendant") totaling $30560 as set forth on the attached Exhibit 1
(hereinafter collectively referred to as the "Transfers").

**ANSWER:**

Defendant admits the allegations contained in paragraph 8.

9.     The Transfers were made to or for the benefit of the Defendant.

**ANSWER:**

The Defendant admits that the payments made were payments made by the Debtor to the
Defendant.

10.     The Transfers were made for or on account of an antecedent debt or debts owed
by the Debtor to the Defendant before the Transfers were made.

**ANSWER:**

In answering Paragraph 10, the Defendant admits that the payments made by the Debtor
were payments made on invoices for goods or services rendered to the Debtor by the Defendant.

11.     The Debtor was insolvent at the time of the Transfers.

**ANSWER:**

The Defendant does not have sufficient knowledge to admit or deny the allegation
contained in Paragraph 11 and, therefore, denies the same.

12.     The Transfers enabled the Defendant to receive more than the Defendant would
have received if:

A.     The Debtor had been a debtor in a case under Chapter 7
of the Bankruptcy Code at the time of the Transfers;

B.     The Transfers had not been made; and

C.     The Defendant had received payment of the Defendant's
claim(s) pursuant to the provisions of Chapter 7 of the
Bankruptcy Code.

**ANSWER:**

The Defendant does not have sufficient knowledge to admit or deny the allegations
contained in Paragraph 11 and, therefore, denies the same.

13.     The Transfers constitute preferences within the meaning of §547(b) of the
Bankruptcy Code and should be avoided.

**ANSWER:**

The Defendant believes that the allegations contained in Paragraph 13 do not contain factual allegations, but is merely a recitation of the law. However, in the event the Court interprets the allegations contained in Paragraph 13 as factual allegations, the Defendant denies the same.

14. The Trustee sent a demand to the Defendant to return the Transfers on September 27, 2002 (the "Date of Demand"), but despite such demand the Transfers have not been repaid.

**ANSWER:**

The Defendant does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 14 and, therefore, denies the same.

15. Pursuant to § 550(a)(1) of the Bankruptcy Code, the Trustee is entitled to recover from the Defendant a) the amount of the Transfers; b) interest on the amount of the Transfers computed from the Date of Demand; and c) the Trustee's costs and attorneys' fees to the extent permitted by law.

**ANSWER:**

The Defendant denies the allegations contained in paragraph 15.

## FIRST AFFIRMATIVE DEFENSE

As and for its first affirmative defense, Defendant states that the payments made by the Debtor to Defendant were intended by the Debtor and Defendant to be contemporaneous exchanges of new value to the Debtor and, in fact, were substantially contemporaneous exchanges of new value.

## SECOND AFFIRMATIVE DEFENSE

As and for its second affirmative defense, Defendant states that the payments made by the Debtor to Defendant were in payment of debts incurred by the Debtor in the ordinary course of its business with Defendant and made in the ordinary course of the business established between the Debtor and Defendant and, further, were made according to ordinary business terms.

## THIRD AFFIRMATIVE DEFENSE

As and for its third affirmative defense, Defendant states that after each transfer alleged in the Plaintiff's complaint, the Defendant gave new value to or for the benefit of the Debtor not secured by an otherwise unavoidable security interest and on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of the Defendant.

WHEREFORE, the Defendant, AMTEX SYSTEMS, INC., prays the Honorable Court enter an order denying all the relief requested by the Plaintiff and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

AMTEX SYSTEMS, INC., Defendant

By: _____

One of its Attorney

Joel A. Schechter; Attorney No. 03122099
Law Offices of Joel A. Schechter
53 W. Jackson Blvd., Suite 1025
Chicago, IL   60604
Telephone: (312) 332-0267

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                        )        Chapter 7
                                              )
marchFIRST, INC., *et al.*,                   )        Case No. 01-24742
                                              )        (Jointly Administered)
            Debtors.                          )
                                              )        Honorable John D. Schwartz
_____              )
                                              )
ANDREW J. MAXWELL, Trustee,                   )
                                              )
            Plaintiff,                        )
                                              )
      v.                                      )
                                              )        Adv. No.
Amtex Systems Inc                             )
                                              )        03A00273
            Defendant.                        )



## ADVERSARY COMPLAINT TO AVOID PREFERENTIAL TRANSFER

Andrew J. Maxwell, Trustee, by his attorneys, states the following as his Adversary

Complaint to Avoid Preferential Transfers:



1.    On or about April 12, 2001 (the "Petition Date"), marchFIRST, Inc. and its

subsidiaries and affiliates (collectively referred to as the "Debtor") commenced their

bankruptcy cases in the United States Bankruptcy Court for the District of Delaware (the

"Delaware Court") by voluntarily filing petitions for relief under Chapter 11 of Title 11

U.S.C. (the "Bankruptcy Code").

2.    The Debtor moved to convert its cases to cases under Chapter 7, and on or about

April 26, 2001, the Debtor's cases were converted to Chapter 7 cases pursuant to §1112

of the Bankruptcy Code.

3.    By order dated July 10, 2001, the Delaware Court transferred the Debtor's cases

to the United States Bankruptcy Court for the Northern District of Illinois.

4.   Andrew J. Maxwell ("Trustee") was appointed interim Chapter 7 trustee in the Debtor's cases on July 16, 2001, and thereafter became the permanent trustee.

5.   This Court has jurisdiction over this adversary proceeding pursuant to Title 28 U.S.C. §1334, and Fed.R.Bankr.P. 7001 et seq.

6.   This is a core proceeding pursuant to Title 28 U.S.C. §§157(b)(2)(A), (F) and (O) in which this Court is empowered to enter final judgment.

7.   Venue is proper in this District pursuant to Title 28 U.S.C. §1409(a).

8.   During the 90 days preceding the Petition Date, the Debtor made transfers to Amtex Systems Inc (the "Defendant") totaling $30560 as set forth on the attached Exhibit 1 (hereinafter collectively referred to as the "Transfers").

9.   The Transfers were made to or for the benefit of the Defendant.

10.   The Transfers were made for or on account of an antecedent debt or debts owed by the Debtor to the Defendant before the Transfers were made.

11.   The Debtor was insolvent at the time of the Transfers.

12.   The Transfers enabled the Defendant to receive more than the Defendant would have received if:

      A.   The Debtor had been a debtor in a case under Chapter 7 of the Bankruptcy Code at the time of the Transfers;

      B.   The Transfers had not been made; and

      C.   The Defendant had received payment of the Defendant's claim(s) pursuant to the provisions of Chapter 7 of the Bankruptcy Code.

13.   The Transfers constitute preferences within the meaning of §547(b) of the Bankruptcy Code and should be avoided.

14. The Trustee sent a demand to the Defendant to return the Transfers on September 27, 2002 (the "Date of Demand"), but despite such demand the Transfers have not been repaid.

15. Pursuant to §550(a)(1) of the Bankruptcy Code, the Trustee is entitled to recover from the Defendant a) the amount of the Transfers; b) interest on the amount of the Transfers computed from the Date of Demand; and c) the Trustee's costs and attorneys' fees to the extent permitted by law.

WHEREFORE, Andrew J. Maxwell, Trustee, prays this Court to enter judgment in his favor and against Amtex Systems Inc for the following relief:

A. Avoiding the Transfers as preferences pursuant to §547(b) of the Bankruptcy Code;

B. Entry of a monetary judgment against the Defendant for the amount of $30560 , plus interest from the Date of Demand;

C. Directing the Defendant to pay the Trustee funds in the amount of $30560 , plus interest from the Date of Demand;

D. Awarding Trustee his costs of suit and attorneys' fees to the extent permitted by law; and

E. For such other and further relief as this Court deems just and fair.

Respectfully submitted,
Andrew J. Maxwell, Trustee

By: _____
    One of his attorneys

Steven S. Potts (ARDC #6200073)
Zane L. Zielinski (ARDC #6278776)
Law Offices of Andrew J. Maxwell
105 West Adams Street, Suite 3200
Chicago, Illinois 60603
312/368-1138

# Exhibit 1

## Preferential Payments to Amtex Systems Inc

| Check/Wire Date | Check # | Check Amount | Invoice # | Invoice Amount |
|---|---|---|---|---|
| 2/1/2001 | 163763 | $8,200.00 | 3190 | $4,000.00 |
| 2/1/2001 | 163763 | $8,200.00 | 3189 | $4,200.00 |
| 1/25/2001 | 163300 | $7,360.00 | 3180 | $3,360.00 |
| 2/8/2001 | 164447 | $6,600.00 | 3269 | $4,200.00 |
| 2/14/2001 | 164748 | $8,400.00 | 3342 | $4,200.00 |
| 2/14/2001 | 164748 | $8,400.00 | 3233 | $4,200.00 |
| 1/25/2001 | 163300 | $7,360.00 | 3179 | $4,000.00 |
| 2/8/2001 | 164447 | $6,600.00 | 3212 | $2,400.00 |

**Total Amount Due:**          **$30,560.00**

# NYS Department of State

## Division of Corporations

**Entity Information**

---

Selected Entity Name: AMTEX SYSTEM, INC.

Selected Entity Status Information

**Current Entity Name:** AMTEX SYSTEM, INC.
**Initial DOS Filing Date:** APRIL 24, 1998
**County:** NEW YORK
**Jurisdiction:** NEW JERSEY
**Entity Type:** FOREIGN BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
AMTEX SYSTEM, INC.
SU 801
50 BROAD ST
NEW YORK, NEW YORK, 10004

**Chairman or Chief Executive Officer**
SAINATH POKALA
801
50 BROAD ST
NEW YORK, NEW YORK, 10004

**Principal Executive Office**
AMTEX SYSTEM, INC.
50 BROAD ST
STE 801
NEW YORK, NEW YORK, 10004

**Registered Agent**
SAINATH POKALA
SUITE #801
50 BROAD ST.
NEW YORK, NEW YORK, 10004

NOTE: New York State does not issue organizational identification numbers.

Search Results          New Search

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page

Amtex Systems :: Profile : About Amtex







**PROFILE**

▶ **ABOUT AMTEX**

**CLIENTS**

**PARTNERS**

**NEWS & EVENTS**

## ABOUT AMTEX SYSTEMS

Amtex provides high-quality end-to-end software solutions across industries through unique models and methodologies, to deliver time, cost, quality and full-service advantages best-of breed in nature. Amtex assists clients in making informed business decisions through high-impact insight, advice, and research. An international network of industry experts enables us to carry out global and country-specific projects.

Our software professionals have multiple platform skills and rich domain experience in various industry segments. Our project management staff has developed methods and structures that allow us to manage complex projects. Our clients enjoy the control over projects that comes with merging their personnel and our staff in a unified team working to promote a transfer of knowledge, while, our consultants have the expertise to handle projects of any size with confidence.



◎ **THE AMTEX TEAM**

Amtex can deploy a formidable onsite task force that has the experience developing and maintaining mission-critical application software needed to make a client's vision a reality. For those clients who need to focus on their core strengths and leave the technology requirements to outsourced solutions, Amtex has an **offsite development model** which stresses importance on time-critical, fixed cost projects with no cost over-runs to assist clients in concentrating on their core strategies. These projects are undertaken 'on' as well as 'off' client premises, releasing clients from the burden of daily scrutiny and supervision, as well as high attrition rates so common when hiring contractors.

Amtex Systems has a cost effective **offshore methodology** that provides significant savings of approximately 75% or more through the utilization of a state of the art offshore development center based in Chennai, India. Our approach is a select business model, which essentially creates a dedicated pool of specialized multi-disciplinary resources. The center is well equipped with modern infrastructure, hardware and software resources and is closely knit by high-speed communication links.

**Amtex's Industry and Technology Practices are as follows:**

| INDUSTRY PRACTICES: | TECHNOLOGY PRACTICES: |
|---|---|
| Finance, Banking & Securities | Enterprise Solutions |
| Insurance | e-Business Solutions |

Amtex Systems :: Profile : About ___ .tex                                   Page 2 of 2

| Telecommunications | Application Development & Maintenance |
| Healthcare and Pharmaceuticals | Infrastructure Development |
| Utilities | Security |



Homepage | Profile | IT Services | Products | Offshore Development | Employment | Contact Us

All rights reserved





```
Posted   : 01/30/2001
Bank     : 0002
R/T      : 7240478
Account  : 2176992069
Check    : 163300
Amount   : 7360.00
DIN      : 422504786
```





```
Posted   : 02/06/2001
Bank     : 0002
R/T      : 7240478
Account  : 2176992069
Check    : 163763
Amount   : 8200.00
DIN      : 462518462
```





```
Posted    : 02/13/2001
Bank      : 0002
R/T       : 7240478
Account   : 2176992069
Check     : 164447
Amount    : 6600.00
DIN       : 422543891
```





```
Posted   : 02/23/2001
Bank     : 0002
R/T      : 7240478
Account  : 2176992069
Check    : 164748
Amount   : 8400.00
DIN      : 485590809
```

# AMTEX SYSTEMS INC.

50 Broad Street, SUITE# 801,
New York, NY 10004.
Tel: 212-269-6448, FAX:212-269-6458

# Invoice

| DATE | INVOICE # |
|------|-----------|
| 10/23/2000 | 3179 |

BILL TO

March first
Attn: Wiet Radlmer
Tel:212 372 9042
Fax :212 372 4030

| P.O. NO. | TERMS | DUE DATE | PROJECT |
|----------|-------|----------|---------|
|          |       | 10/23/2000 | Basava Raju |

| CONSULTANTS | HOURS | DESCRIPTION | RATE | AMOUNT |
|-------------|-------|-------------|------|--------|
| Basava Raju | 40 | Consulting service for the week ending 10/15/00 | 100.00 | 4,000.00 |

We appreciate your prompt payment.Please remit to the above address.

| Total | $4,000.00 |
|-------|-----------|

# AMTEX SYSTEMS INC.

# Invoice

50 Broad Street, SUITE# 801,
New York, NY 10004.
Tel: 212-269-6448, FAX:212-269-6458

| DATE | INVOICE # |
|------|-----------|
| 10/23/2000 | 3180 |

**BILL TO**

March first
Attn: Wiet Radimer
Tel:212 372 9042
Fax :212 372 4030

| P.O. NO. | TERMS | DUE DATE | PROJECT |
|----------|-------|----------|---------|
|          |       | 10/23/2000 | Kavitha Mehta |

| CONSULTANTS | HOURS | DESCRIPTION | RATE | AMOUNT |
|-------------|-------|-------------|------|--------|
| Kavitha Mehta | 32 | Consulting service for the week ending 10/15/00 | 105.00 | 3,360.00 |

We appreciate your prompt payment.Please remit to the above address.

**Total**     $3,360.00

# AMTEX SYSTEMS INC.

# Invoice

50 Broad Street, SUITE# 801,
New York, NY 10004,
Tel: 212-269-6448, FAX:212-269-6458

| DATE | INVOICE # |
|------|-----------|
| 10/23/2000 | 3189 |

**BILL TO**

March first
Attn: Wiet Radimer
Tel:212 372 9042
Fax :212 372 4030

| P.O. NO. | TERMS | DUE DATE | PROJECT |
|----------|-------|----------|---------|
| | | 10/23/2000 | Kavita Mehta |

| CONSULTANTS | HOURS | DESCRIPTION | RATE | AMOUNT |
|-------------|-------|-------------|------|--------|
| Kavitha Mehta | 40 | Consulting service for the week ending 10/22/00 | 105.00 | 4,200.00 |

We appreciate your prompt payment.Please remit to the above address.

| Total | $4,200.00 |
|-------|-----------|

# AMTEX SYSTEMS INC.

50 Broad Street, SUITE# 801,
New York, NY 10004.
Tel: 212-269-6448, FAX:212-269-6458

# Invoice

| DATE | INVOICE # |
|---|---|
| 10/23/2000 | 3190 |

**BILL TO**

March first
Attn: Wiel Radimer
Tel:212 372 9042
Fax :212 372 4030

| P.O. NO. | TERMS | DUE DATE | PROJECT |
|---|---|---|---|
| | | 10/23/2000 | Basava Raju |

| CONSULTANTS | HOURS | DESCRIPTION | RATE | AMOUNT |
|---|---|---|---|---|
| Basava Raju | 40 | Consulting service for the week ending 10/22/00 | 100.00 | 4,000.00 |

We appreciate your prompt payment.Please remit to the above address.

**Total**   $4,000.00

# Invoice

# AMTEX SYSTEMS INC.

50 Broad Street, SUITE# 801,
New York, NY 10004.
Tel: 212-269-6448, FAX:212-269-6458

| DATE | INVOICE # |
|---|---|
| 10/31/2000 | 3269 |

**BILL TO**

March first
Attn: Wict Radimer
Tel:212 372 9042
Fax :212 372 4030

| P.O. NO. | TERMS | DUE DATE | PROJECT |
|---|---|---|---|
| | | 10/31/2000 | Kavita Mehta |

| CONSULTANTS | HOURS | DESCRIPTION | RATE | AMOUNT |
|---|---|---|---|---|
| Kavitha Mehta | 40 | Consulting service for the week ending 11/5/00 | 105.00 | 4,200.00 |

We appreciate your prompt payment.Please remit to the above address.

| Total | $4,200.00 |
|---|---|

# AMTEX SYSTEMS INC.

50 Broad Street, SUITE# 801,
New York, NY 10004.
Tel: 212-269-6448, FAX:212-269-6458

# Invoice

| DATE | INVOICE # |
|------|-----------|
| 10/26/2000 | 3212 |

**BILL TO**

March first
Attn: Wiet Radimer
Tel:212 372 9042
Fax :212 372 4030

| P.O. NO. | TERMS | DUE DATE | PROJECT |
|----------|-------|----------|---------|
| | | 10/26/2000 | Basava Raju |

| CONSULTANTS | HOURS | DESCRIPTION | RATE | AMOUNT |
|-------------|-------|-------------|------|--------|
| Basava Raju | 24 | Consulting service for the week ending 10/25/00 | 100.00 | 2,400.00 |

We appreciate your prompt payment.Please remit to the above address.

| Total | $2,400.00 |
|-------|-----------|

# AMTEX SYSTEMS INC.

50 Broad Street, SUITE# 801,
New York, NY 10004.
Tel: 212-269-6448, FAX:212-269-6458

# Invoice

| DATE | INVOICE # |
|------|-----------|
| 11/2/2000 | 3233 |

**BILL TO**

March first
Attn: Wiet Radlmer
Tel:212 372 9042
Fax :212 372 4030

| P.O. NO. | TERMS | DUE DATE | PROJECT |
|----------|-------|----------|---------|
|          |       | 11/2/2000 | Kavita Mehta |

| CONSULTANTS | HOURS | DESCRIPTION | RATE | AMOUNT |
|-------------|-------|-------------|------|--------|
| Kavitha Mehta | 40 | Consulting service for the week ending 10/29/00 | 105.00 | 4,200.00 |

We appreciate your prompt payment.Please remit to the above address.

| **Total** | **$4,200.00** |
|-----------|---------------|

# AMTEX SYSTEMS INC.

50 Broad Street, SUITE# 801,
New York, NY 10004.
Tel: 212-269-6448, FAX:212-269-6458

# Invoice

| DATE | INVOICE # |
|------|-----------|
| 11/14/2000 | 3342 |

**BILL TO**

March first
Attn: Mark Kieffer
105, 17th street
3rd floor,
New York, NY 10003.

| P.O. NO. | TERMS | DUE DATE | PROJECT |
|----------|-------|----------|---------|
|          |       | 11/14/2000 | Kavita Mehta |

| CONSULTANTS | HOURS | DESCRIPTION | RATE | AMOUNT |
|-------------|-------|-------------|------|--------|
| Kavitha Mehta | 40 | Consulting service for the week ending 11/12/00 | 105.00 | 4,200.00 |

We appreciate your prompt payment. Please remit to the above address.

**Total**    $4,200.00

AMTEX SYSTEMS INC.

# Statement

50 Broad Street, SUITE# 801,
New York, NY 10004.
Tel: 212-269-6448, FAX:212-269-6458

| Date |
| --- |
| 08/31/2003 |

To:

March first
Attn: Mark Kieffer
105, 17th street
3rd floor,
New York, NY 10003

| Amount Due | Amount Enc. |
| --- | --- |
| $10,920.00 | |

| Date | Transaction | Amount | Balance |
| --- | --- | --- | --- |
| | | | 0.00 |
| 12/31/1999 | Balance forward | | |
| | | | |
| | Basava Raju- | | |
| 10/23/2000 | INV #3179. Due 10/23/2000. | 4,000.00 | 4,000.00 |
| 10/23/2000 | INV #3190. Due 10/23/2000. | 4,000.00 | 8,000.00 |
| 10/26/2000 | INV #3212. Due 10/26/2000. | 2,400.00 | 10,400.00 |
| 01/29/2001 | PMT #163300. 3179 | -4,000.00 | 6,400.00 |
| 02/05/2001 | PMT #163763. 3190 | -4,000.00 | 2,400.00 |
| 02/12/2001 | PMT #164447. 3212 | -2,400.00 | 0.00 |
| | | | |
| | Kavita Mehta- | | |
| 10/23/2000 | INV #3180. Due 10/23/2000. | 3,360.00 | 3,360.00 |
| 10/23/2000 | INV #3189. Due 10/23/2000. | 4,200.00 | 7,560.00 |
| 10/31/2000 | INV #3269. Due 10/31/2000. | 4,200.00 | 11,760.00 |
| 11/02/2000 | INV #3233. Due 11/02/2000. | 4,200.00 | 15,960.00 |
| 11/14/2000 | INV #3342. Due 11/14/2000. | 4,200.00 | 20,160.00 |
| 11/21/2000 | INV #3413. Due 11/21/2000. | 2,520.00 | 24,360.00 |
| 11/27/2000 | INV #3438. Due 11/27/2000. | 4,200.00 | 26,880.00 |
| 12/01/2000 | INV #3478. Due 12/01/2000. | -3,360.00 | 31,080.00 |
| 01/29/2001 | PMT #163300. 3180 | -4,200.00 | 27,720.00 |
| 02/05/2001 | PMT #163763. 3189 | -4,200.00 | 23,520.00 |
| 02/12/2001 | PMT #164447. 3269 | -4,200.00 | 19,320.00 |
| 02/20/2001 | PMT #164748. 3233,3342 | -8,400.00 | 10,920.00 |

| Current | 1-30 Days Past Due | 31-60 Days Past Due | 61-90 Days Past Due | Over 90 Days Past Due | Amount Due |
| --- | --- | --- | --- | --- | --- |
| 0.00 | 0.00 | 0.00 | 0.00 | 10,920.00 | $10,920.00 |

**AMTEX SYSTEMS**

## CLIENT SERVICES AGREEMENT WITH MARCHFIRST

This Agreement is entered into as of Oct 5th 2000 by and between marchFirst("Client") and AMTEX SYSTEMS, a division of Amtex Group of Companies.

**1.   MEMORANDUM OF UNDERSTANDING**

AMTEX SYSTEMS agrees to provide marchFirst with a member or members of AMTEX SYSTEMS Consulting services staff ("Consultants") to perform, under the supervision and direction of Client, such information technology services as are described in the Work Schedule(s) attached at Exhibit A to this Agreement. Additional Work Schedules may be added hereto for additional or different assignments or Consultants.

**2.   TIME RECORDS/INVOICES**

Consultants shall present time records to Client's representative on a weekly basis for verification and signature regarding hours worked through the end of each week. Client shall pay AMTEX SYSTEMS on a daily rate as provided in the Work Schedule. Client shall be billed on a bi-weekly basis for the daily hours worked. Because AMTEX SYSTEMS invoices represent payroll already paid, invoices are due upon receipt. *~~[handwritten]~~ 30 days* [signature]

**3.   EMPLOYMENT STATUS**

Unless designated as a subcontractor on the Work Schedule, Consultants are the employees of AMTEX SYSTEMS. Consultants are not, and shall not be deemed to be, employees of Client.

   a.   **Compensation of Consultants.** AMTEX SYSTEMS shall be responsible to pay, when due, salaries, wages and other forms of compensation or reimbursement and all applicable federal, state and local withholding taxes and unemployment taxes, as well as social security, state disability insurance and all other payroll charges payable to, or on behalf of, Consultants.

   b.   **Insurance.** AMTEX SYSTEMS shall maintain the following policies of insurance covering all Consultants furnished by AMTEX SYSTEMS to Client during the term of this Agreement:

      i   Workers' Compensation and Employers' Liability Insurance as prescribed by law;

      ii.   Comprehensive General Liability (Bodily Injury and Property Damage) Insurance, in an amount not less than $1,000,000 per occurrence.

The insurance furnished by AMTEX SYSTEMS does not cover losses, damages or liability caused by the operation of Client's industrial or automotive equipment and Consultants are not authorized to operate industrial or automotive equipment. Client accepts full responsibility for any and all bodily injury, property damage, fire, theft, collision, or public liability damage claims which may be caused as a result of a Consultant operating industrial equipment or driving a vehicle on Client's behalf. No Consultant may handle cash or negotiable instruments without the written consent of AMTEX SYSTEMS. AMTEX SYSTEMS shall, upon request, provide to Client certificates of insurance or other documentary evidence of the above insurance.

**4.   ASSIGNMENTS**

Consultants will work only under Client's supervision. Client shall, at its own cost, provide such work space, supplies, hardware and software as are reasonably required for each assignment. Client shall also be solely responsible to provide to Consultants such day-to-day guidance, assistance and other information as is necessary for the successful and timely completion of each assignment.

**5.   CONFIDENTIALITY/INTELLECTUAL PROPERTY**

   a.   AMTEX SYSTEMS agrees to hold in confidence and not use, publish, disclose or utilize in any manner, except as may be required by law, any trade secret or confidential information marked "proprietary," "private," "company private," or otherwise identified as proprietary to, or a trade secret of, Client ("Confidential Information"). The term Confidential Information shall not include information which (1) is or becomes generally available to the public other than as a result of a disclosure by AMTEX SYSTEMS or (a) is or becomes available to AMTEX SYSTEMS on a non-confidential basis from a source other than Client. AMTEX SYSTEMS agrees to obtain the agreement of each Consultant to the foregoing.

   c.   Except as otherwise required by law, AMTEX SYSTEMS agrees that any inventions, works of authorship or other intellectual property, including, but not limited to, source code and documentation, conceived, developed, expanded, fixed or reduced to practice by Consultant or under Consultant's direction during Consultant's engagement to Client shall be the sole and complete property of Client, whether as a work made for hire or otherwise. AMTEX SYSTEMS hereby assigns and conveys AMTEX SYSTEMS entire right, title and interest to any and all resulting copyrights, patents and trade matter to Client or its assignees, as the case may be. AMTEX SYSTEMS agreed to sign all applications or registrations for patents and copyrights properly presented by Client, and any other instruments deemed necessary or helpful for Client to secure and enforce its rights. AMTEX SYSTEMS shall make no charge or claim for additional compensation of any other consideration for signing such documents. AMTEX SYSTEMS shall also obtain, to the extent permitted under applicable law, the agreement of each Consultant in the foregoing.

**6.   GUARANTEE**

If for any reason Client is dissatisfied with a particular individual provided by AMTEX SYSTEMS, AMTEX SYSTEMS will remove such person immediately and replace them as soon as reasonably practiced. If Client shall have notified AMTEX SYSTEMS of its dissatisfaction prior to the conclusion of the individual's third day of work. AMTEX SYSTEMS will not charge Client for the first 24 hours of service provided. This guarantee is in lieu of all other guarantees or warranties, express or implied.

7.    No WARRANTY/LIMITATIONS ON LIABILITY

AMTEX SYSTEMS makes no express or implied warranty, including, but not limited to, any warranty of quality, performance, merchantability or fitness for any purpose, with respect to any services performed or any goods including, but not limited to, software, developed hereunder

In no event shall AMTEX SYSTEMS be liable to Client or any other party for any damages, expenses, liabilities, fees or losses ("Losses") arising as a result of this Agreement or the services provided hereunder, whether for work performed, goods or services developed, or otherwise, which are in the aggregate in excess of the applicable amount of fees actually paid to AMTEX SYSTEMS by Client with respect to the assignment remaining in such Losses. In no event shall AMTEX SYSTEMS be liable to Client or any party for any incidental, indirect or consequential Losses, (including, but not limited to, lost profits or lost data) arising from or related to the services performed or goods developed pursuant to this Agreement even if advised of the possibility of such Losses or if such Losses could be reasonably foreseen. All claims must be delivered in writing to AMTEX SYSTEMS within 60 days after the termination of the applicable Consultant's assignment with Client.

8.    MUTUAL NON-SOLICITATION

Except as provided by this Agreement, Client and its divisions, parents, subsidiaries, affiliates and successors-assignees will not hire or offer employment to, or otherwise directly or indirectly use the services of, on a full-time, part-time or temporary basis.

    a.    any Consultant who has been assigned to Client, until the expiration of one year after termination of the most recent assignment, or

    b.    any Consultant or prospective Consultant who has been introduced to, recommended to or interviewed by Client through the services of AMTEX SYSTEMS, until the expiration of one year after the latest of such introductions, recommendations or interviews

In the event that Client provides the services of, or introduces any Consultant to, any third party during the course of any assignment, Client shall obtain the agreement of such third party to the foregoing and shall be responsible to AMTEX SYSTEMS for any breach thereof.

During the term of this Agreement and for one year thereafter, no employee of AMTEX SYSTEMS shall, without the consent of Client, solicit any employee of Client with whom such AMTEX SYSTEMS employee has had contact in connection with the relationship arising under this Agreement for hire or employment. Client acknowledges that AMTEX SYSTEMS is in the personnel placement business and may provide placement services to Client's employees without violating this section. In no event shall classified or other advertisements be considered "solicitation" hereunder.

9.    TERMINATION    at any time verbally or in writing

This Agreement and/or any Work Schedule may be terminated by either party ~~upon thirty days prior written notice to the other party~~. If a change of Consultant on any assignment is required due to circumstances beyond the control of AMTEX SYSTEMS, AMTEX SYSTEMS shall use reasonable efforts to replace such Consultant as quickly as possible, to Client's satisfaction.

10.    MISCELLANEOUS

    a.    This Agreement and the exhibits attached hereto constitute the entire agreement between the parties with respect to the matters contained herein and can be changed only by written instrument duly executed by the parties authorized representatives.

    b.    If any action is required to collect any amounts due under this Agreement, AMTEX SYSTEMS will be entitled to recover all costs and expenses, including reasonable attorney's fees, whether or not suit is initiated.

    c.    Nothing herein shall be construed as creating a partnership or joint venture relationship between the parties.

    d.    All notices given under this Agreement shall be in writing.

    e.    No waiver of any breach of any provision or condition of this Agreement shall be deemed a waiver of any similar or dissimilar provision or condition at the same time or any prior or subsequent time.

    f.    This Agreement may be executed in counterparts, each of which shall be deemed to be an original, but which together shall constitute one and the same instrument. The section headings contained in this Agreement are inserted for convenience of reference only and shall not affect the meaning or interpretation of this Agreement.

    g.    This Agreement shall be governed by and construed in accordance with the laws of the State where the services are performed.

    h.    Neither party shall be liable for any loss or damage of any nature whatsoever incurred or suffered as a result of any failure or delays in the performance of such party's obligations under this Agreement due to any cause or circumstance beyond such party's control such as fire, flood, acts of God, strikes, lockouts or labor disputes.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the date first written above.

By _____
Signature

Printed Name  *Wiet Radmor*

Title  *Regional Alliances Manager*

By _____
Signature

Printed Name  S  PEKALA

Title  DIRECTOR - HR

## EXHIBIT A
## WORK SCHEDULE

This Work Schedule is issued pursuant to the Amtex Systems Client Services Agreement dated as of Oct 9th 2000  by and between MARCHFIRST and Amtex System.

DESCRIPTION OF WORK:  INTERNET CONSULTING.

AMTEX SYSTEMS CONSULTING PERSONNEL:

| Name | Rate |
|------|------|
| Kavita Mehta | $105 |

CLIENT PROJECT MANAGER & PHONE NUMBERS:

TRAVEL AND OTHER EXPENSES: AT COST

Signature

Print _Vict Redimer_

Title _Resmar Alliances Manager_

Signature

Print _Sunny Tokala_

Title _DIRECTOR_

## EXHIBIT A
## WORK SCHEDULE

This Work Schedule is issued pursuant to the AMTEX SYSTEMS Client Services Agreement dated as of Aug 24th 2000 by and between MARCHFIRST and AMTEX SYSTEM.

DESCRIPTION OF WORK:  INTERNET CONSULTING.

AMTEX SYSTEMS CONSULTING PERSONNEL:

| Name | Rate |
|------|------|
| Basavaraj | $100 |

3 month period.
UNL

CLIENT PROJECT MANAGER & PHONE NUMBER:
TRAVEL AND OTHER EXPENSES: AT COST

CONVERSION FEE:  If Client, or any of its divisions, parents, subsidiaries, affiliates or successors-assignees, employs, or otherwise directly or indirectly use the services of, any person assigned to perform services for Client pursuant to this Agreement, on a full-time, part-time or temporary basis, within a one-year-period following the completion or other termination of such person's assignment, Client shall compensate AMTEX SYSTEMS at the following rate:

Thirty percent (30%) of such person's initial annual salary plus any bonus to be paid such person.  Payments made or due to AMTEX SYSTEMS for services performed prior to the employee becoming so employed by Client, or its divisions, parents, subsidiaries, affiliates or successors, will not be applied to this fee.  Client agrees to provide AMTEX SYSTEMS with 30 days written notice of any such hire.

Signature

Print   Wiet Radimel

Title   Regional Alliances Mgr.

Signature

Print   SUNNY POKALA

Title   DIRECTOR -HR

M:\marchFIRST\Preferences\Amtex Systems\AJM Affidavit for Amtex.doc

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| marchFIRST INC., et al., | ) | Case No. 01 B 24742 |
| | ) | (Substantively Consolidated) |
| Debtors. | ) | |
| | ) | Hon. John D. Schwartz |
| _____ | ) | |
| | ) | |
| ANDREW J. MAXWELL, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 03 A 00273 |
| | ) | |
| AMTEX SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT OF ANDREW J. MAXWELL TRUSTEE

Andrew J. Maxwell, Trustee and not individually, being first duly sworn on oath, states the following as his affidavit:

1.      I am over 18 years of age, have personal knowledge of the matters set forth herein, and would be competent to testify in a court of law if called upon to do so.

2.      I am the duly appointed Chapter 7 Trustee serving in the bankruptcy cases of marchFIRST, Inc., et al., Debtors in the above-captioned bankruptcy cases pending in the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division.

3.      On April 12, 2001 (the "Petition Date"), marchFIRST, Inc. and its subsidiaries and affiliates (collectively referred to as the "Debtor") commenced their bankruptcy cases in the United States Bankruptcy Court for the District of Delaware (the "Delaware Court") by voluntarily filing petitions for relief under Chapter 11 of Title 11 U.S.C. (the "Bankruptcy Code").

4.      The Debtor moved to convert its cases to cases under Chapter 7, and on or about April 26, 2001, the Debtor's cases were converted to Chapter 7 cases pursuant to §1112 of the Bankruptcy Code.

5.      By order dated July 10, 2001, the Delaware Court transferred the Debtor's cases to the United States Bankruptcy Court for the Northern District of Illinois.

6.      Based on my personal knowledge of the administrative, priority, and unsecured

claims on file in the Debtor's bankruptcy case as of the date of this affidavit, and based on my knowledge of the dollar value of the assets of the estate that have been administered to date and that remain to be administered, I do not anticipate or reasonably expect to be able to make a 100% distribution to creditors having filed pre-petition general unsecured claims in this case.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
Andrew J. Maxwell, Trustee

Subscribed and sworn to
before me this _17_ day
of August, 2007.

_____
Notary Public

OFFICIAL SEAL
DALE W GLICKMAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/27/09

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED FEB 2 3 2004

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| marchFIRST, INC., et al., | ) | Case No. 01 B 24742 |
| | ) | |
| Debtor. | ) | Honorable John D. Schwartz |
| | ) | |
| ANDREW J. MAXWELL, Trustee | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 03 A 00273 |
| v. | ) | |
| | ) | |
| Amtex Systems Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

To:     Steven S. Potts and Zane L. Zielinski, Law Offices of Andrew J. Maxwell, 105 W. Adams Street,
Suite 3200, Chicago, IL  60603

The undersigned, being first duly sworn on oath, deposes and states that she personally served the above and foregoing **Answers Of Defendant, Amtex Systems Inc., To Trustee's First Request for Admissions to Defendant Amtex Systems, Inc.,** upon Steven S. Potts and Zane L. Zielinski, Law Offices of Andrew J. Maxwell, 105 W. Adams Street, Suite 3200, Chicago, IL  60603, by hand delivery of a true copy thereof, on the 23rd day of February, 2004, before the hour of 5:00 p.m. from 53 West Jackson Blvd., Chicago, Illinois.

Pursuant to Local Bankruptcy Rule, the original of the **Answers Of Defendant, Amtex Systems Inc., To Trustee's First Request for Admissions to Defendant Amtex Systems, Inc.** shall be retained in the files of Defendant's counsel and not filed with the Clerk of the U.S. Bankruptcy Court.

_Karen Miller_

SUBSCRIBED AND SWORN to before
me this 23rd day of February, 2004.

_Debra J Kaput_
NOTARY PUBLIC

OFFICIAL SEAL
DEBRA J KAPUT
Notary Public, State of Illinois
Commission Exp. 07/12/2004

Joel A. Schechter
Attorney No. 03122099
LAW OFFICES OF JOEL A. SCHECHTER
53 West Jackson Boulevard, Suite 1025
Chicago, Illinois 60604; (312) 332-0267

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| marchFIRST, INC., et al., | ) | Case No. 01 B 24742 |
| | ) | |
| Debtor. | ) | Honorable John D. Schwartz |
| | ) | |
| | ) | |
| ANDREW J. MAXWELL, Trustee | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 03 A 00273 |
| v. | ) | |
| | ) | |
| Amtex Systems Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWERS OF DEFENDANT, AMTEX SYSTEMS, INC. TO TRUSTEE'S**
**FIRST REQUEST FOR ADMISSIONS TO DEFENDANT AMTEX SYSTEMS INC.**

NOW COMES the Defendant, Amtex Systems Inc., (hereinafter referred to as Defendant), by and through

its attorney, Joel A. Schechter of the Law Offices of Joel A. Schechter, and as and for its answers to Trustee's

First Request for Admissions to Defendant Amtex Systems Inc., states as follows:

1.    Preference Payment 163300 was not intended by Debtor and Defendant to be a

contemporaneous exchange for new value given to Debtor.

**ANSWER:**

Admits.

2.    Preference Payment 163300 was not a substantially contemporaneous exchange for new

value given to Debtor.

**ANSWER:**

Admits.

3.    Preference Payment 163300 was not made within the time required by the applicable

payment terms agreed by and between Debtor and Defendant.

**ANSWER:**

Denies.  The payment terms agreed by and between the Debtor and the Defendant were that the invoices for services performed would be generated on a bi-weekly basis and that payment would be made "after 30 days".

4.    Preference Payment 163300 was not a payment for a debt incurred by Debtor in the ordinary course of business or financial affairs of Debtor and Defendant.

**ANSWER:**

Denies.  The payment terms agreed by and between the Debtor and the Defendant were that the invoices for services performed would be generated on a bi-weekly basis and that payment would be made "after 30 days".

5.    Preference Payment 1623300 was not made in the ordinary course of business or financial affairs of Debtor and Defendant.

**ANSWER:**

Denies.  The payment terms agreed by and between the Debtor and the Defendant were that the invoices for services performed would be generated on a bi-weekly basis and that payment would be made "after 30 days".

6.    Preference Payment 163300 was not made according to business terms that are ordinary within Defendant's industry as a whole.

**ANSWER:**

Denies.  The payment was made according to ordinary business terms within the industry as a whole.

7.    Defendant did not give subsequent new value, which remained unpaid as of the Petition Date, to or for the benefit of Debtor after the receipt of Preference Payment 163300.

**ANSWER:**

    Admits.

    8.    Preference Payment 163763 was not intended by Debtor and Defendant to be a contemporaneous exchange for new value given to Debtor.

**ANSWER:**

    Admits.

    9.    Preference Payment 163763 was not a substantially contemporaneous exchange for new value given to Debtor.

**ANSWER:**

    Admits.

    10.    Preference Payment 163763 was not made within the time required by the applicable payment terms agreed by and between Debtor and Defendant.

**ANSWER:**

    Denies. The payment terms agreed by and between the Debtor and the Defendant were that the invoices for services performed would be generated on a bi-weekly basis and that payment would be made "after 30 days".

    11.    Preference Payment 163763 was not a payment for a debt incurred by Debtor in the ordinary course of business or financial affairs of Debtor and Defendant.

**ANSWER:**

    Denies. The payment terms agreed by and between the Debtor and the Defendant were that the invoices for services performed would be generated on a bi-weekly basis and that payment would be made "after 30 days".

    12.    Preference Payment 163763 was not made in the ordinary course of business or financial affairs of Debtor and Defendant.

**ANSWER:**

Denies. The payment terms agreed by and between the Debtor and the Defendant were that the invoices for services performed would be generated on a bi-weekly basis and that payment would be made "after 30 days".

13.    Preference Payment 163763 was not made according to business terms that are ordinary within Defendant's industry as a whole.

**ANSWER:**

Denies. The payment was made according to ordinary business terms within the industry as a whole.

14.    Defendant did not give subsequent new value, which remained unpaid as of the Petition Date, to or for the benefit of Debtor after the receipt of Preference Payment 163763.

**ANSWER:**

Admits.

15.    Preference Payment 164447 was not intended by Debtor and Defendant to be a contemporaneous exchange for new value given to Debtor.

**ANSWER:**

Admits.

16.    Preference Payment 164447 was not a substantially contemporaneous exchange for new value given to Debtor.

**ANSWER:**

Admits.

17.    Preference Payment 164447 was not made within the time required by the applicable payment terms agreed by and between Debtor and Defendant.

**ANSWER:**

Denies.  The payment terms agreed by and between the Debtor and the Defendant were that the invoices for services performed would be generated on a bi-weekly basis and that payment would be made "after 30 days".

18.     Preference Payment 164447 was not a payment for a debt incurred by Debtor in the ordinary course of business or financial affairs of Debtor and Defendant.

**ANSWER:**

Denies.  The payment terms agreed by and between the Debtor and the Defendant were that the invoices for services performed would be generated on a bi-weekly basis and that payment would be made "after 30 days".

19.     Preference Payment 164447 was not made in the ordinary course of business or financial affairs of Debtor and Defendant.

**ANSWER:**

Denies.  The payment terms agreed by and between the Debtor and the Defendant were that the invoices for services performed would be generated on a bi-weekly basis and that payment would be made "after 30 days".

20.     Preference Payment 164447 was not made according to business terms that are ordinary within Defendant's industry as a whole.

**ANSWER:**

Denies.  The payment was made according to ordinary business terms within the industry as a whole.

21.     Defendant did not give subsequent new value, which remained unpaid as of the Petition Date, to or for the benefit of Debtor after the receipt of Preference Payment 164447.

**ANSWER:**

Admits.

22.    Preference Payment 164748 was not intended by Debtor and Defendant to be a contemporaneous exchange for new value given to Debtor.

**ANSWER:**

Admits.

23.    Preference Payment 164748 was not a substantially contemporaneous exchange for new value given to Debtor.

**ANSWER:**

Admits.

24.    Preference Payment 164748 was not made within the time required by the applicable payment terms agreed by and between Debtor and Defendant.

**ANSWER:**

Denies.  The payment terms agreed by and between the Debtor and the Defendant were that the invoices for services performed would be generated on a bi-weekly basis and that payment would be made "after 30 days".

25.    Preference Payment 164748 was not a payment for a debt incurred by Debtor in the ordinary course of business or financial affairs of Debtor and Defendant.

**ANSWER:**

Denies.  The payment terms agreed by and between the Debtor and the Defendant were that the invoices for services performed would be generated on a bi-weekly basis and that payment would be made "after 30 days".

26.    Preference Payment 164748 was not made in the ordinary course of business or financial affairs of Debtor and Defendant.

**ANSWER:**

Denies. The payment terms agreed by and between the Debtor and the Defendant were that the invoices for services performed would be generated on a bi-weekly basis and that payment would be made "after 30 days".

27.    Preference Payment 164748 was not made according to business terms that are ordinary within Defendant's industry as a whole.

**ANSWER:**

Denies. The payment was made according to ordinary business terms within the industry as a whole.

28.    Defendant did not give subsequent new value, which remain unpaid as of the Petition Date, to or for the benefit of Debtor after the receipt of Preference Payment 164748.

**ANSWER:**

Admits.

Respectfully submitted,

AMTEX SYSTEMS INC., Defendant

By: _____
                    Its attorney

Joel A. Schechter
Attorney No. 03122099
Law Offices of Joel A. Schechter
53 W. Jackson Boulevard, Suite 1025
Chicago, Illinois 60604
(312) 332-0267

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| marchFIRST INC., et al., | ) | Case No. 01 B 24742 |
| | ) | (Substantively Consolidated) |
| Debtors. | ) | |
| | ) | Hon. John D. Schwartz |
| _____ | ) | |
| | ) | |
| ANDREW J. MAXWELL, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 03 A 00273 |
| | ) | |
| AMTEX SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION
## FOR SUMMARY JUDGMENT

Andrew J. Maxwell, Trustee, pursuant to Local Bankruptcy Rule 7056-1, states the following as his memorandum in support of his motion for summary judgment:

### DESCRIPTION OF THE PARTIES

The Plaintiff, Andrew J. Maxwell, is the duly appointed Trustee in the underlying bankruptcy case, In re: marchFIRST, Inc., et al.

The Defendant, Amtex Systems, Inc. ("Amtex") is a New Jersey corporation engaged in the business of providing end-to-end software solutions.

### JURISDICTION AND VENUE

This Court has jurisdiction over this adversary proceeding pursuant to Title 28 U.S.C. §1334, and Fed.R.Bankr.P. 7001 et seq. This is a core proceeding pursuant to Title 28 U.S.C.

§§157(b)(2), (A), (F) and (O) in which this Court is empowered to enter final judgment. Venue is proper in this District pursuant to Title 28 U.S.C. §1409(a).

## SUMMARY JUDGMENT STANDARDS

The legal standards applicable to motions for summary judgment were succinctly set forth in *In re Brown*, 168 B.R. 331, 334 (Bankr.N.D.Ill. 1994) (Ginsberg, J.), as follows:

> Under Fed.R.Civ.P. 56(c), made applicable to adversary proceedings by Fed.R.Bankr.P. 7056, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed. 2d 265 (1986). On a summary judgment motion, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). There is no genuine issue for trial if the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

See also: In re Superior Toy & Manufacturing Co., Inc., 183 B.R. 826, 831-32 (Bankr.N.D.Ill. 1995) (Schwartz, C.J.).

## LEGAL ARGUMENT

### I.

### THE TRANSFERS TO AMTEX CONSTITUTE AVOIDABLE PREFERENCES UNDER §547(b) OF THE BANKRUPTCY CODE

The statute primarily at issue in this proceeding is §547(b) of the Bankruptcy Code. At all pertinent times, the relevant portions of that section have provided as follows:

> (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property--

> (1) to or for the benefit of a creditor;

> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made--

    (A) on or within 90 days before the date of the filing of the petition; or

                        * * *

(5) that enables such creditor to receive more than such creditor would receive if--

    (A) the case were a case under chapter 7 of this title;

    (B) the transfer had not been made; and

    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Each of the elements of §547(b) will be addressed in turn.

First, the invoices issued by Amtex to the Debtor make clear that Amtex was a creditor of the Debtor as of the dates of the Transfers within the meaning of §101(10) of the Bankruptcy Code. Amtex was a creditor of the Debtor at the time of the Transfers and the first element under §547(b) is clearly established.

Second, the debts evidenced by Amtex's invoices dated October 23, 2000, October 31, 2000, October 26, 2000, November 2, 2000, and November 14, 2000, clearly establish that the Transfers were on account of antecedent debts. The second element of §547(b) is thus clearly established.

Third, the Debtor is presumed to have been insolvent at the time of the Transfers pursuant to §547(f) of the Bankruptcy Code, and Amtex has offered no evidence to suggest otherwise. The third element under §547(b) is therefore established.

Fourth, because the Transfers were made between January 29, 2001 and March 20, 2001, and the Debtor filed its petition on April 12, 2001, the Transfers were each made within 90 days of the Petition Date, and the fourth element of §547(b) is established.

Fifth, Amtex received substantially more than it would have received had the Debtor been in chapter 7 at the time of the Transfers, had the Transfers not been made, and had Amtex received payment of its claim pursuant to the provisions of Chapter 7. This is true for several reasons, discussed below.

Nothing in the record suggests Amtex held anything other than a garden-variety contract claim against the Debtor for the debts on account of which the Transfers were made. Thus, had Amtex not received the Transfers, and had the Debtor been a debtor under Title 11 U.S.C. at the time, Amtex would have held merely a non-priority pre-petition unsecured claim for same. In this case, because Amtex received the Transfers, Amtex received full payment of these claims. The only way Amtex could argue it received no more than it would have received is if this estate produces a 100% dividend to pre-petition unsecured creditors. That will not happen for two reasons: a) because the Debtor is presumed to have been insolvent at the time of the Transfers by definition unsecured creditors of the Debtor at the time of the Transfers would not have received full payment on account of their claims; and b) based on all the information presently known, it cannot reasonably expected that pre-petition general unsecured creditors will receive full payment on account of their claims in the Debtor's case.

Given all the foregoing, there is no doubt all of the elements of §547(b) of the Bankruptcy Code are satisfied with respect to the Transfers, and that the Transfers constitute avoidable preferential transfers within the meaning of §547(b) of the Bankruptcy Code.

## II.

## AMTEX'S AFFIRMATIVE DEFENSES ARE UNAVAILING

In Amtex's Answer to the Trustee's Complaint, Amtex asserted the following affirmative defenses:

a) the Transfers were intended to be and were in fact contemporaneous exchanges

for new value under §547(c)(1) of the Bankruptcy Code;

b) the Transfers were made in the ordinary course of business under §547(c)(2)

of the Bankruptcy Code; and

c) after the Transfers, Amtex gave new value to the Debtor for which it never

received payment under §547(c)(4) of the Bankruptcy Code;

None of these defenses have any merit.

As set forth in the foregoing Statement of Uncontested Facts, Amtex has, since filing its

Answer, admitted outright in its discovery responses that its asserted contemporaneous exchange

and new value defenses lack any merit. More importantly, Amtex has not adduced any facts or

law to even remotely suggest that it has any valid defense to this action, with the sole exception

of its asserted ordinary course of business defense under §547(c)(2) of the Bankruptcy Code.

With respect to Amtex's ordinary course of business defense, the following facts are

uncontested:

a) the Transfers were each made not less than 99 days after invoice date, which was well

beyond the contractually agreed term that invoices would be paid 30 days after invoice date; and

b) Amtex has failed to produce any evidence whatsoever the Transfers were made within

terms that could be considered typical in Amtex's industry, to wit:

While Amtex's original contract with the Debtor, dated October 5, 2000, stated payments

were due after 30 days of invoice date, all of the invoices issued by Amtex clearly had due dates

which were the same as the invoice dates; thus the original contract terms were arguably

superseded and the invoices were due upon receipt. In any event, the Transfers were made at

least 99 days from the date of the invoices issued by Amtex and were outside of the agreed upon

payment terms. Hence, there is no genuine issue of material fact that the Transfers were not in the ordinary course of Amtex's business as required for Amtex to make the showing required under §547(c)(2)(B) of the Bankruptcy Code.

Further, Amtex has not adduced any facts to suggest the Transfers were within ordinary industry payment standards in Amtex's industry. Thus Amtex has failed to show the Transfers were ordinary in Amtex's industry as required under §547(c)(2)(C) of the Bankruptcy Code. See, *e.g.*, Matter of Tolona Pizza Products Corp., 3 F.3d 1029 (7th Cir. 1993); and In re Midway Airlines, 69, F.3d 792, 799 (7th Cir. 1995). The facts of this case present a quintessential preference, and any ordinary course of business defense asserted by Amtex should be summarily dismissed.

## CONCLUSION

Based on the foregoing motion, statement of facts, exhibits, and memorandum, the record is clear there is no genuine dispute as to any material fact and that the Trustee is entitled to judgment as a matter of law. The Trustee therefore requests summary judgment be entered in his favor and against Amtex for the sum of $30,560.00, plus costs, plus interest accruing after the date of filing of this adversary complaint on February 3, 2003.

**WHEREFORE,** Andrew J. Maxwell, Trustee, prays this Court to enter summary judgment in his favor and against Amtex Systems, Inc., and to grant such other and further relief as this Court deems just and fair.

                             Respectfully submitted,
                             ANDREW J. MAXWELL, Trustee

                             By:/s/ Vikram R. Barad
                               One of his attorneys

Steven S. Potts (ARDC No. 6200073)
Vikram R. Barad (ARDC No. 6277076)
Maxwell & Potts, LLC
105 West Adams Street, Suite 3200
Chicago, Illinois 60603
312/368-1138

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| marchFIRST, INC., et al., | ) | Case No. 01 B 24742 |
| | ) | (Jointly Administered) |
| Debtor. | ) | |
| | ) | |
| _____ | ) | Honorable John D. Schwartz |
| | ) | |
| Andrew J. Maxwell, Trustee, | ) | Adv. Pro. No. 03 A 00273 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Amtex Systems, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF MOTION

To:   Andrew J. Maxwell, Esq., Trustee, Steven S. Potts, Vikram R. Barad, Maxwell & Potts, LLC, 105 West Adams Street, Suite 3200, Chicago, Illinois 60603; **via facsimile no. (312) 368-1080**

**PLEASE TAKE NOTICE** that on the 4th day of October, 2007, at 10:30 a.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable John D. Schwartz in Courtroom 719, in the United States Courthouse, 219 S. Dearborn, Chicago, Illinois, or before any other Bankruptcy Judge who may be presiding in said Judge's place and stead, and shall then and there move the Court for the entry of an order in accordance with the attached motion, at which time you may appear if you so desire.

                                    /s/ Joel A. Schechter

## CERTIFICATE OF MAILING

The undersigned being first duly sworn on oath deposes and says that she personally served the above and foregoing notice and attached motion on the above parties via facsimile transmission on the 1st day of October, 2007, before the hour of 4:00 p.m. from 53 W. Jackson Blvd., Chicago, Illinois 60604.

                                    /s/ Wanda Anderson

Joel A. Schechter, Attorney No. 03122099
Law Offices of Joel A. Schechter
53 W. Jackson Blvd., Suite 1025
Chicago, IL 60604; (312) 332-0267

TRANSMISSION VERIFICATION REPORT

```
TIME  : 10/01/2007 14:09
NAME  : JOEL A. SCHECHTER
FAX   : 3129394714
TEL   : 3123320267
SER.# : BROL2J847857
```

```
DATE,TIME        10/01  14:08
FAX NO./NAME     13123681080
DURATION         00:00:57
PAGE(S)          05
RESULT           OK
MODE             S.FINE
                 ECM
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| marchFIRST, INC., et al., | ) | Case No. 01 B 24742 |
| | ) | (Jointly Administered) |
| Debtor. | ) | |
| | ) | |
| | ) | Honorable John D. Schwartz |
| | ) | |
| | ) | |
| Andrew J. Maxwell, Trustee, | ) | |
| | ) | Adv. Pro. No. 03 A 00273 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Amtex Systems, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION OF DEFENDANT, AMTEX SYSTEMS, INC., FOR EXTENSION OF TIME TO FILE RESPONSE TO TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

NOW COMES the Defendant, AMTEX SYSTEMS, INC. (hereinafter referred to as "Defendant"), by and through its attorney, Joel A. Schechter of the Law Offices of Joel A. Schechter, and moves the Court for the entry of an order extending the time within which Defendant has to file its response to the motion for summary judgment filed by Plaintiff, Andrew J. Maxwell, Trustee (hereinafter referred to as "Plaintiff"), and in support thereof states as follows:

1.   That on February 3, 2003, Plaintiff filed his adversary complaint seeking to recover alleged preferential transfers.

2.   That on or about October 23, 2003, Defendant filed its answer and affirmative defenses.

3.   That on August 30, 2007, Plaintiff presented its motion for summary judgment

and the Court set a briefing schedule whereby Defendant was to file its response on or before October 1, 2007; Plaintiff is to file his reply on or before October 15, 2007 and the Court has set the matter for either status or ruling on November 15, 2007.

4.    That counsel for Defendant has not completed the response and requests a short extension to and including October 8, 2007 within which to file the responsive pleading.

5.    That Defendant does not believe that any prejudice will exist to Plaintiff if the Court grants the extension.

6.    That Defendant believes that the time for Plaintiff to file his reply should be extended to and including October 22, 2007 to accommodate the one week extension being sought herein for Defendant's response.

WHEREFORE, the Defendant, AMTEX SYSTEMS, INC., prays the Honorable Court enter an order extending the time within which Defendant has to file its response to Plaintiff's motion for summary judgment to and including October 8, 2007 and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

AMTEX SYSTEMS, INC., Defendant


By:   /s/ Joel A. Schechter
            Its Attorney


Joel A. Schechter; Attorney No. 03122099
Law Offices of Joel A. Schechter
53 W. Jackson Blvd., Suite 1025
Chicago, IL  60604
Telephone: (312) 332-0267

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| marchFIRST, INC., et al., | ) | Case No. 01 B 24742 |
| | ) | (Jointly Administered) |
| Debtor. | ) | |
| | ) | |
| | ) | Honorable John D. Schwartz |
| | ) | |
| Andrew J. Maxwell, Trustee, | ) | |
| | ) | Adv. Pro. No. 03 A 00273 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Amtex Systems, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AMENDING BRIEFING SCHEDULE

At Chicago, Illinois, this 4th day of October, 2007, before the Honorable John D. Schwartz, Bankruptcy Judge, in the said District and Division.

This matter coming on for hearing on the motion of the Defendant, Amtex Systems, Inc. to extend the time within which to file its response to Plaintiff's motion for summary judgment; due notice having been served upon all parties in interest; the Court having jurisdiction and being fully advised in the premises.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. That Defendant's motion be, and hereby is, granted.

2. That the time within which Defendant has to file its response to Plaintiff's motion for summary judgment be, and hereby is, extended to and including October 9, 2007.

*10*

3.     That the time within which Plaintiff has to file his reply to Defendant's response

to Plaintiff's motion for summary judgment be, and hereby is, extended to and including October

22, 2007.

ENTER:

**ENTERED**

OCT - 4 2007

JOHN D. SCHWARTZ, BANKRUPTCY JUDGE
UNITED STATES BANKRUPTCY COURT

_____
Bankruptcy Judge

Joel A. Schechter
Attorney Number 03122099
LAW OFFICES OF JOEL A. SCHECHTER
53 West Jackson Boulevard - Suite 1025
Chicago, Illinois 60604; 312/332-0267

OCT-10-2007  13:33                                                          P.01/01

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| marchFIRST. INC., et al., | ) | |
| | ) | Case No. 01 B 24742 |
| Debtor. | ) | (Jointly Administered) |
| | ) | |
| | ) | Honorable John D. Schwartz |
| | ) | |
| Andrew J. Maxwell, Trustee. | ) | |
| | ) | Adv. Pro. No. 03 A 00273 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Amtex Systems, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATION AND ORDER AMENDING BRIEFING SCHEDULE

It is hereby stipulated by and between the Plaintiff, Andrew J. Maxwell, Trustee

and the Defendant, Amtex Systems. Inc., through respective counsel, that the time for Defendant

to file its response to Plaintiff's motion for summary judgment is extended to and including

October 12, 2007, and the time for Plaintiff to file his reply to Defendant's response is extended

to and including October 26, 2007.

_____                    _____
Attorney for Plaintiff                       Attorney for Defendant

                                             So Ordered:

                                             _____
                                             Bankruptcy Judge

                                             OCT 10 2007

Joel A. Schechter
Attorney Number 03122099
LAW OFFICES OF JOEL A. SCHECHTER
53 West Jackson Boulevard - Suite 1025
Chicago. Illinois 60604; 312/332-0267

                                                                    TOTAL P.01

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| marchFIRST, INC., et al., | ) | Case No. 01 B 24742 |
| | ) | |
| Debtor. | ) | Honorable John D. Schwartz |
| ——————————————— | ) | |
| | ) | |
| ANDREW J. MAXWELL, Trustee | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 03 A 00273 |
| v. | ) | |
| | ) | |
| Amtex Systems Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## RESPONSE OF DEFENDANT, AMTEX SYSTEMS, INC., TO TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

NOW COMES the Defendant, Amtex Systems Inc., (hereinafter referred to as Defendant), by and through its attorney, Joel A. Schechter of the Law Offices of Joel A. Schechter, and as and for its response to the motion of the Plaintiff, Andrew J. Maxwell, Trustee (hereinafter referred to as Trustee) for summary judgment, states as follows:

1.    Trustee commenced this adversary proceeding by filing his adversary complaint ("Complaint") to avoid preferential transfers on February 3, 2003. In his Complaint, Trustee seeks, *inter alia*, to avoid four transfers by the Debtor to Amtex Systems, Inc. ("Amtex") in the total sum of $30,560.00, as avoidable preferential transfers within the meaning of §547(b) of the Bankruptcy Code.

**Response:**

Defendant admits the allegations contained in paragraph 1 with the exception that the transfers sought to be avoided are not preferential.

2.    Amtex filed its answer ("Answer") to the Complaint on or about October 23, 2003.

**Response:**

Defendant admits the allegation contained in paragraph 2.

3.    This Court has jurisdiction over this proceeding pursuant to Title 28 U.S.C. §§ 157 and 1334, and Fed.R.Bankr.P.7001, et seq.  This is a core proceeding pursuant to Title 28 U.S.C. § 157(b)(2)(A), (F), and/or (O).  Venue is proper in this Court pursuant to Title 28 U.S.C. §§ 1408 and 1409.

**Response:**

Defendant admits the allegations contained in paragraph 3.

4.    This motion seeks summary judgment with respect to all of the transfers and all other matters at issue in this proceeding.

**Response:**

Defendant admits the allegations contained in paragraph 4.

5.    To summarize, the payments constitute avoidable preferential transfers under §547(b) of the Bankruptcy Code, and Amtex's asserted affirmative defenses are unavailing.

**Response:**

Defendant denies the allegations contained in paragraph 5.

2

6.    For the reasons set forth in the accompanying statement of uncontested facts and memorandum, it is clear no material issues of fact are in genuine dispute and the Trustee is entitled to judgment as a matter of law.  Because there are no issues of fact in genuine dispute and the Trustee is entitled to judgment as a matter of law, this motion should be granted and summary judgment should be entered in favor of the Trustee and against Amtex for the sum of $30,560.00, plus costs and interest following the date of the Trustee's filing of this adversary complaint.

**Response:**

Defendant denies the allegations contained in paragraph 6.

WHEREFORE, the Defendant, Amtex Systems, Inc. prays the Honorable Court enter an order denying Trustee's motion for summary judgment and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

AMTEX SYSTEMS, INC.

By:   /s/ Joel A. Schechter
Its Attorney

Joel A. Schechter
Attorney No. 03122099
LAW OFFICES OF JOEL A. SCHECHTER
53 West Jackson Boulevard, Suite 1025
Chicago, Illinois 60604; (312) 332-0267

3

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| marchFIRST, INC., et al., | ) | Case No. 01 B 24742 |
| | ) | |
| Debtor. | ) | Honorable John D. Schwartz |
| | ) | |
| | ) | |
| ANDREW J. MAXWELL, Trustee | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 03 A 00273 |
| v. | ) | |
| | ) | |
| Amtex Systems Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## RESPONSE OF DEFENDANT, AMTEX SYSTEMS, INC., TO TRUSTEE'S STATEMENT OF UNCONTESTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

NOW COMES the Defendant, Amtex Systems Inc., (hereinafter referred to as Defendant), by and through its attorney, Joel A. Schechter of the Law Offices of Joel A. Schechter, and pursuant to Local Bankruptcy Rule 7056-2, hereby submits its response to the Trustee's Statement of Uncontested Facts as follows:

1.      On April 12, 2001 (the "Petition Date"), marchFIRST, Inc. and its subsidiaries and affiliates (collectively referred to as the "Debtor") commenced their bankruptcy cases in the United States Bankruptcy Court for the District of Delaware (the "Delaware Court") by voluntarily filing petitions for relief under Chapter 11 of Title 11 U.S.C. (The "Bankruptcy Code"). Defendant Amtex Systems, Inc. ("Amtex") admitted this fact in its Answer to Trustee's Complaint (the "Answer") at Paragraph 1, a true and correct copy of which is attached hereto as Exhibit 1.

**Response:**

Defendant stipulates to the facts contained in paragraph 1.

2.     The Debtor moved to convert its cases to cases under Chapter 7, and on or about April 26, 2001, the Debtor's cases were converted to Chapter 7 cases pursuant to §1112 of the Bankruptcy Code.  Amtex admitted this fact in its Answer at Paragraph 2 (Exhibit 1).

**Response:**

Defendant stipulates to the facts contained in paragraph 2.

3.     By order dated July 10, 2001, the Delaware Court transferred the Debtor's cases to the United States Bankruptcy Court for the Northern District of Illinois.  Amtex admitted this fact in its Answer at Paragraph 3 (Exhibit 1).

**Response:**

Defendant stipulates to the facts contained in paragraph 3.

4.     Trustee filed his adversary complaint (the "Complaint") in this proceeding on February 3, 2003, a true and correct copy of which is attached hereto as Exhibit 2.

**Response:**

Defendant stipulates to the facts contained in paragraph 4.

5.     On or about July 16, 2001, Andrew J. Maxwell ("Trustee") was appointed to serve and continues to serve as successor Chapter 7 trustee of the estates of the Debtor.  Amtex admitted this fact in its Answer at Paragraph 4 (Exhibit 1).

**Response:**

Defendant stipulates to the facts contained in paragraph 5.

2

6.     This Court has jurisdiction over this adversary proceeding pursuant to Title 28 U.S.C. §1334, and Fed.R.Bankr.P. 7001 et seq. Amtex admitted this fact in its Answer at Paragraph 5 (Exhibit 1).

**Response:**

Defendant stipulates to the facts contained in paragraph 6.

7.     This is a core proceeding pursuant to Title 28 U.S.C. §§157(b)(2), (A), (F) and (O) in which this Court is empowered to enter final judgment. Amtex admitted this fact in its Answer at Paragraph 6 (Exhibit 1).

**Response:**

Defendant stipulates to the facts contained in paragraph 7.

8.     Venue is proper in this District pursuant to Title 28 U.S.C. §1409(a). Amtex admitted this fact in its Answer at Paragraph 7 (Exhibit 1).

**Response:**

Defendant stipulates to the facts contained in paragraph 8.

9.     Amtex Systems, Inc. ("Amtex") is a New Jersey corporation engaged in the business of providing end-to-end software solutions for businesses with its principal place of businesses located at 50 Broad Street, Ste. 801, New York City, New York. In support thereof, see the printout from the New York Department of Corporations Division of Corporations website indicating Amtex is a New Jersey Corporation, a copy of which is attached hereto as Exhibit 3. The profile of Amtex as displayed on Amtex's website is also attached hereto as Exhibit 4.

**Response:**

Defendant stipulates to the facts contained in paragraph 9.

10.    During the 90 days preceding the Petition Date, the Debtor made four transfers to Amtex, totaling $30,560.00 (the "Transfers"). The Transfers were made via Debtor check nos. 163300, 163763, 164447, and 164748. Amtex admitted receiving all four transfers in its Answer at Paragraph 8 (Exhibit 1). In further support, front and back copies of Debtor check nos. 163300, 163763, 164447, and 164748 are attached hereto as Exhibit 5.

**Response:**

Defendant stipulates to the facts contained in paragraph 10.

11.    The Transfers were made to or for the benefit of Amtex. Amtex admitted the Transfers were payments made by the Debtor to Amtex in its Answer at Paragraph 9 (Exhibit 1).

**Response:**

Defendant stipulates to the facts contained in paragraph 11.

12.    The Transfers were made to pay eight invoices issued by Defendant to the Debtor between October 2000 and November 2000. True and correct copies of said invoices are attached hereto and are made a part hereof as Exhibit 6. In further support, see the account summary statement, obtained from Amtex, indicating the application of the Transfers to specific Amtex invoices, attached hereto as Exhibit 7.

**Response:**

Defendant stipulates to the facts contained in paragraph 12.

13.    The Transfers were made for or on account of antecedent debt or debts owed by

4

the Debtor to Defendant before the Transfers were made. This is evidenced by the invoices

issued by Amtex for services rendered to the Debtor by Amtex (Exhibits 6 and 7).

**Response:**

Defendant stipulates to the facts contained in paragraph 13.

14.    By operation of §547(f) of the Bankruptcy Code, the Debtor is presumed to have

been insolvent during the 90 days preceding the Petition Date.

**Response:**

Paragraph 14 is a conclusion of law and not a statement of fact to which a response is

necessary.

15.    Under an agreement between Amtex and the Debtor, dated October 5, 2000,

payment of Amtex's invoices was due after thirty days of Debtor's receipt thereof.  In support

hereof, see Paragraph 2 to the agreement between Debtor and Amtex, dated October 5, 2000,

obtained from Amtex, attached hereto as Exhibit 8.

**Response:**

Defendant stipulates that the agreement states "... invoices are due after 30 days".

16.    However, Amtex's invoices clearly state when each payment was due and because

the payment due dates were the same as the invoices dates for all invoices issued by Amtex,

payments were due upon receipt (Exhibit 6).

**Response:**

Defendant does not stipulate or agree to the facts alleged in paragraph 16.  The agreement

of October 5, 2000 controls when payments are due.

5

17.    The Transfers were made not less than 99 days after the dates of Amtex's invoices, as set forth in the following chart:

| Debtor's Check No. | Check Date | Check Clear Date | Check Amount | Invoice No. | Invoice Date | Invoice Amount | Days After Invoice |
|---|---|---|---|---|---|---|---|
| 163300 | 1/25/01 | 1/30/2001 | $7,360.00 | 3179 | 10/23/2000 | $3,360.00 | 99 |
| 163300 | 1/25/01 | 1/30/2001 | $7,360.00 | 3180 | 10/23/2000 | $4,000.00 | 99 |
| 163763 | 2/1/01 | 2/06/2001 | $8,200.00 | 3189 | 10/23/2000 | $4,200.00 | 106 |
| 163763 | 2/1/01 | 2/06/2001 | $8,200.00 | 3190 | 10/23/2000 | $4,000.00 | 106 |
| 164447 | 2/8/01 | 2/13/2001 | $6,600.00 | 3269 | 10/31/2000 | $4,200.00 | 105 |
| 164447 | 2/8/01 | 2/13/2001 | $6,600.00 | 3212 | 10/26/2000 | $2,400.00 | 110 |
| 164748 | 2/14/01 | 2/23/2001 | $8,400.00 | 3233 | 11/2/2000 | $4,200.00 | 113 |
| 164748 | 2/14/01 | 2/23/2001 | $8,400.00 | 3342 | 11/14/2000 | $4,200.00 | 101 |

**Response:**

Defendant stipulates that Plaintiff has accurately portrayed the various invoices and payments, except that invoice 3179 is in the amount of $4,000 and invoice 3180 is in the amount of $3,360. Also, the Defendant disputes the number of days Debtor paid after invoice date. The Defendant claims that the transfer date is the date of the receipt of payment, not the clear date.

18.    Because the Debtor is presumed to have been insolvent at the time of the Transfers, by definition holders of non-priority general unsecured claims against the Debtor at the time of the Transfers would not have received full payment on account of their claims had the Debtor been a debtor in a Chapter 7 at that time.

**Response:**

Defendant does not stipulate or agree with the alleged facts in paragraph 18 as there may be enough assets in the estate to pay creditors in full.

19.    Based on the information presently known, pre-petition general unsecured creditors cannot reasonably be expected to receive full payment on account of their claims in the Debtor's case. In support thereof, see the Trustee's Affidavit attached hereto as Exhibit 9.

**Response:**

Defendant does not stipulate or agree to the facts alleged in paragraph 19 as the estate is still being administered by the Trustee.

20.     In its Answer filed in this proceeding (Exhibit 1 hereto), Amtex asserted the following defenses:

a)     the Transfers were intended to be and were in fact contemporaneous exchanges for new value under §547(c)(1) of the Bankruptcy Code:

b)     the Transfers were made in the ordinary course of business under §547(c)(2) of the Bankruptcy Code; and

c)     after the Transfers, Amtex gave new value to the Debtor for which it never received payment under §547( c )(4) of the Bankruptcy Code;

**Response:**

Defendant stipulates to the facts contained in paragraph 20.

21.     Since filing its answer Amtex has admitted its asserted contemporaneous exchange defense lacks any merit. See Amtex's Answers to Trustee's First Request for Admissions at Paragraphs 1, 2, 8, 9, 15, 16, 22, and 23, a true and correct copy of which is attached hereto as Exhibit 10.

**Response:**

Defendant stipulates to the facts alleged contained in paragraph 21.

22.     Since filing its answer Amtex has also admitted its asserted new value defense lacked any merit. See Amtex's Answers to Trustee's First Request for Admissions at Paragraphs 7, 14, 21, 28 (Exhibit 10).

**Response:**

Defendant stipulates to the facts alleged contained in paragraph 22.

23.    Despite the payment terms between the Debtor and Amtex, the Transfers were not made until at least 99 days after the date of Amtex's invoices.

**Response:**

While Defendant stipulates that payments were made on the invoices at least ninety-four (94) days after the invoice date, the Defendant disputes the alleged payment terms assumed by the Trustee in paragraph 23 as being the date of invoice.   The agreement of October 5, 2000 controls payment of the invoices which provides for payment "after thirty (30) days".

24.    Amtex has adduced no facts to suggest the Transfers were made according to business terms that are ordinary within Amtex's industry as a whole.

8

**Response:**

The Defendant does not agree or stipulate to the allegations in paragraph 24. The Defendant has raised in its answer and affirmative defenses that the payments were made by the Debtor in the ordinary course of business established between the parties and in the ordinary course of business in the industry. The assumption that the Trustee makes in paragraph 24 is not appropriate.

Respectfully submitted,

AMTEX SYSTEMS, INC.

By:   /s/ Joel A. Schechter
       Its Attorney

Joel A. Schechter
Attorney No. 03122099
LAW OFFICES OF JOEL A. SCHECHTER
53 West Jackson Boulevard, Suite 1025
Chicago, Illinois 60604; (312) 332-0267

9

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:              )    Chapter 7

                 )    Case No. 01 B 24742

marchFIRST, INC., et al.,     )

                 )    Honorable John D. Schwartz

      Debtor.        )

                 )

ANDREW J. MAXWELL, Trustee    )

           Plaintiff,      )    Adversary No. 03 A 00273

       v.              )

Amtex Systems Inc.,       )

      Defendant.       )

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

NOW COMES the Defendant, Amtex Systems Inc., (hereinafter referred to as Defendant), by and through its attorney, Joel A. Schechter of the Law Offices of Joel A. Schechter, and as and for its memorandum of law in support of its response to the motion of the Plaintiff, Andrew J. Maxwell, Trustee, for summary judgment, states as follows:

### INTRODUCTION

The Plaintiff, Andrew J. Maxwell, Trustee (Trustee), has filed a complaint to recover alleged preferential transfers made by the Defendant to the Debtor. The complaint was filed on February 3, 2003 and alleged that preferential transfers totaling $30,560.00 should be avoided and recovered by the Trustee for the benefit of the bankruptcy estate.

On October 23, 2003, Defendant filed its answer and affirmative defenses denying liability to the Trustee. In its answer and affirmative defenses, Defendant alleged that the payments made by the Debtor in the aforesaid amount were made accordingly to ordinary

business terms and, therefore, are not preferential transfers which can be recovered by the

Trustee.

On or about August 30, 2007, the Trustee filed his motion for summary judgment, his

statement of uncontested facts and his memorandum of law in support of the said motion.

The Defendant has filed contemporaneously herewith its response to the Trustee's motion

for summary judgment, its response to the Trustee's statement of uncontested facts and files

herewith this memorandum of law in support of the response.

## SUMMARY JUDGMENT STANDARDS

Rule 56(c) of the Federal Rules of Civil Procedure, which is made applicable to adversary

proceedings pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides as

follows:

> The judgment sought shall be rendered forthwith if the pleadings,
> depositions, answers to interrogatories, and admissions on file, together
> with the affidavits, if any, show that there is no genuine issue as to any
> material fact and that the moving party is entitled to a judgment as a matter
> of law.

The primary purpose of granting summary judgment is to avoid an unnecessary trial

where there is no genuine issue of material fact in dispute (emphasis added).  See, Trautvetter v.

Quick 916 F. 2d 1140, 1147 (7th Cir. 1990).  Accordingly, in order to grant summary judgment,

this Honorable Court must find that there is no material fact in dispute.  Defendant submits that

this Court cannot come to that conclusion.

"All reasonable inferences drawn from the underlying facts must be viewed in a light

most favorable to the party opposing the motion".  Roger Whitmore's Auto. Servs., Inc. v. Lake

County, Illinois 424 F. 3d 659, 666-67 (7th Cir. 2005).  It is submitted by the Defendant that there

-2-

is a genuine issue of material fact and that is whether the payments made by the Debtor to the Defendant were made according to ordinary business terms and any reasonable inferences to be drawn by this Court must be drawn in favor of the Defendant.

## PREFERENTIAL TRANSFERS

11 U.S.C. §547 provides for a recovery of alleged preferential transfers to the extent that the transfers were made by the debtor (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt; (3) made while the debtor was insolvent; (4) made within ninety (90) days prior to the filing of the bankruptcy petition; and (5) which enables the creditor to receive more than it would have received if the transfers had not been made and the case is a case under Chapter 7.

11 U.S.C. §547(c) provides certain defenses to a preference action. That subsection provides that a trustee may not recover a transfer (1) to the extent the transfer was (A) intended by the debtor and the creditor to be a contemporaneous exchange for new value and (B) in fact a substantially contemporaneous exchange; (2) to the extent that the transfer was made in payment of the debt incurred by the debtor in the ordinary course of business and made according to the ordinary course of business established between the parties and according to the industry standard ...; or (4) to the extent that after the transfer, the creditor gave new value to the benefit of the debtor.

In its answer, Defendant raises the ordinary course of business defense, as well as other affirmative defenses. In reviewing the payment history and in response to the Trustee's requests for admissions of fact, Defendant learned that the payments made by the Debtor to the Defendant were made at a time subsequent to the rendering of services to the Debtor. Accordingly, the

-3-

Defendant has since admitted that there was no new value given to the Debtor subsequent to the transfers and the transfers were not made contemporaneously with the services provided to the Debtor. However, it should be noted that the Defendant has a claim against the Debtor for unpaid invoices totaling $10,920.00.

In his memorandum of law in support of his motion for summary judgment, the Trustee goes to great lengths at establishing each prong of the preferential transfer statute and points out that he has satisfied each of those prongs. In addition, the Trustee alleges that none of the affirmative defenses raised by the Defendant are valid defenses to defeat the Trustee's claim. However, it is the Defendant's position that there is nothing in the Trustee's papers to suggest that there is not a genuine issue of material fact in dispute. The ordinary course of business exception to the Trustee's action has been raised by the Defendant and while the Trustee would like to brush aside that defense with great fanfare, the fact is that it is the Defendant's position that the payments made by the Debtor were made in accordance with the agreement dated October 5, 2000. In his memorandum of law, the Trustee states that "the Transfers were each made not less than 99 days after invoice date, which was well beyond the contractually agreed term that invoices would be paid 30 days after invoice date". Further, the Trustee states that "Amtex has failed to produce any evidence whatsoever the Transfers were made within terms that could be considered typical in Amtex's industry". While the Trustee would have this Court believe that the payments due the Defendant by the Debtor were due thirty (30) days after invoice date, that is not the contractual terms established by the parties nor has there been an opportunity to hear evidence of the Defendant with respect to the ordinary course of business exception. The agreement dated October 5, 2000 states very clearly that "Because Amtex System's invoices

-4-

represent payroll already paid, invoices are due after 30 days". Accordingly, it is the Defendant's position that the payments received by the Debtor were, in fact, in accordance with the agreement because the payments were made after thirty (30) days from date of invoice. The agreement does not state that the payments are due thirty (30) days after invoice date. Consequently, any reasonable inference must be drawn in favor of the Defendant with respect to the Trustee's motion for summary judgment and, accordingly, the motion must be denied.

Even the Trustee's memorandum suggests that there is a factual dispute which is contested. In his memorandum, the Trustee states that "while Amtex's original contract with the Debtor, dated October 5, 2000, stated payments were due after 30 days of invoice date, all of the invoices issued by Amtex clearly had due dates which were the same as the invoice dates; thus the original contract terms were arguably superseded and the invoices were due upon receipt". What the Trustee is attempting to do is to argue the evidence and suggest that there is no dispute. "Summary judgment is not an appropriate occasion for weighing the evidence; rather, the inquiry is limited to determining if there is a genuine issue for trial". Lohorn v. Michal 913 F. 2d 327, 331 (7th Cir. 1990).

Next, the Trustee seeks to convince the Court that summary judgment is appropriate when it alleges that Defendant has failed to produce any facts showing that the transfers were within the ordinary course of business established in Defendant's industry. Defendant has not had the opportunity to show the Court and the Trustee that the payments were made in the ordinary course of business established in the industry. We will have that opportunity at trial. It is not appropriate for the Trustee to simply say that because we have not given them any documentation or evidentiary support for our defense prior to the trial, then we are somehow

-5-

forbidden from producing such evidence at a trial and the Trustee should prevail as a matter of law. The purpose of a summary judgment motion is to determine whether a trial is necessary and whether the moving party is entitled to judgment as a matter of law with no material facts being in dispute. Obviously, there are material facts in dispute in this action and the Trustee's motion for summary judgment must be denied.

## TRUSTEE'S AFFIDAVIT SELF SERVING

In his affidavit, the Trustee states various facts which are not disputed by the Defendant. However, in paragraph 6, the Trustee has gratuitously given his opinion that he does "not anticipate or reasonably expect to be able to make a 100% distribution to creditors ..." Unfortunately, Defendant is not privy to the assets being held by the Trustee for distribution to creditors and is not privy to the remaining assets to be administered by the Trustee. The Defendant believes the affidavit is deficient in that it does not disclose the total dollars being held by the Trustee, the total dollars which the Trustee expects to recover in further administration of the estate, and the total dollars of claims to be paid. Without that information, the Court cannot make a determination as to whether the Defendant has received more that it would have received in an orderly liquidation of the estate. That is another factual dispute which must be determined at trial and cannot be adjudicated on a motion for summary judgment.

-6-

## CONCLUSION

For the reasons stated herein and in its response to the Trustee's motion for summary

judgment, the Defendant, Amtex Systems Inc., prays the Honorable Court enter an order denying

the Trustee's motion for summary judgment and for such other and further relief as the Court

may deem just and proper.

Respectfully submitted,

AMTEX SYSTEMS, INC.

By: _/s/ Joel A. Schechter_
Its Attorney

Joel A. Schechter
Attorney No. 03122099
LAW OFFICES OF JOEL A. SCHECHTER
53 West Jackson Boulevard, Suite 1025
Chicago, Illinois 60604; (312) 332-0267

M:\marchFIRST\Preferences\Amtex Systems\Tr Reply\Reply Sum Judg (Amtex) final.doc

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| marchFIRST INC., et al., | ) | Case No. 01 B 24742 |
| | ) | (Substantively Consolidated) |
| Debtors. | ) | |
| | ) | Hon. John D. Schwartz |
| | ) | |
| ANDREW J. MAXWELL, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 03 A 00273 |
| | ) | |
| AMTEX SYSTEMS, INC., | ) | **Status Date:  November 15, 2007** |
| | ) | **Time:         10:30 a.m. C.D.T.** |
| Defendant. | ) | |

## TRUSTEE'S REPLY TO DEFENDANT'S RESPONSE
## TO TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

Andrew J. Maxwell, Trustee ("Trustee"), by the undersigned counsel, states the following as his reply ("Reply") to Defendant's response to Trustee's motion for summary judgment ("Motion")[1]:

Trustee filed his Motion and supporting papers on August 17, 2007, seeking summary judgment for the avoidance and the recovery of four preferential transfers made by the Debtor to pay eight invoices totaling $30,560.00 (the "Transfers") received from Defendant Amtex Systems, Inc. ("Amtex").

On October 12, 2007, Amtex filed its Response to the Trustee's Motion, which included Amtex' response to Trustee's Statement of Uncontested Facts (the "Amtex Response") and Memorandum of Law in Support of Defendant's Response to Plaintiff's Motion for Summary Judgment (the "Amtex Memorandum"). Amtex did not provide any exhibits or affidavits.

---

[1] The Motion consists of the following:  Trustee's Motion for Summary Judgment, Trustee's Statement of Uncontested Facts and Trustee's Memorandum of Law In Support of Motion for Summary Judgment ("Trustee's Memorandum").

- 2 -

## I. No genuine issue of fact exists as to the presumption of insolvency.

Although Amtex attempts to raise an issue of fact as to the Debtor's insolvency at the time of the Transfers, it does not provide any evidence to rebut the presumption and utterly fails to actually raise any issue of fact.[2]  See Amtex Response, Paragraphs 18 and 19.  Instead, Amtex makes a hollow assertion that "there may be enough assets in the estate to pay creditors in full" without providing any factual support.  Moreover, Amtex has had over three years to serve discovery requests if it sought to develop this issue, but for whatever reason, it chose not to.  Because Amtex has not provided any factual support to address the issue of solvency, the presumption of insolvency remains unrebutted.

## II. The uncontested facts demonstrate the Transfers were not ordinary between the parties.

As to Amtex' asserted ordinary course of business defense, it is quite clear Amtex cannot carry its burden of proof under §547(c)(2)(B) of the Bankruptcy Code.  First, Amtex incorrectly states that the transfer date is the receipt date and not the clear date. See Amtex Response, Paragraph 17.  However, Amtex has provided neither legal authority for this assertion nor has it provided any factual evidence as to what the receipt dates were as to the Transfers.  Based upon the evidence at hand, the only data available are the clear dates.  Simply disagreeing with the Trustee's assertions is insufficient.  See Marrese v. American Academy of Orthopaedic Surgeons, 1991 WL 5827, at *10 (N.D.Ill.1991)(held: "[A] general denial is insufficient to rebut a movant's factual allegations.") See also Hicks v. Sheehan, 2004 WL 3119016 N.D.Ill., at *2 (Dec 20, 2004), citing Malec v. Stanford, 191 F.R.D. 581, 584 (N.D.Ill. 2000); ("failure to adhere to L.R. 56.1 requirements, including citation to specific evidentiary materials justifying

---

[2] This is not the first time the Court has been presented with a challenge to the presumption of the Debtor's insolvency during the preference period.  See Memorandum Opinion dated January 13, 2005, marchFIRST, Inc./ Maxwell v. Fleet Capital Leasing, Adv. No. 03 A 01352, docket no. 48, in which this Court held Fleet failed to rebut the legal presumption of insolvency despite almost Herculean efforts to do so.

denial, is equivalent to admission"). Because Amtex has not provided any data or support, the clear dates must govern as the transfer date.

Next, Amtex erroneously asserts the payment terms set forth in the client services agreement dated October 5, 2000, between the Debtor and Amtex (the "Service Agreement") governs the payment terms between the parties. See Amtex Response, Paragraphs 15 and 16. However, it is undisputed that all eight invoices issued *after* execution of the Service Agreement clearly provide payment terms requiring payment due on the same date as that of the corresponding invoice, i.e., requiring payment due upon receipt. See Exhibit 6 to the Trustee's Statement of Uncontested Facts. Amtex has provided neither facts nor citations to evidence why the payment terms set forth in the Service Agreement govern rather than the terms set forth on the eight invoices issued *after* execution of the Service Agreement. As stated earlier, a general denial is insufficient without citation to specific evidentiary materials. See Hicks, 2004 WL 3119016 N.D.Ill. at *2. The only logical inference that can be drawn based upon these facts is that the payment terms changed and payments became due upon receipt. Because none of the Transfers were made within the stated payment terms, this prong of the ordinary course of defense fails as a matter of law.

Assuming, *arguendo,* that the payment terms set forth in the Service Agreement governed between the parties, Amtex is still incapable of carrying its burden of proof under §547(c)(2)(B) of the Bankruptcy Code. Amtex erroneously relies on a self serving statement contained in the Service Agreement which states invoices are due "after 30 days." See Exhibit 8 to the Trustee's Statement of Uncontested Facts. Amtex has not provided any supporting evidence (e.g., a statement of payment history) that explains why the Transfers, which were made not less than 99 days after invoice dates (See Trustee's Statement of Uncontested Facts, Paragraph 17), are ordinary as between Debtor and Amtex. Instead, Amtex suggests that this Court enter into a

- 4 -

game of semantic gymnastics and illogically interpret a phrase from the Service Agreement to mean that any payment made after 30 days, regardless of timing, must be ordinary as between the parties, and further asserts such an interpretation somehow constitutes a "reasonable inference" by the Court. See Amtex Memorandum at Page 5. Amtex' stretched assertion should not be accorded any weight or probative value, and its asserted position is not a reasonable inference. Amtex utterly fails to carry its burden to demonstrate even a colorable chance of success of making the required showing that the transactions were ordinary between the parties under §547(c)(2)(B) of the Bankruptcy Code.

III.    **Amtex has offered no evidence to support whether the Transfers conformed to industry standards.**

Amtex has also failed to meet its burden to present evidence of the actual practices of its competitors as required if it is to demonstrate the Transfers were within the customary payment standards in its industry. See: In re Apex Automotive Warehouse, L.P., 2000 WL 640780 (Bankr.N.D.Ill. 2000), citing In the Matter of Midway Airlines, Inc., 69 F.3d 792, 795 (7th Cir. 1995). Industry standards cannot be derived solely from Amtex' own business practices but must be established by evidence of actual practices of its competitors in its industry. Id. Amtex fails to offer any evidence of its competitors' practices. Instead, in an effort to support this prong of its defense, Amtex merely states "Defendant has not had the opportunity to show the Court and the Trustee that the payments were made in the ordinary course of business established in the industry. We will have that opportunity at trial." See Amtex Memorandum, Page 5. Notwithstanding the fact four years have passed since the filing of this adversary complaint, as have the four discovery extensions requested by Amtex, with the last discovery extension closing on July 19, 2007,[3] Amtex did not serve any discovery requests upon the Trustee or provide the

---

[3] See docket entry no. 54 in this adversary matter.

Trustee any evidence regarding the standards in its industry. Further, Amtex had its "opportunity to show the Court and the Trustee" its ordinary course of business defense both when it responded to discovery and when it prepared its Response. Instead, it chose to remain silent on that third prong and must now face the consequences. Accordingly, Amtex has failed to rebut Trustee's assertion that Amtex has failured to provide any facts to establish industry standards. See Response, Paragraph 24. As previously stated, a failure to cite to proper evidence justifying the denial is deemed to be an admission. See Hicks, 2004 WL 3119016 N.D.Ill., at *2 (Dec 20, 2004), citing Malec v. Stanford, 191 F.R.D. 581, 584 (N.D.Ill. 2000); ("failure to adhere to L.R. 56.1 requirements, including citation to specific evidentiary materials justifying denial, is equivalent to admission"). Thus, there is no question of fact that Amtex has not established any evidence of its industry standards.

Under §547(g) of the Bankruptcy Code Amtex must shoulder the burden of proof on all elements of the ordinary course defense and in this case utterly fails to do so or even to create any issue of fact on two of those elements. Therefore, Amtex' ordinary course of business defense must fail as a matter of law.

IV.     **The Trustee's Affidavit Accurately Reflects the Facts of the marchFIRST Bankruptcy.**

In response to Trustee's Affidavit, Paragraph 6, Amtex erroneously asserts the Court is incapable of determining "as to whether the Defendant has received more that it would have received in an orderly liquidation of the estate." See Amtex Memorandum, Page 6. Amtex' assertions are without merit for several reasons. First, notwithstanding Amtex' failure to provide any legal support for this purported deficiency, the Trustee has over twenty years experience in the supervision and administration of Chapter 7 bankruptcy cases and has been supervising the Debtors' general bankruptcy cases for over six years. Given the Trustee's experience, the Court

- 6 -

can rely on the Trustee's statements contained in the Trustee's Affidavit regarding the expected distribution in this bankruptcy case[4]. Second, Amtex' assertion that it is "not privy to the assets being held by the Trustee for distribution to creditors and is not privy to the remaining assets to be administered by the Trustee" is disingenuous if not false. See Amtex Memorandum at Page 6. Amtex has conveniently overlooked the fact that the Trustee files monthly operating reports in the Debtors' general bankruptcy cases, which disclose to total amount of funds held by the estate, that the United States Trustee files in Court the Trustee's annual report showing assets by categories as well as receipts and disbursements, and that[5] all proofs of claims against the estate are of public record and generally accessible for review. Amtex' failure to review this readily available public information and its failure to serve any discovery requests in the last four years to develop its theory illustrates what little effort Amtex made to make a determination as to the probable distribution in this case and reveals the hollowness of its assertion about potential distribution.

Last, and perhaps most importantly, Amtex failed to properly rebut Trustee's assertion regarding the expected distribution in this case. See Amtex Response, Paragraph 19. As previously stated, simply disagreeing with the Trustee's factual assertion is insufficient. See Marrese, 1991 WL 5827, at *10 (N.D.Ill.1991)(held: "[A] general denial is insufficient to rebut a movant's factual allegations.") See also Hicks, 2004 WL 3119016 N.D.Ill., at *2 (Dec 20, 2004), citing Malec v. Stanford, 191 F.R.D. 581, 584 (N.D.Ill. 2000); ("failure to adhere to L.R. 56.1 requirements, including citation to specific evidentiary materials justifying denial, is equivalent to admission"). Because Amtex has not provided any support for its disagreement with the Trustee's statements, Amtex has effectively admitted them.

---

[4] That opinion, uncontradicted by Amtex is not "gratuitously given" but is an important piece of evidence. See Amtex Memorandum at Page 6.
[5] See, for instance, docket no. 2825 in the Debtor's general bankruptcy cases. Those reports are current through December 31, 2006.

**V.    Conclusion.**

Based on the uncontested facts, it is clear Trustee has established his *prima facie* case under §547(b) of the Bankruptcy Code.  It is also clear that Amtex has failed to demonstrate the existence of any genuine issue of material fact with regard to its ordinary course of business defense. It simply isn't sufficient for it to assert it will somehow, in some way, establish an issue in the future.  Accordingly, the Motion should be granted and summary judgment should be entered in favor of Trustee and against Amtex for the sum of $30,560.00, plus costs and interest following the date of Trustee's pre-filing demand.

**WHEREFORE,** Andrew J. Maxwell, Trustee, respectfully prays for entry of an order granting summary judgment in his favor and against Amtex Systems, Inc., and granting such other and further relief as this Court deems just and fair.

Respectfully submitted,
ANDREW J. MAXWELL, Trustee

By:  /s/ Vikram R. Barad
One of his attorneys

Jaclyn H. Smith (ARDC No. 6284016)
Vikram R. Barad (ARDC No. 6277076)
Maxwell & Potts, LLC
105 West Adams Street, Suite 3200
Chicago, Illinois 60603
312/368-1138

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**Honorable** John D. Schwartz                **Date** November 15, 2007

**Bankruptcy Case** 01 B 24742        **Adversary No.** 03 A 273

**Title of Case** Maxwell v. Amtex Systems, Inc. (In re marchFIRST, Inc. et al.)

**Brief Statement of Motion** Trustee's Motion for Summary Judgment

**Names and Addresses of moving counsel**

**Representing**

### ORDER

IT IS HEREBY ORDERED that the Trustee's motion for summary judgment is taken under advisement and the ruling will be issued by mail.

Entered:

6/11/99



## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| marchFIRST, INC., et al, | ) | Case No. 01 B 24742 |
|  | ) | |
| Debtors. | ) | |
|  | ) | Honorable John D. Schwartz |
| ——————————————— | ) | |
|  | ) | |
| Andrew J. Maxwell, Trustee, | ) | Adv. No. 03 A 00273 |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | |
|  | ) | |
| Amtex Systems, Inc., | ) | |
|  | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

This matter comes before the court on the motion filed by plaintiff Andrew J. Maxwell,

as Trustee of the estates of marchFirst, et. al. ("Trustee") for summary judgment on his complaint

against defendant Amtex Systems, Inc. ("Amtex"). The complaint alleges that marchFirst, Inc.

and its subsidiaries and affiliates (collectively, "Debtor") made preferential transfers to Amtex in

the amount of $30,560 as such transfers are defined under §547(b) of the Bankruptcy Code, 11

U.S.C. §§101, *et seq.*

The court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334 and

Fed.R.Bank.P. 7001 *et seq.* This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2),(A)(F)

and (O) in which this court is empowered to enter final judgment. Venue is proper in this

District pursuant to 28 U.S.C. §1409(a).

## Background

The following facts are uncontested. On April 12, 2001 ("Petition Date"), the Debtor commenced its bankruptcy cases in the United States Bankruptcy Court for the District of Delaware ("Delaware Court") by voluntarily filing petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtor moved to convert its cases to cases under Chapter 7 of the Bankruptcy Code and on April 26, 2001, the cases were converted. By order dated July 10, 2001, the Delaware Court transferred the cases to the United States Bankruptcy Court for the Northern District of Illinois. On July 16, 2001, the Trustee was appointed to serve as successor Chapter 7 trustee.

Amtex is a New Jersey corporation engaged in the business of providing end-to-end software solutions for businesses with its principal place of business located at 50 Broad Street, New York, New York. During the 90 days preceding the Petition Date, the Debtor made four transfers to Amtex, totaling $30,560 ("Transfers"). The Transfers were made via Debtor check nos. 163300, 163763, 164447 and 164748. Amtex admits receiving all four Transfers. The Transfers were made to or for the benefit of Amtex. The Transfers were made to pay eight invoices issued by Amtex to the Debtor between October 2000 and November 2000. The Transfers were made for or on account of antecedent debts.

This is where the parties part ways. The Trustee alleges that the Transfers were made between 99 and 113 days after being invoiced and that payments were due 30 days after the Debtor's receipt of each invoice pursuant to an agreement between the parties dated October 5, 2000. Amtex contends that payments were made at least 94 days after invoice but that the October 5, 2000 agreement provides that payments are to be made *after* 30 days after the date of

-2-

invoice and that the payments were therefore timely.

Amtex also disagrees with the Trustee's assertion that because the Debtor is presumed to have been insolvent at the time of the Transfers, holders of non-priority general unsecured claims against the Debtor at the time of the Transfers would not have received full payment on account of their claims had the Debtor been a debtor in Chapter 7 at the time. Amtex objects to the Trustee's affidavit on this issue as being "self-serving" and deficient because it does not provide specific financial information about the estate.

Finally, Amtex contends that it is not necessary for it to come forward at this time with its proof with respect to its ordinary course of business defense.

## Discussion

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c), applicable to adversary proceedings by Fed.R.Bankr.P. 7056; Celotex v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); Wade v. Lerner New York, Inc., 243 F.3d 319, 321 (7th Cir. 2001). A court must view the record in the light most favorable to non-movant, drawing all reasonable inferences in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 2510 (1986); Wade v. Lerner New York, Inc., 243 F.3d at 321.

Fed.R.Civ.P. 56(e), also provides that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere ... denials of the adverse party's pleading, but the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary

-3-

judgment, if appropriate, shall be entered against the adverse party."

Section 547(b) of the Bankruptcy Code, which governs avoidable preferential transfers, requires that the Trustee demonstrate five elements to avoid a transfer: (1) the transfer was to a creditor; (2) for or on account of an antecedent debt owed by the debtor prior to the transfer; (3) made while the debtor was insolvent; (4) on or within 90 days before the Petition Date, and (5) that enables the creditor to receive more than it would receive if the case had already been a case under Chapter 7, the transfer had not been made and the creditor received what it would have received under the Bankruptcy Code. Pursuant to §547(g) of the Bankruptcy Code, the Trustee has the burden of proving the avoidability of a transfer by a preponderance of the evidence. See Field v. Lebanon Citizens National Bank (In re Knee), 254 B.R. 710, 712 (Bankr. S.D. Ohio 2000).

**Amtex Received More Than It Would Have Under the Bankruptcy Code**

The Trustee's proof that Amtex received more from the transfer than it would have received pursuant to Chapter 7 of the Bankruptcy Code consists of an affidavit of the Trustee, which states in part as follows:

> Based on my personal knowledge of the administrative, priority and unsecured claims on file in the Debtor's bankruptcy case as of the date of this affidavit, and based on my knowledge of the dollar value of the assets of the estate that have been administered to date and that remain to be administered, I do not anticipate or reasonably expect to be able to make a 100% distribution to creditors having filed pre-petition general unsecured claims in this case.

Trustee's affidavit, para. 6.

"The plaintiff in a preference action need not actually reconstruct a hypothetical Chapter 7 liquidation, with the precision of a forensic accountant, but may rely on an affidavit of one of

-4-

the debtor's financial officers, the debtor's schedules or prior findings that the estate was administratively insolvent to establish that the distribution to non-priority unsecured creditors would have received less than 100% of their claims in a Chapter 7 liquidation. [Citations omitted.]" In re Flooring America, Inc., 302 B.R. 394 (Bankr. N.D. Ga. 2003). See In re Knee, 254 B.R. 710, 713 (Bankr. S.D. Ohio 2000)(where the court was convinced that the creditor received more than it would have in a Chapter 7 liquidation based on the Trustee's most recent interim report).

In this particular case, the affidavit of the Trustee is sufficient. When Mr. Maxwell was appointed in this case, no officers or directors remained to participate in its administration. Each had left the Debtor and its creditors high and dry and the books and records were in abominably poor shape. The Trustee spent months working with an accounting firm reconstructing the books and records in order to file schedules. Because of the size and complexity of the estate, the Trustee has appeared in this court, in person, or by counsel, on a weekly basis for more than six years. The Trustee has repeatedly demonstrated to this Court that he has a depth and breadth of knowledge of the financial situation of this Debtor more than adequate to provide an educated judgment about the final distribution.

Amtex argues that it is not privy to the assets being held by the Trustee for distribution to creditors and is not privy to the remaining assets to be administered by the Trustee. This is simply not true. Counsel further argues that the affidavit is deficient because it does not disclose total dollars being held by the Trustee and the total dollars of claims to be paid. The Trustee files monthly operating reports in the bankruptcy cases, which disclose the total amount of funds being held by the estate, the United States Trustee files the Trustee's annual report showing

assets by category as well as receipts and disbursements and all proofs of claim against the estate are of public record. Amtex was free to examine the Debtors' public records and dispute the Trustee's affidavit if it so chose.

Accordingly, the Trustee has demonstrated, by a preponderance of the evidence the five elements of a preferential transfer: (1) the transfers were made to Amtex, a creditor; (2) on account of invoiced debts owed by the Debtor; (3) made while the debtor was presumptively insolvent; (4) within 90 days before the Petition Date, and (5) that enabled Amtex to receive more than it would have received under the Bankruptcy Code.

**Ordinary Course of Business**

Amtex raises the ordinary course of business defense. 11 U.S.C. §547(c)(2).[1] The defendant bears the burden of proving this defense by a preponderance of the evidence. Cassirer v. Herskowitz (In re Schick), 234 B.R. 337 (S.D.N.Y. 1999). "In order for a creditor to prevail using the ordinary course of business exception to 547(b), the creditor must show that the debt had been incurred in the ordinary course of business of both the debtor and the creditor; that the payment too, had been made and received in the ordinary course of their businesses; that the payment was made according to ordinary business terms. Matter of Tolona Pizza Products Corp., 3 F.3d 1029, 1031 (7th Cir.1993).

In order to determine whether the payments were made and received in the ordinary course of these parties' business, "the court must make a factual inquiry into the prior dealings between the parties." Cassirer, 234 B.R. at 348. See also Lovett v. St. Johnsbury Trucking, 931

---

[1]The court notes that the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 took effect after this case was filed and is therefore inapplicable.

F.2d 494, 497 (8th Cir. 1991) and In re Fulghum Construction Corp., 872 F.2d 739, 743 (6th Cir.

1989)("the court must engage in a peculiarly factual analysis"). "[T]he cornerstone of this

element of a preference defense is that the creditor need demonstrate some consistency with other

business transactions between the debtor and the creditor." Lovett, 931 F.2d at 497, (citing In re

Magic Circle Energy Corp., 64 B.R. 269, 273 (Bankr.W.D.Okla.1986)). "The creditor must

establish a 'baseline of dealings' to enable the court to compare the payment practices during the

preference period with the prior course of dealing." Cassirer, 234 B.R. at 348.

     Ordinary business terms refers to a range of payment terms encompassing the practices of

firms similar to that creditor. Tolona Pizza, 3 F.3d at 1033. It is therefore necessary for a

creditor to present some evidence establishing the range of acceptable practices within the

industry. In re Midway Airlines, 1995 WL 331053 (N.D.Ill.1995) (unpublished opinion)."

Superior Toy & Mfg. Co., Inc., 183 B.R. 826, 836 (N.D. Ill. 1995). The creditor against whom

recovery is sought has the burden of proving the nonavoidability of a transfer under §547(c). 11

U.S.C. §547(g).

     In In re Gulf City Seafoods, Inc., 296 F.3d 363 (5th Cir. 2002), the court laid out a

standard for the sufficiency of evidence on this issue. "In our view, for an industry standard to be

useful as a rough benchmark, the creditor should provide evidence of credit arrangements of

other debtors and creditors in a similar market, preferably both geographic and product." Id. at

369. In Tolona Pizza, the testimony of an insider of the creditor was the evidence that was found

to be sufficient to show what was ordinary course of business in the relevant industry. 3 F.3d at

1033. In In re Apex Automotive Warehouse, 245 B.R. 543 (Bankr. N.D. Ill. 2000), the court

opined that a creditor "must present evidence of the actual practices of its competitors." Id. at

550. In <u>Apex</u>, the court accepted as sufficient one affidavit of the credit manager of the

creditor's competitor containing her general perceptions of industry practices and a general

overview of her own company.

The creditor here has failed to prove the nonavoidability of the Transfer under §547(c)(2).

Amtex' evidence that its payments were made in the ordinary course of its business with the

Debtor consists of an agreement made between the parties. The only copy of the agreement

provided to the court is an illegible exhibit to the Trustee's motion. This is not sufficient to

prove anything and does not sustain Amtex' burden of proof on this issue.

Amtex does not offer any proof at all of the course of business in the industry, contending

that it will make its showing at trial. Amtex states in its memorandum of law that "[i]t is not

appropriate for the Trustee to simply say that because we have not given them any documentation

or evidentiary support for our defense prior to the trial, then we are somehow forbidden from

producing such evidence at a trial and the Trustee should prevail as a matter of law." In fact, the

Trustee is correct and Amtex misstates the law.

> A party resisting summary judgment cannot expect to rely on the bare assertions
> or mere cataloguing of affirmative defenses. <u>Celotex</u>, 477 U.S. at 323-24, 106 S.Ct. at
> 2552-53; <u>Gans v. Mundy</u>, 762 F.2d 338, 340 (3d Cir.), <i>cert. denied</i>, 474 U.S. 1010, 106
> S.Ct. 537, 88 L.Ed.2d 467 (1985). **The requirement of pointing to specific facts to**
> **defeat a summary judgment motion is especially strong when the nonmoving party**
> **would bear the burden of proof at trial, as these defendants would on the**
> **affirmative defenses they plead.** <u>Celotex</u>, 477 U.S. at 324, 106 S.Ct. at 2553; <u>Security</u>
> <u>Pacific Mortgage & Real Estate Services, Inc. v. Canadian Land,</u> 690 F.Supp. 1214, 1219
> (S.D.N.Y.1988), <i>aff'd</i>, 891 F.2d 447 (2d Cir.1989). Summary judgment will be entered
> "against a party who failed to make a showing sufficient to establish the existence of an
> element essential to that party's case, and on which that party will bear the burden of
> proof at trial." <u>Celotex</u>, 477 U.S. at 322, 106 S.Ct. at 2552.

<u>Harper v. Delaware Valley Broadcasters, Inc.,</u> 743 F. Supp. 1076, 1090 (D. Del. 1990)(Emphasis

supplied). See also, Conoco, Inc. v. J.M. Huber Corp., 148 F. Supp.2d 1157 (D. Kan. 2001),

aff'd, 289 F.3d 819 (Fed. Cir. 2002)("A party opposing summary judgment 'cannot rely on

ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the

mere hope that something will turn up at trial.' Conaway v. Smith, 853 F.2d 789, 793 (10th Cir.

1988).").

Amtex failed to set forth specific facts to support its affirmative defense that the Transfers

were made in the ordinary course of business. The law requires that it do so in order to defeat the

Trustee's motion for summary judgment, where, as here, the Trustee has met its burden of proof

on its cause of action. Therefore, Amtex failed to demonstrate that there is a genuine issue for

trial and the court must grant the Trustee's motion for summary judgment.

### Conclusion

For the foregoing reasons, the Trustee's motion will be granted by separate order.

ENTERED:

Date:  November 15, 2007

John D. Schwartz
United States Bankruptcy Judge

-9-



# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re:                              )
marchFIRST, INC., et al,            )        Case No. 01 B 24742
                                    )
Debtors.                            )
                                    )        Honorable John D. Schwartz
_____)
                                    )
Andrew J. Maxwell, Trustee,         )        Adv. No. 03 A 00273
                                    )
Plaintiff,                          )
                                    )
v.                                  )
                                    )
Amtex Systems, Inc.,                )
                                    )
Defendant.                          )

## ORDER

For the reasons set forth in the Memorandum Opinion of even date, the Trustee's motion for summary judgment is granted. The Trustee shall prepare a judgment order for the sum of $30,560 plus costs and interest from the date of the Trustee's demand for payment and present the judgment order in open court on December 13, 2007 at 10:30 a.m.

ENTERED:

Date:  November 15, 2007

John D. Schwartz
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| marchFIRST INC., et al., | ) | Case No. 01 B 24742 |
| | ) | (Substantively Consolidated) |
| Debtors. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | Hon. John D. Schwartz |
| | ) | |
| ANDREW J. MAXWELL, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 03 A 00273 |
| | ) | |
| AMTEX SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## FINAL JUDGMENT

This proceeding coming to be heard on Trustee's Motion for Summary Judgment ("Motion") pursuant to Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56, filed on behalf of Andrew J. Maxwell, chapter 7 trustee ("Trustee"); due notice of the Motion having been given; Defendant Amtex Systems, Inc.,("Amtex") having filed its response to the Motion and Trustee having filed a reply; the Court having held a hearing on the Motion; and the Court being advised in the premises and for the reasons set forth in this Court's Order and Memorandum Opinion dated November 15, 2007, entered in this proceeding;

### THE COURT HEREBY FINDS as follows:

1.    This Court has jurisdiction over the parties and subject matter of this proceeding, and venue is proper in this District;

2.    Based on the Motion and the evidence and arguments offered by Trustee in support of the Motion, and Amtex' evidence and arguments offered in the Response, the Court finds there are no issues of material fact in genuine dispute and Trustee is entitled to judgment as a matter of law; and

### IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED, as follows:

A.    The Motion is granted;

B.    Judgment is hereby entered in favor of Andrew J. Maxwell, Trustee and against

Defendant Amtex Systems, Inc. for the relief requested in Trustee's adversary complaint ("Complaint"). The transfers set forth in the Complaint made by the Debtor to Amtex Systems, Inc within the 90 day period preceding the Debtor's commencement of its bankruptcy case in the sum of $30,560.00 is hereby avoided as preferential transfers within the meaning of Title 11 U.S.C. §547(b). Amtex Systems, Inc. is ordered to pay Trustee the sum of $30,560.00, plus pre-judgment simple interest in the sum of $10,804.84 (calculated at the prime rate of 7.25% per annum computed from February 3, 2003, being the date Trustee filed his adversary complaint against Amtex Systems, Inc., through the date hereof), plus Trustee's costs of $150.00;

C.    This is a final judgment as to which there is no just reason to delay enforcement or appeal; and

D.    This judgment shall be effective upon entry by the Clerk of the Court.

ENTER:                    **ENTERED**

DEC 1 9 2007

JOHN D. SCHWARTZ, BANKRUPTCY JUDGE
UNITED STATES BANKRUPTCY COURT

_____
UNITED STATES BANKRUPTCY JUDGE

Prepared by:
Vikram R. Barad (ARDC #6277076)
Jaclyn H. Smith (ARDC #6284016)
Maxwell & Potts, LLC
105 West Adams Street, Suite 3200
Chicago, Illinois 60603
(312) 368-1138

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| marchFIRST, INC., et al., | ) | |
| | ) | Case No. 01 B 24742 |
| Debtor. | ) | (Jointly Administered) |
| | ) | |
| | ) | Honorable John D. Schwartz |
| | ) | |
| Andrew J. Maxwell, Trustee, | ) | |
| | ) | Adv. Pro. No. 03 A 00273 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Amtex Systems, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF MOTION

To:    Andrew J. Maxwell, Esq., Trustee, Steven S. Potts, Vikram R. Barad, Maxwell & Potts, LLC,
105 West Adams Street, Suite 3200, Chicago, Illinois 60603

**PLEASE TAKE NOTICE** that on the 8th day of January, 2008, at 10:00 a.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable John D. Schwartz in Courtroom 719, in the United States Courthouse, 219 S. Dearborn, Chicago, Illinois, or before any other Bankruptcy Judge who may be presiding in said Judge's place and stead, and shall then and there move the Court for the entry of an order in accordance with the attached motion, at which time you may appear if you so desire.

/s/ Joel A. Schechter

## CERTIFICATE OF MAILING

The undersigned being first duly sworn on oath deposes and says that she personally served the above and foregoing notice and attached motion on the above parties by placing a true copy thereof, in an envelope addressed as aforesaid, postage prepaid, and depositing same in the U.S. mail on the 31st day of December, 2007, before the hour of 5:00 p.m. from 53 W. Jackson Blvd., Chicago, Illinois 60604.

/s/ Wanda Anderson

Joel A. Schechter, Attorney No. 03122099
Law Offices of Joel A. Schechter
53 W. Jackson Blvd., Suite 1025
Chicago, IL 60604; (312) 332-0267

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| marchFIRST, INC., et al., | ) | |
| | ) | Case No. 01 B 24742 |
| Debtor. | ) | (Jointly Administered) |
| | ) | |
| | ) | Honorable John D. Schwartz |
| | ) | |
| Andrew J. Maxwell, Trustee, | ) | |
| | ) | Adv. Pro. No. 03 A 00273 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Amtex Systems, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION OF DEFENDANT, AMTEX SYSTEMS, INC.,
## FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL

NOW COMES the Defendant, AMTEX SYSTEMS, INC. (hereinafter referred to as "Defendant"), by and through its attorney, Joel A. Schechter of the Law Offices of Joel A. Schechter, and moves the Court for the entry of an order pursuant to Rule 8002 of the Federal Rules of Bankruptcy Procedure, for an extension of time to file a notice of appeal, and in support thereof states as follows:

1.    That on February 3, 2003, Plaintiff, Andrew J. Maxwell (hereinafter referred to as "Trustee") filed an adversary complaint seeking to recover from the Defendant alleged preferential transfers.

2.    That on October 23, 2003, Defendant filed its answer and affirmative defenses.

3.    That on August 17, 2007, the Trustee filed his motion for summary judgment, statement of uncontested facts and memorandum of law in support thereof.

4.    That on October 12, 2007, Defendant filed its response to the Trustee's motion for

summary judgment, its response to the statement of uncontested facts and its memorandum of law in support of the response.

5.    That on October 26, 2007, the Trustee filed his reply to Defendant's response to the Trustee's motion for summary judgment.

6.    That on November 15, 2007, this Honorable Court entered a memorandum opinion granting the Trustee's motion for summary judgment.

7.    That on December 19, 2007, this Honorable Court entered its final judgment order with respect to the adversary proceeding.

8.    That on December 20, 2007, the final judgment order was docketed.

9.    That pursuant to Rule 8002 of the Federal Rules of Bankruptcy Procedure, the time for filing a notice of appeal expires on December 31, 2007, since ten (10) days from the date of docketing of the final judgment order falls on Sunday.

10.    That pursuant to Rule 8002(c), this Court may extend the time for filing the notice of appeal if the request is made by written motion filed before the time for filing the notice of appeal has expired.

11.    That subsequent to the entry of the final judgment order, Defendant made an offer of settlement to the Trustee which was rejected on December 28, 2007. However, upon information and belief, the Trustee is out of town and will not be returning until January 2, 2008, so personal discussions with the Trustee as to a possible settlement cannot take place.

12.    That Defendant requests an extension of time to file a notice of appeal to and including January 20, 2008. Pursuant to Rule 8002(c)(2) of the Federal Rules of Bankruptcy Procedure, the Court may extend the time for filing a notice of appeal for twenty (20) days from the expiration of the original time for filing a notice of appeal or ten (10) days from the date of the entry of the order granting the motion, whichever date is later.

WHEREFORE, the Defendant, AMTEX SYSTEMS, INC., prays the Honorable Court enter an order extending the time within which Amtex Systems, Inc. has to file a notice of appeal to and including January 20, 2008 and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

AMTEX SYSTEMS, INC., Defendant

By:   /s/ Joel A. Schechter
       Its Attorney

Joel A. Schechter; Attorney No. 03122099
Law Offices of Joel A. Schechter
53 W. Jackson Blvd., Suite 1025
Chicago, IL  60604
Telephone: (312) 332-0267

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| marchFIRST, INC., et al., | ) | |
| | ) | Case No. 01 B 24742 |
| Debtor. | ) | (Jointly Administered) |
| | ) | |
| _____ | ) | Honorable John D. Schwartz |
| Andrew J. Maxwell, Trustee, | ) | |
| | ) | Adv. Pro. No. 03 A 00273 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Amtex Systems, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER EXTENDING TIME TO FILE NOTICE OF APPEAL

At Chicago, Illinois, this 8th day of January, 2008, before the Honorable John D. Schwartz,

Bankruptcy Judge, in the said District and Division,

This matter coming on for hearing on the motion of the Defendant, Amtex Systems, Inc. pursuant

to Rule 8002 of the Federal Rules of Bankruptcy Procedure for an extension of time to file a notice of

appeal; due notice having been served upon all parties in interest; the Court having jurisdiction and being

fully advised in the premises,

NOW, THEREFORE, IT IS HEREBY ORDERED that the time for Amtex Systems, Inc. to file a

notice of appeal from the final judgment order entered December 19, 2007 and docketed December 20,

2007 be, and hereby is, extended to and including January 20, 2008.

ENTER:

_____
Bankruptcy Judge

Joel A. Schechter
Attorney Number 03122099
LAW OFFICES OF JOEL A. SCHECHTER
53 West Jackson Boulevard - Suite 1025
Chicago, Illinois 60604; 312/332-0267

- 8 JAN 2008

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| marchFIRST, INC., et al., | ) | Case No. 01-24742 |
| | ) | (Substantively Consolidated) |
| | ) | |
| Debtor. | ) | Honorable John D. Schwartz |
| | ) | Chapter 7 |
| ANDREW J. MAXWELL, Trustee | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 03-00273 |
| v. | ) | |
| | ) | |
| Amtex Systems Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>NOTICE OF APPEAL</u>

AMTEX SYSTEMS, INC., the Defendant in the above referenced adversary proceeding,

appeals under 28 U.S.C. §158(a) from the final judgment entered on December 19, 2007, against

Defendant with respect to Plaintiff's complaint.

A copy of the final judgement entered against the Defendant is attached hereto.

The names of all parties to the judgment appealed from and the names, addresses, and

telephone numbers of their respective attorneys are as follows:

Plaintiff, Andrew J. Maxwell, Trustee

<u>Counsel</u>: Andrew J. Maxwell, Vikram R. Barad, Jaclyn H. Smith, Maxwell & Potts, LLC,

105 West Adams Street, Suite 3200, Chicago, IL 60603, (312) 368-1138, Facsimile (312)

368-1080

Defendant, Amtex Systems, Inc.

Counsel: Joel A. Schechter, Law Offices of Joel A. Schechter, 53 West Jackson

Boulevard, Suite 1025, Chicago, IL 60604, (312) 332-0267, Facsimile (312) 939-4714

Dated: January 19, 2008                 Respectfully submitted,

                                        AMTEX SYSTEMS, INC., Defendant

                                        By:    /s/ Joel A. Schechter
                                                Its Attorney

Joel A. Schechter
Attorney No. 03122099
LAW OFFICES OF JOEL A. SCHECHTER
53 West Jackson Boulevard, Suite 1025
Chicago, Illinois 60604
(312) 332-0267

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| marchFIRST INC., et al., | ) | Case No. 01 B 24742 |
| | ) | (Substantively Consolidated) |
| Debtors. | ) | |
| | ) | Hon. John D. Schwartz |
| _____ | ) | |
| | ) | |
| ANDREW J. MAXWELL, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 03 A 00273 |
| | ) | |
| AMTEX SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**FINAL JUDGMENT**

This proceeding coming to be heard on Trustee's Motion for Summary Judgment ("Motion") pursuant to Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56, filed on behalf of Andrew J. Maxwell, chapter 7 trustee ("Trustee"); due notice of the Motion having been given; Defendant Amtex Systems, Inc.,("Amtex") having filed its response to the Motion and Trustee having filed a reply; the Court having held a hearing on the Motion; and the Court being advised in the premises and for the reasons set forth in this Court's Order and Memorandum Opinion dated November 15, 2007, entered in this proceeding;

**THE COURT HEREBY FINDS as follows:**

1.     This Court has jurisdiction over the parties and subject matter of this proceeding, and venue is proper in this District;

2.     Based on the Motion and the evidence and arguments offered by Trustee in support of the Motion, and Amtex' evidence and arguments offered in the Response, the Court finds there are no issues of material fact in genuine dispute and Trustee is entitled to judgment as a matter of law; and

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED, as follows:**

A.     The Motion is granted;

B.     Judgment is hereby entered in favor of Andrew J. Maxwell, Trustee and against

Defendant Amtex Systems, Inc. for the relief requested in Trustee's adversary complaint ("Complaint"). The transfers set forth in the Complaint made by the Debtor to Amtex Systems, Inc within the 90 day period preceding the Debtor's commencement of its bankruptcy case in the sum of $30,560.00 is hereby avoided as preferential transfers within the meaning of Title 11 U.S.C. §547(b). Amtex Systems, Inc. is ordered to pay Trustee the sum of $30,560.00, plus pre-judgment simple interest in the sum of $10,804.84 (calculated at the prime rate of 7.25% per annum computed from February 3, 2003, being the date Trustee filed his adversary complaint against Amtex Systems, Inc., through the date hereof), plus Trustee's costs of $150.00;

C.     This is a final judgment as to which there is no just reason to delay enforcement or appeal; and

D.     This judgment shall be effective upon entry by the Clerk of the Court.

ENTER:                          **ENTERED**

DEC 1 9 2007

JOHN D. SCHWARTZ, BANKRUPTCY JUDGE
UNITED STATES BANKRUPTCY COURT

_____
UNITED STATES BANKRUPTCY JUDGE

Prepared by:
Vikram R. Barad (ARDC #6277076)
Jaclyn H. Smith (ARDC #6284016)
Maxwell & Potts, LLC
105 West Adams Street, Suite 3200
Chicago, Illinois 60603
(312) 368-1138

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| marchFIRST, INC., et al., | ) | Case No. 01 B 24742 |
| | ) | |
| Debtor. | ) | Honorable John D. Schwartz |
| _____ | ) | |
| | ) | |
| ANDREW J. MAXWELL, Trustee | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 03 A 00273 |
| v. | ) | |
| | ) | |
| Amtex Systems Inc., | ) | |
| | ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

To:    Steven S. Potts and Zane L. Zielinski, Law Offices of Andrew J. Maxwell, 105 W. Adams Street,
        Suite 3200, Chicago, IL   60603

         The undersigned, being first duly sworn on oath, deposes and states that she personally served the
above and foregoing **Answers Of Defendant, Amtex Systems Inc., To Trustee's First Set of Interrogatories
to Defendant Amtex Systems, Inc.,** upon Steven S. Potts and Zane L. Zielinski, Law Offices of Andrew J.
Maxwell, 105 W. Adams Street, Suite 3200, Chicago, IL   60603, by hand delivery of a true copy thereof, on
the 24th day of February, 2004, before the hour of 5:00 p.m. from 53 West Jackson Blvd., Chicago, Illinois.

         Pursuant to Local Bankruptcy Rule, the original of the **Answers Of Defendant, Amtex Systems Inc.,
To Trustee's First Set of Interrogatories to Defendant Amtex Systems, Inc.** shall be retained in the files of
Defendant's counsel and not filed with the Clerk of the U.S. Bankruptcy Court.

*Karen Miller*

SUBSCRIBED AND SWORN to before
me this 24th day of February, 2004.

*Debra J Kaput*
NOTARY PUBLIC

Joel A. Schechter
Attorney No. 03122099
LAW OFFICES OF JOEL A. SCHECHTER
53 West Jackson Boulevard, Suite 1025
Chicago, Illinois 60604; (312) 332-0267

OFFICIAL SEAL
DEBRA J KAPUT
Notary Public, State of Illinois
My Commission Exp. 07/12/2004

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| marchFIRST, INC., et al., | ) | Case No. 01 B 24742 |
| | ) | |
| Debtor. | ) | Honorable John D. Schwartz |
| _____ | ) | |
| | ) | |
| ANDREW J. MAXWELL, Trustee | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 03 A 00273 |
| v. | ) | |
| | ) | |
| Amtex Systems Inc., | ) | |
| | ) | |
| Defendant. | ) | |

### ANSWERS OF DEFENDANT, AMTEX SYSTEMS, INC. TO TRUSTEE'S
### FIRST SET OF INTERROGATORIES TO DEFENDANT AMTEX SYSTEMS INC.

NOW COMES the Defendant, Amtex Systems Inc., (hereinafter referred to as Defendant), by and

through its attorney, Joel A. Schechter of the Law Offices of Joel A. Schechter, and as and for its answers to

Trustee's First Set of Interrogatories to Defendant Amtex Systems Inc., states as follows:

### INTERROGATORIES

1.      With respect to each paragraph and sub-paragraph of the Trustee's complaint that you either

denied or to which you did not make an unqualified admission, state all facts that relate to the denial or non-

admission, including, without limitation:

   a)      a detailed explanation of the reasons for the denial or non-admission;

   b)      the identity of each person with knowledge of the reasons for the denial or non-

           admission;

   c)      the identity of each document that relates to the reasons for the denial or non-

           admission; and

   d)      the identity of each witness who will testify at trial in support of the denial or non-

           admission, and furnish the subject matter of the testimony to be given by such witness

and, if an opinion witness, state the opinions to be expressed by such witness and the basis and reasons therefore.

**ANSWER:**

a)       The reasons for the denials and/or non-admissions contained in Defendant's answer is that the Debtor corporation paid the invoices issued by the Defendant in the ordinary course of business established between the parties.

b)       The persons with knowledge of the reasons for the denials and/or non-admissions contained in Defendant's answer are Defendant's counsel and Sandeep Ruparel. In addition, Kavita Mehta and Basava Raju have knowledge about the services performed by each of those individuals on behalf of the Debtor corporation. Finally, Sunny Pokala has knowledge of the agreements entered into by the Debtor corporation and the Defendant with regard to the services to be performed by the above referenced Mehta and Raju.

c)       The documents delivered to Plaintiff in connection with these interrogatories and in connection with Plaintiff's first request for production of documents include the following:

A)       Amtex Systems' client services agreement with marchFirst.

B)       Work schedule for Kavita Mehta.

C)       Work schedule for Basava Raju.

D)       Statement dated August 31, 2003, reflecting invoices generated to the Debtor corporation by Defendant and receipts by Defendant from the Debtor corporation between October 23, 2000 and February 20, 2001.

E)       Invoices generated by each employee summarizing the description of services rendered, hours work, rate of pay and amount due from October 23, 2000 through December 1, 2000.

d)       Defendant intends to call as a witness at trial the persons identified herein, with the exception of Defendant's counsel. Defendant reserves the right to identify other witnesses at a later date. At the present time, Defendant does not have any expert witnesses, but reserves the right to name any expert witnesses at a later date.

2

2.    With respect to each Request to Admit that you either denied or to which you did not make an

unqualified admission, state all facts that relate to the denial or non-admission, including, without limitation:

a)    a detailed explanation of the reasons for the denial or non-admission;

b)    the identity of each person with knowledge of the reasons for the denial or non-admission;

c)    the identity of each document that relates to the reasons for the denial or non-admission; and

d)    the identity of each witness who will testify at trial in support of the denial or non-admission, and furnish the subject matter of the testimony to be given by such witness and, if an opinion witness, state the opinions to be expressed by such witness and the basis and reasons therefore.

**ANSWER:**

a)    The reasons for the denials and/or non-admissions contained in Defendant's responses

to the Trustee's request to admit is that the payments made by the Debtor corporation to the Defendant were

made in accordance with the ordinary business established by and between the Debtor corporation and the

Defendant.  In addition, these payments were made in the ordinary course of business established in the

industry.  The Defendant will identify the industry and identify the usual and customary standards of practices

of payment in the industry at a later date.

b)    See answers to question 1.

c)    See answers to question 1.

d)    See answers to question 1.

3.    In the event you have asserted any defense under §547(c)(2) of the Bankruptcy Code, state:

a)    the identity of the industry in which you conduct business;

b)    the usual and customary standards and practices of payment in such industry; and

3

    c)    the basis for your statement as to the usual and customary standards and practices of payment in such industry, including the identity of each and every document forming the basis for such statement.

**ANSWER:**

    a)    Internet consulting.

    b)    To be provided at a later date.

    c)    To be provided at a later date.

4.    In the event you have asserted any defense under §547(c)(4) of the Bankruptcy Code, state:

    a)    the description of the goods or services you furnished to the Debtor after the date(s) of the transfer(s);

    b)    the value of the goods or services you furnished to the Debtor after the date of the transfer(s);

    c)    the date(s) you furnished such goods or services to the Debtor;

    d)    the identity of any and all documents referring to, relating to, or having as a subject the goods or services you furnished to the Debtor after the date(s) of the transfer(s); and

    e)    whether any debt owed to you by the Debtor that remained unpaid as of the Petition Date was subsequently paid by the Debtor or any other party.

**ANSWER:**

Not applicable.

              Respectfully submitted,

              AMTEX SYSTEMS, INC.

              By: _____

                    Its Attorney

4

**AMTEX SYSTEMS**
## CLIENT SERVICES AGREEMENT WITH MARCHFIRST

This Agreement is entered into as of Oct 5th 2000 by and between marchFirst ("Client") and AMTEX SYSTEMS, a division of Amtex Group of Companies.

**1.    MEMORANDUM OF UNDERSTANDING**

AMTEX SYSTEMS agrees to provide marchFirst with a member or members of AMTEX SYSTEMS' Consulting services staff ("Consultant") to perform, under the supervision and direction of Client, such information technology services as are described in the Work Schedule(s) attached as Exhibit A to this Agreement. Additional Work Schedules may be added hereto for additional or different assignments or Consultants.

**2.    TIME RECORDS/INVOICES**

Consultants shall present time records to Client's representative on a weekly basis for verification and signature regarding hours worked through the end of each week. Client shall pay AMTEX SYSTEMS on a daily rate as provided in the Work Schedule. Client shall be billed on a bi-weekly basis for hours worked. Because AMTEX SYSTEMS invoices represent payroll already paid, invoices are due upon receipt. ~~after 30 days~~ (initialed)

**3.    EMPLOYMENT STATUS**

Unless designated as a subcontractor on the Work Schedule, Consultants are the employees of AMTEX SYSTEMS. Consultants are not, and shall not be deemed to be, employees of Client.

a.    **Compensation of Consultants**    AMTEX SYSTEMS shall be responsible to pay, when due, salaries, wages and other forms of compensation or reimbursement and all applicable federal, state and local withholding taxes and unemployment taxes, as well as social security, state disability insurance and all other payroll charges payable in, or on behalf of, Consultants.

b.    **Insurance.** AMTEX SYSTEMS shall maintain the following policies of insurance covering all Consultants furnished by AMTEX SYSTEMS to Client during the term of this Agreement:

    i.    Workers' Compensation and Employers' Liability Insurance as prescribed by law,

    ii.    Comprehensive General Liability (Bodily Injury and Property Damage) Insurance, in an amount not less than $1,000,000 per occurrence.

The insurance furnished by AMTEX SYSTEMS does not cover losses, damages or liability caused by the operation of Client's industrial or automotive equipment and Consultants are not authorized to operate industrial or automotive equipment. Client accepts full responsibility for any and all bodily injury, property damage, fire, theft, collision, or public liability damage claims which may be caused as a result of a Consultant operating industrial equipment or driving a vehicle on Client's behalf. No Consultant may handle cash or negotiable instruments without the written consent of AMTEX SYSTEMS. AMTEX SYSTEMS shall, upon request, provide to Client certificates of insurance or other documentary evidence of the above insurance.

**4.    ASSIGNMENTS**

Consultants will work only under Client's supervision. Client shall, at its own cost, provide such work space, supplies, hardware and software as are reasonably required for each assignment. Client shall also be solely responsible to provide to Consultants such day-to-day guidance, assistance and other information as is necessary for the successful and timely completion of each assignment.

**5.    CONFIDENTIALITY/INTELLECTUAL PROPERTY**

a.    AMTEX SYSTEMS agrees to hold in confidence and not use, publish, disclose or utilize in any manner, except as may be required by law, any trade secret or confidential information marked "proprietary," "private," "company private," or otherwise identified as proprietary to, or a trade secret of, Client ("Confidential Information"). The term Confidential Information shall not include information which (i) is or becomes generally available to the public other than as a result of a disclosure by AMTEX SYSTEMS or (ii) is or becomes available to AMTEX SYSTEMS on a non-confidential basis from a source other than Client. AMTEX SYSTEMS agrees to obtain the agreement of each Consultant to the foregoing.

c.    Except as otherwise required by law, AMTEX SYSTEMS agrees that any inventions, works of authorship or other intellectual property, including, but not limited to, source code and documentation, conceived, developed, originated, fixed or reduced to practice by Consultant or under Consultant's direction during Consultant's engagement to Client shall be the sole and complete property of Client, whether as a work made for hire or otherwise. AMTEX SYSTEMS hereby assigns and conveys AMTEX SYSTEMS' entire right, title and interest to any and all resulting copyrights, patents and trade secrets to Client or in its employ, as the case may be. AMTEX SYSTEMS agrees to sign all applications or registrations for patents and copyrights properly prepared by Client, and any other instruments deemed necessary or helpful for Client to secure and enforce its rights. AMTEX SYSTEMS shall make no charge or claim for additional compensation for any other consideration for signing such documents. AMTEX SYSTEMS shall also obtain, to the extent permitted under applicable law, the agreement of each Consultant to the foregoing.

**6.    GUARANTEE**

If for any reason Client is dissatisfied with a particular individual provided by AMTEX SYSTEMS, AMTEX SYSTEMS will remove such person immediately and replace them as soon as reasonably practical. If Client shall have notified AMTEX SYSTEMS of its dissatisfaction prior to the conclusion of the individual's third day of work, AMTEX SYSTEMS will not charge Client for the first 24 hours of service provided. This guarantee is in lieu of all other guarantees or warranties, express or implied.

7.    NO WARRANTY/LIMITATIONS ON LIABILITY

AMTEX SYSTEMS makes no express or implied warranty, including, but not limited to, any warranty of quality, performance, merchantability or fitness for any purpose, with respect to any services performed or any goods including, but not limited to, software, developed hereunder

In no event shall AMTEX SYSTEMS be liable to Client or any other party for any damages, expenses, liabilities, loss or losses ("Losses") arising as a result of this Agreement or the services provided hereunder, whether the work performed, goods or services developed, or otherwise, which are in the aggregate in excess of the applicable amount of fees actually paid to AMTEX SYSTEMS by Client with respect to the assignment resulting in such Losses. In no event shall AMTEX SYSTEMS be liable to Client or any party for any incidental, indirect or consequential Losses, (including, but not limited to, lost profits or loss data) arising from or related to any services performed or goods developed pursuant to this Agreement even if advised of the possibility of such Losses or if such Losses could be reasonably foreseen. All claims must be delivered in writing to AMTEX SYSTEMS within 60 days after the termination of the applicable Consultant's assignment with Client.

8.    MUTUAL NON-SOLICITATION

Except as provided by this Agreement, Client and its divisions, parents, subsidiaries, affiliates and successors-assignees will not hire or offer employment to, or otherwise directly or indirectly use the services of, on a full-time, part-time or temporary basis,

    a.    any Consultant who has been assigned to Client, until the expiration of one year after termination of the most recent assignment, or

    b.    any Consultant or prospective Consultant who has been introduced to, recommended to or interviewed by Client through the services of AMTEX SYSTEMS, until the expiration of one year after the latest of such introductions, recommendations or interviews

In the event that Client provides the services of, or introduces any Consultant to, any third party during the course of any assignment, Client shall obtain the agreement of such third party to the foregoing and shall be responsible to AMTEX SYSTEMS for any breach thereof.

During the term of this Agreement and for one year thereafter, no employee of AMTEX SYSTEMS shall, without the consent of Client, solicit any employee of Client with whom such AMTEX SYSTEMS employee has had contact in connection with the relationship arising under this Agreement for hire or employment. Client acknowledges that AMTEX SYSTEMS is in the personnel placement business and may provide placement services to Client's employees without violating this section. In no event shall classified or other advertisements be considered "solicitation" hereunder.

9.    TERMINATION                                                        at any time verbally or in writing    WL

This Agreement and/or any Work Schedule may be terminated by either party upon thirty days (30) prior written notice to the other party. If a change of Consultant on any assignment is required due to circumstances beyond the control of AMTEX SYSTEMS, AMTEX SYSTEMS shall use reasonable efforts to replace such Consultant as quickly as possible, to Client's satisfaction.

10.    MISCELLANEOUS

    a.    This Agreement and the exhibits attached hereto constitute the entire agreement between the parties with respect to the matters contained herein and can be changed only by written instrument duly executed by the parties' authorized representatives.

    b.    If any action is required to collect any amounts due under this Agreement, AMTEX SYSTEMS will be entitled to recover all costs and expenses, including reasonable attorney's fees, whether or not suit is initiated.

    c.    Nothing herein shall be construed as creating a partnership or joint venture relationship between the parties.

    d.    All notices given under this Agreement shall be in writing.

    e.    No waiver of any breach of any provision or condition of this Agreement shall be deemed a waiver of any similar or dissimilar provision or condition at the same time or any prior or subsequent time.

    f.    This Agreement may be executed in counterparts, each of which shall be deemed to be an original, but which together shall constitute one and the same instrument. The section headings contained in this Agreement are inserted for convenience of reference only and shall not affect the meaning or interpretation of this Agreement.

    g.    This Agreement shall be governed by and construed in accordance with the laws of the State where the services are performed.

    h.    Neither party shall be liable for any loss or damage of any nature whatsoever incurred or suffered as a result of any failure or delays in the performance of such party's obligations under this Agreement due to any cause or circumstances beyond such party's control such as fire, flood, acts of God, strikes, lockouts or labor disputes.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the date first written above.

By _____
Signature

Printed Name Viet Radmer

Title Regional Alliances Manger.

By _____
Signature

Printed Name S MNDY PEKALA

Title DIRECTOR - HR

# EXHIBIT A
## WORK SCHEDULE

This Work Schedule is issued pursuant to the AMTEX SYSTEMS Client Services Agreement dated as of Oct 9th 2000 by and between MARCHFIRSTand AMTEX SYSTEM.

DESCRIPTION OF WORK:  INTERNET CONSULTING.

AMTEX SYSTEMS CONSULTING PERSONNEL:

| Name | Rate |
|------|------|
| Kavita Mehta | $105 |

CLIENT PROJECT MANAGER & PHONE NUMBER:

TRAVEL AND OTHER EXPENSES: AT COST

Signature _____

Nick Radimer
Print _____

ReSona Alliances Manager
Title _____

Signature _____

SUNNY TOKATA
Print _____

DIRECTOR
Title _____

## EXHIBIT A
## WORK SCHEDULE

This Work Schedule is issued pursuant to the AMTEX SYSTEMS Client Services Agreement dated as of Aug 24th 2000 by and between MARCHFIRSTand AMTEX SYSTEM.

DESCRIPTION OF WORK:  INTERNET CONSULTING.

AMTEX SYSTEMS CONSULTING PERSONNEL:

| Name | Rate |
|------|------|
| Basavaraj | $100 |

CLIENT PROJECT MANAGER & PHONE NUMBER:
TRAVEL AND OTHER EXPENSES: AT COST

CONVERSION FEE:  If Client, or any of its divisions, parents, subsidiaries, affiliates or successors-assignees, employs, or otherwise directly or indirectly use the services of, any person assigned to perform services for Client pursuant to this Agreement, on a full-time, part-time or temporary basis, within a two-year-period following the completion or other termination of such person's assignment, Client shall compensate AMTEX SYSTEMS at the following rate:

Thirty percent (30%) of such person's then annual salary plus any bonus to be paid such person.  Payments made or due to AMTEX SYSTEMS for services performed prior to the employee becoming so employed by Client, or its divisions, parents, subsidiaries, affiliates or successors, will not be applied to this fee.  Client agrees to provide AMTEX SYSTEMS with 30 days written notice of any such hire.

*[handwritten: 3 month period. UMR]*

_____
Signature

*Wict Rachne!*
Print

*Regional Alliances Mgr.*
Title

_____
Signature

*SUNNY POKALA*
Print

*DIRECTOR -HR*
Title

AMTEX SYSTEMS INC.

50 Broad Street, SUITE# 801,
New York, NY 10004.
Tel: 212-269-6448, FAX:212-269-6458

# Statement

| Date |
|------|
| 08/31/2003 |

To:

March first
Attn: Mark Kieffer
105, 17th street
3rd floor,
New York, NY 10003

| Amount Due | Amount Enc. |
|------------|-------------|
| $10,920.00 | |

| Date | Transaction | Amount | Balance |
|------|-------------|--------|---------|
| 12/31/1999 | Balance forward | | 0.00 |
| | **Basava Raju-** | | |
| 10/23/2000 | INV #3179. Due 10/23/2000. | 4,000.00 | 4,000.00 |
| 10/23/2000 | INV #3190. Due 10/23/2000. | 4,000.00 | 8,000.00 |
| 10/26/2000 | INV #3212. Due 10/26/2000. | 2,400.00 | 10,400.00 |
| 01/29/2001 | PMT #163300. 3179 | -4,000.00 | 6,400.00 |
| 02/05/2001 | PMT #163763. 3190 | -4,000.00 | 2,400.00 |
| 02/12/2001 | PMT #164447. 3212 | -2,400.00 | 0.00 |
| | **Kavita Mehta-** | | |
| 10/23/2000 | INV #3180. Due 10/23/2000. | 3,360.00 | 3,360.00 |
| 10/23/2000 | INV #3189. Due 10/23/2000. | 4,200.00 | 7,560.00 |
| 10/31/2000 | INV #3269. Due 10/31/2000. | 4,200.00 | 11,760.00 |
| 11/02/2000 | INV #3233. Due 11/02/2000. | 4,200.00 | 15,960.00 |
| 11/14/2000 | INV #3342. Due 11/14/2000. | 4,200.00 | 20,160.00 |
| 11/21/2000 | INV #3413. Due 11/21/2000. | 4,200.00 | 24,360.00 |
| 11/27/2000 | INV #3438. Due 11/27/2000. | 2,520.00 | 26,880.00 |
| 12/01/2000 | INV #3478. Due 12/01/2000. | 4,200.00 | 31,080.00 |
| 01/29/2001 | PMT #163300. 3180 | -3,360.00 | 27,720.00 |
| 02/05/2001 | PMT #163763. 3189 | -4,200.00 | 23,520.00 |
| 02/12/2001 | PMT #164447. 3269 | -4,200.00 | 19,320.00 |
| 02/20/2001 | PMT #164748. 3233,3342 | -8,400.00 | 10,920.00 |

| Current | 1-30 Days Past Due | 31-60 Days Past Due | 61-90 Days Past Due | Over 90 Days Past Due | Amount Due |
|---------|--------------------|--------------------|--------------------|----------------------|-----------|
| 0.00 | 0.00 | 0.00 | 0.00 | 10,920.00 | $10,920.00 |

# AMTEX SYSTEMS INC.

**Invoice**

50 Broad Street, SUITE# 801,
New York, NY 10004.
Tel: 212-269-6448, FAX:212-269-6458

| DATE | INVOICE # |
|------|-----------|
| 10/26/2000 | 3212 |

BILL TO

March first
Attn: Wiet Radimer
Tel:212 372 9042
Fax :212 372 4030

| P.O. NO. | TERMS | DUE DATE | PROJECT |
|----------|-------|----------|---------|
| | | 10/26/2000 | Basava Raju |

| CONSULTANTS | HOURS | DESCRIPTION | RATE | AMOUNT |
|-------------|-------|-------------|------|--------|
| Basava Raju | 24 | Consulting service for the week ending 10/25/00 | 100.00 | 2,400.00 |

We appreciate your prompt payment.Please remit to the above address.

**Total** $2,400.00

**AMTEX SYSTEMS**
Tel: 212-269-6448
Fax: 212-269-6458

Name: BABAVA RAJU
Client: mxrchFRST

Week Ending: 10/25/00

| Date | Mon 10/23 | Tue 10/24 | Wed 10/25 | Thu 10/26 | Fri 10/27 | Sat 10/28 | Sun 10/29 |
|---|---|---|---|---|---|---|---|
| Start | 8:30 | 8:30 | 8:30 | | | | |
| End | 16:00 | 16:00 | 16:00 | | | | |

| Project : | Audit Canada | | | | | | | | Total Billable |
|---|---|---|---|---|---|---|---|---|---|
| Normal Hours | 8.00 | 8.00 | 8.00 | | | | | | 24.00 |
| Lunch Hours | 0.30 | 0.30 | 0.30 | | | | | | 0.30 |
| Total Hrs. | 8.30 | 8.30 | 8.30 | | | | | | 24.00 |

T. Babava Raju  10/25/00
Employee Signature  Date

_____  10/25/00
Team Leader Signature  Date

_____  10/25/00
Manager Signature  Date

# AMTEX SYSTEMS INC.

# Invoice

50 Broad Street, SUITE# 801,
New York, NY 10004.
Tel: 212-269-6448, FAX:212-269-6458

| DATE | INVOICE # |
|------|-----------|
| 10/23/2000 | 3190 |

**BILL TO**

March first
Attn: Wiet Radimer
Tel:212 372 9042
Fax :212 372 4030

| P.O. NO. | TERMS | DUE DATE | PROJECT |
|----------|-------|----------|---------|
|          |       | 10/23/2000 | Basava Raju |

| CONSULTANTS | HOURS | DESCRIPTION | RATE | AMOUNT |
|-------------|-------|-------------|------|--------|
| Basava Raju | 40 | Consulting service for the week ending 10/22/00 | 100.00 | 4,000.00 |

We appreciate your prompt payment.Please remit to the above address.

| **Total** | **$4,000.00** |
|-----------|---------------|

**AMTEX SYSTEMS**
Tel: 212-268-6448
Fax: 212-268-6458

Name: **BASAVA RAJU**
Client: merchFHRST

Week Ending: 10/22/00

| Date | Mon 10/16 | Tue 10/17 | Wed 10/18 | Thu 10/19 | Fri 10/20 | Sat 10/21 | Sun 10/22 |
|------|-----------|-----------|-----------|-----------|-----------|-----------|-----------|
| Start | 8:30 | 9:30 | 9:30 | 9:30 | 8:30 | | |
| End | 18:00 | 18:00 | 18:00 | 18:00 | 18:00 | | |

**Project : Atal Canada**

| | | | | | | | | Total Billable |
|---|---|---|---|---|---|---|---|---|
| Working Hours | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | | | 40.00 |
| Lunch Hours | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | | | 0.00 |
| Total Hrs | 8.50 | 8.50 | 8.50 | 8.50 | 8.50 | 0.00 | 0.00 | 40.00 |

_____ 10/23/00
Employee Signature   Date

_____ 10/23/00
Team Leader Signature  Date

_____
Manager Signature  Date

# AMTEX SYSTEMS INC.

# Invoice

50 Broad Street, SUITE# 801,
New York, NY 10004.
Tel: 212-269-6448, FAX:212-269-6458

| DATE | INVOICE # |
|------|-----------|
| 10/23/2000 | 3179 |

**BILL TO**

March First
Attn: Wiet Radimer
Tel:212 372 9042
Fax :212 372 4030

| P.O. NO. | TERMS | DUE DATE | PROJECT |
|----------|-------|----------|---------|
|          |       | 10/23/2000 | Basava Raju |

| CONSULTANTS | HOURS | DESCRIPTION | RATE | AMOUNT |
|-------------|-------|-------------|------|--------|
| Basava Raju | 40 | Consulting service for the week ending 10/15/00 | 100.00 | 4,000.00 |

We appreciate your prompt payment.Please remit to the above address.

**Total** $4,000.00



# AMTEX SYSTEMS INC.

50 Broad Street, SUITE# 801,
New York, NY 10004.
Tel: 212-269-6448, FAX:212-269-6458

# Invoice

| DATE | INVOICE # |
|---|---|
| 11/14/2000 | 3342 |

**BILL TO**

March first
Attn: Mark Kieffer
105, 17th street
3rd floor,
New York, NY 10003.

| P.O. NO. | TERMS | DUE DATE | PROJECT |
|---|---|---|---|
| | | 11/14/2000 | Kavita Mehta |

| CONSULTANTS | HOURS | DESCRIPTION | RATE | AMOUNT |
|---|---|---|---|---|
| Kavitha Mehta | 40 | Consulting service for the week ending 11/12/00 | 105.00 | 4,200.00 |

We appreciate your prompt payment. Please remit to the above address.

**Total** $4,200.00

**AMTEX SYSTEMS**
Tel: 212-380-8448
Fax: 212-380-8458

Week Ending: 11/12/00

Name: KAVITA MEHTA
Client: march/FIRST

| Date | Mon 11/6 | Tue 11/7 | Wed 11/8 | Thu 11/9 | Fri 11/10 | Sat 11/11 | Sun 11/12 |
|------|------|------|------|------|------|------|------|
| Start | 9:00 | 9:00 | 9:00 | 9:00 | 9:00 | | |
| End | 17:30 | 17:30 | 17:30 | 17:30 | 17:30 | | |

| Project: Audi Canada | | | | | | | | Total Billable |
|---|---|---|---|---|---|---|---|---|
| Regular Hrs | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | | | 40.00 |
| Overtime Hrs | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Total Hrs | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 0.00 | 0.00 | 40.00 |

Employee Signature  Date    11/13/00

Team Leader Signature  Date    11/13/00

Manager Signature  Date

# AMTEX SYSTEMS INC.

50 Broad Street, SUITE# 801,
New York, NY 10004.
Tel: 212-269-6448, FAX:212-269-6458

# Invoice

| DATE | INVOICE # |
|------|-----------|
| 10/31/2000 | 3269 |

**BILL TO**

March first
Attn: Wiet Radimer
Tel:212 372 9042
Fax :212 372 4030

| P.O. NO. | TERMS | DUE DATE | PROJECT |
|----------|-------|----------|---------|
| | | 10/31/2000 | Kavita Mehta |

| CONSULTANTS | HOURS | DESCRIPTION | RATE | AMOUNT |
|-------------|-------|-------------|------|--------|
| Kavitha Mehta | 40 | Consulting service for the week ending 11/5/00 | 105.00 | 4,200.00 |

We appreciate your prompt payment.Please remit to the above address.

**Total**   $4,200.00

**AMTEX SYSTEMS**
Tel: 212-369-6448
Fax: 212-369-6458

Name: KAVITA MEHTA
Client: mexchFIRST

Week Ending: 11/5/00

| Date | Mon 10/30 | Tue 10/31 | Wed 11/1 | Thu 11/2 | Fri 11/3 | Sat 11/4 | Sun 11/5 |
|---|---|---|---|---|---|---|---|
| Start | 9:00 | 9:00 | 9:00 | 9:00 | 9:00 | | |
| End | 17:30 | 17:30 | 17:30 | 17:30 | 17:30 | | |

| Project: Audi Canada | | | | | | | | Total Billable |
|---|---|---|---|---|---|---|---|---|
| Billable Hrs | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | | | 40.00 |
| Break Hrs | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | | | 0.00 |
| Total Hrs | 8.30 | 8.30 | 8.30 | 8.30 | 8.30 | 0.00 | 0.00 | 40.00 |

Employee Signature  Date   11/05/00

Team Leader Signature Date   11/05/00

Manager Signature  Date   11/6/00

# AMTEX SYSTEMS INC.

# Invoice

50 Broad Street, SUITE# 801,
New York, NY 10004.
Tel: 212-269-6448, FAX:212-269-6458

| DATE | INVOICE # |
|------|-----------|
| 11/2/2000 | 3233 |

**BILL TO**

March first
Attn: Wiet Radimer
Tel:212 372 9042
Fax :212 372 4030

| P.O. NO. | TERMS | DUE DATE | PROJECT |
|----------|-------|----------|---------|
|          |       | 11/2/2000 | Kavita Mehta |

| CONSULTANTS | HOURS | DESCRIPTION | RATE | AMOUNT |
|-------------|-------|-------------|------|--------|
| Kavitha Mehta | 40 | Consulting service for the week ending 10/29/00 | 105.00 | 4,200.00 |

We appreciate your prompt payment.Please remit to the above address.

**Total**     $4,200.00

**AMTEX SYSTEMS**
Tel: 212-269-6448
Fax: 212-269-6458

Name: KAVITA MEHTA
Client: amchFIRST

Week Ending:    10/29/00

| Date | Mon 10/16 | Tue 10/17 | Wed 10/18 | Thu 10/19 | Fri 10/20 | Sat 10/21 | Sun 10/22 |
|---|---|---|---|---|---|---|---|
| Start | 9:00 | 9:00 | 9:00 | 9:00 | 9:00 | | |
| End | 17:30 | 17:30 | 17:30 | 17:30 | 17:30 | | |

| Project: Amt Console | | | | | | | | Total Billable |
|---|---|---|---|---|---|---|---|---|
| Working Hrs | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | | | 40.00 |
| Lunch Hrs | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | | | 0.00 |
| Total Hrs | 8.50 | 8.50 | 8.50 | 8.50 | 8.50 | 0.00 | 0.00 | 40.00 |

_Kavita_ 10/30/00
Employee Signature   Date

_signature_ 10/30/00
Team Leader Signature   Date

_signature_ 10/30/00
Manager Signature   Date

# AMTEX SYSTEMS INC.

50 Broad Street, SUITE# 801,
New York, NY 10004.
Tel: 212-269-6448, FAX:212-269-6458

# Invoice

| DATE | INVOICE # |
|------|-----------|
| 10/23/2000 | 3189 |

BILL TO

March first
Attn: Wiet Radimer
Tel:212 372 9042
Fax :212 372 4030

| P.O. NO. | TERMS | DUE DATE | PROJECT |
|----------|-------|----------|---------|
| | | 10/23/2000 | Kavita Mehta |

| CONSULTANTS | HOURS | DESCRIPTION | RATE | AMOUNT |
|-------------|-------|-------------|------|--------|
| Kavitha Mehta | 40 | Consulting service for the week ending 10/22/00 | 105.00 | 4,200.00 |

We appreciate your prompt payment.Please remit to the above address.

| **Total** | $4,200.00 |
|-----------|-----------|

AMTEX SYSTEMS
Tel: 212-269-6448
Fax: 212-269-6458

Name: KAVITA MEHTA
Client: marchFIRST

Week Ending: 10/22/00

| | Mon | Tue | Wed | Thu | Fri | Sat | Sun |
|---|---|---|---|---|---|---|---|
| Date | 10/16 | 10/17 | 10/18 | 10/19 | 10/20 | 10/21 | 10/22 |
| Start | 9:00 | 9:00 | 9:00 | 9:00 | 9:00 | | |
| End | 17:30 | 17:30 | 17:30 | 17:30 | 17:30 | | |

| | | | | | | | | Total Billable |
|---|---|---|---|---|---|---|---|---|
| Subtotal Reg Canada | 8:00 | 8:00 | 8:00 | 8:00 | 8:00 | | | 40.00 |
| Billing Rate | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | | 0.00 | 0.00 |
| Lunch Hrs | 8:30 | 8:30 | 8:30 | 8:30 | 8:30 | 0.00 | 0.00 | 40.00 |
| Total Hrs | | | | | | | | |

_Kavita_ 10/23/00
Employee Signature  Date

_____ 10/23/00
Team Leader Signature  Date

_Krishna Rau_
Manager Signature  Date

# AMTEX SYSTEMS INC.

50 Broad Street, SUITE# 801,
New York, NY 10004.
Tel: 212-269-6448, FAX:212-269-6458

# Invoice

| DATE | INVOICE # |
|---|---|
| 10/23/2000 | 3180 |

**BILL TO**

March first
Attn: Wiet Radimer
Tel:212 372 9042
Fax :212 372 4030

| P.O. NO. | TERMS | DUE DATE | PROJECT |
|---|---|---|---|
| | | 10/23/2000 | Kavita Mehta |

| CONSULTANTS | HOURS | DESCRIPTION | RATE | AMOUNT |
|---|---|---|---|---|
| Kavitha Mehta | 32 | Consulting service for the week ending 10/15/00 | 105.00 | 3,360.00 |

We appreciate your prompt payment.Please remit to the above address.

| **Total** | **$3,360.00** |
|---|---|



# MS INC.

# Invoice

| DATE | INVOICE # |
|------|-----------|
| 12/1/2000 | 3478 |

BILL TO

March first
Attn: Mark Kieffer
105, 17th street
3rd floor,
New York, NY 10003.

| P.O. NO. | TERMS | DUE DATE | PROJECT |
|----------|-------|----------|---------|
| | | 12/1/2000 | Kavita Mehta |

| CONSULTANTS | HOURS | DESCRIPTION | RATE | AMOUNT |
|-------------|-------|-------------|------|--------|
| Kavitha Mehta | 40 | Consulting service for the week ending 12/1/00 | 105.00 | 4,200.00 |

We appreciate your prompt payment. Please remit to the above address.

| **Total** | **$4,200.00** |
|-----------|---------------|

AMTEX SYSTEMS
Tel: 212-269-6449
Fax: 212-269-6458

Name: KAVITA MEHTA
Client: marchFIRST

Week Ending:                12/1/00



| Date | Mon 11/27 | Tue 11/28 | Wed 11/29 | Thu 11/30 | Fri 12/1 | Sat | Sun |
|---|---|---|---|---|---|---|---|
| Start | 9:00 | 9:00 | 9:00 | 9:00 | 9:00 | | |
| End | 17:30 | 17:30 | 17:30 | 17:30 | 17:30 | | |

| | Mon | Tue | Wed | Thu | Fri | Sat | Sun | Billable Hrs. |
|---|---|---|---|---|---|---|---|---|
| Total Hrs. | 8:00 | 8:00 | 8:00 | 8:00 | 8:00 | | | 40.00 |
| Lunch Hrs | 0:30 | 0:30 | 0:30 | 0:30 | 0:30 | | | 0.00 |
| Total Hrs | 8:30 | 8:30 | 8:30 | 8:30 | 8:30 | | | 40.00 |

Employee Signature    Date    12/1/00

Team Leader Signature    Date

Manager Signature    Date

# AMTEX SYSTEMS INC.

# Invoice

50 Broad Street, SUITE# 801,
New York, NY 10004.
Tel: 212-269-6448, FAX:212-269-6458

| DATE | INVOICE # |
|------|-----------|
| 11/27/2000 | 343B |

BILL TO

March first
Attn: Mark Kieffer
105, 17th street
3rd floor,
New York, NY 10003.

| P.O. NO. | TERMS | DUE DATE | PROJECT |
|----------|-------|----------|---------|
|          |       | 11/27/2000 | Kavita Mehta |

| CONSULTANTS | HOURS | DESCRIPTION | RATE | AMOUNT |
|-------------|-------|-------------|------|--------|
| Kavitha Mehta | 24 | Consulting service for the week ending 11/26/00 | 105.00 | 2,520.00 |

We appreciate your prompt payment.Please remit to the above address.

| **Total** | $2,520.00 |
|-----------|-----------|

**AIRTEX SYSTEMS**
Tel: 212-269-9448
Fax: 212-269-9458

Name: KAVITA MEHTA
Client: march-FIRST

Week Ending:    11/26/00

| Date | Mon 11/20 | Tue 11/21 | Wed 11/22 | Thu 11/23 | Fri 11/24 | Sat 11/25 | Sun 11/26 |
|------|------|------|------|------|------|------|------|
| Start | 9:00 | 9:00 | 9:00 | | | | |
| End | 17:30 | 17:30 | 17:30 | | | | |

| Project Audit 94 Azuri | | | | | | | | Billable Hrs |
|------|------|------|------|------|------|------|------|------|
| Working Hrs | 8.00 | 8.00 | 8.00 | | | | | 24.00 |
| Lunch Hrs | 0.30 | 0.30 | 0.30 | | | | | 0.00 |
| Total Hrs | 8.30 | 8.30 | 8.30 | | | | | 24.30 |

Kavita                                   11/27/00
Employee Signature  Date

Team Leader Signature  Date

Manager Signature  Date

# AMTEX SYSTEMS INC.

# Invoice

50 Broad Street, SUITE# 801,
New York, NY 10004.
Tel: 212-269-6448, FAX:212-269-6458

| DATE | INVOICE # |
|------|-----------|
| 11/21/2000 | 3413 |

**BILL TO**

March first
Attn: Mark Kieffer
105, 17th street
3rd floor,
New York, NY 10003.

| P.O. NO. | TERMS | DUE DATE | PROJECT |
|----------|-------|----------|---------|
| | | 11/21/2000 | Kavita Mehta |

| CONSULTANTS | HOURS | DESCRIPTION | RATE | AMOUNT |
|-------------|-------|-------------|------|--------|
| Kavitha Mehta | 40 | Consulting service for the week ending 11/19/00 | 105.00 | 4,200.00 |

We appreciate your prompt payment.Please remit to the above address.

| **Total** | **$4,200.00** |
|-----------|---------------|

AMTEX SYSTEMS
Tel: 212-398-9448
Fax: 212-398-6458

Name: KAVITA MEHTA
Client: marchFIRST

Week Ending: 11/19/00

| Date | Mon 11/13 | Tue 11/14 | Wed 11/15 | Thu 11/16 | Fri 11/17 | Sat 11/18 | Sun 11/19 |
|------|------|------|------|------|------|------|------|
| Start | 9:00 | 9:00 | 9:30 | 9:00 | 9:00 | | |
| End | 17:30 | 17:30 | 17:30 | 17:30 | 17:30 | | |

| For the Above Calendar | | | | | | | | Billable Hrs |
|------|------|------|------|------|------|------|------|------|
| Working Hrs | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 | | | 20.00 |
| Regular Back to Back Hours | | | | | | | | |
| Worked Hrs | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 | | | 20.00 |
| Lunch Hrs | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | | | |
| Total Hrs | 8.30 | 8.30 | 8.30 | 8.30 | 8.30 | 0.00 | 0.00 | 40.00 |

Employee Signature   Date   11/20/00

Team Leader Signature   Date   11/24/00

Manager Signature   Date

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| marchFIRST, INC., et al., | ) | Case No. 01 B 24742 |
| | ) | |
| Debtor. | ) | Honorable John D. Schwartz |
| | ) | |
| _____ | ) | |
| | ) | |
| ANDREW J. MAXWELL, Trustee | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 03 A 00273 |
| v. | ) | |
| | ) | |
| Amtex Systems Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

To:　　Steven S. Potts and Zane L. Zielinski, Law Offices of Andrew J. Maxwell, 105 W. Adams Street,
　　　　Suite 3200, Chicago, IL　60603

　　　　The undersigned, being first duly sworn on oath, deposes and states that she personally served the above and foregoing **Responses Of Defendant, Amtex Systems Inc., To Trustee's First Document Request to Defendant Amtex Systems, Inc.,** upon Steven S. Potts and Zane L. Zielinski, Law Offices of Andrew J. Maxwell, 105 W. Adams Street, Suite 3200, Chicago, IL　60603, by hand delivery of a true copy thereof, on the 24th day of February, 2004, before the hour of 5:00 p.m. from 53 West Jackson Blvd., Chicago, Illinois.

　　　　Pursuant to Local Bankruptcy Rule, the original of the **Responses Of Defendant, Amtex Systems Inc., To Trustee's First Document Request to Defendant Amtex Systems, Inc.** shall be retained in the files of Defendant's counsel and not filed with the Clerk of the U.S. Bankruptcy Court.

_Karen Miller_

SUBSCRIBED AND SWORN to before
me this 24th day of February, 2004.

_Debra J Kaput_
NOTARY PUBLIC

> OFFICIAL SEAL
> DEBRA J KAPUT
> Notary Public, State of Illinois
> My Commission Exp. 07/12/2004

Joel A. Schechter
Attorney No. 03122099
LAW OFFICES OF JOEL A. SCHECHTER
53 West Jackson Boulevard, Suite 1025
Chicago, Illinois 60604; (312) 332-0267

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| marchFIRST, INC., et al., | ) | Case No. 01 B 24742 |
| | ) | |
| Debtor. | ) | Honorable John D. Schwartz |
| | ) | |
| | ) | |
| ANDREW J. MAXWELL, Trustee | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 03 A 00273 |
| v. | ) | |
| | ) | |
| Amtex Systems Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## RESPONSE OF DEFENDANT, AMTEX SYSTEMS, INC. TO TRUSTEE'S FIRST DOCUMENT REQUEST TO DEFENDANT AMTEX SYSTEMS INC.

NOW COMES the Defendant, Amtex Systems Inc., (hereinafter referred to as Defendant), by and through its attorney, Joel A. Schechter of the Law Offices of Joel A. Schechter, and as and for its responses to Trustee's First Document Request to Defendant Amtex Systems Inc., states as follows:

II.   Documents Requested

1.      Produce all documents that you identified, or that were requested to be identified, in response to the Trustee's First Set of Interrogatories to Defendant Amtex Systems, Inc. that was served on you simultaneously herewith.

**Response:**

All documents responsive to this request were produced with the exception of any documents to be obtained regarding the usual and customary standards and practices of payment in Defendant's industry.

2.      Produce all documents that relate to each Request to Admit that you either denied or to which you did not make an unqualified admission.

**Response:**

See answer above.

Respectfully submitted,

AMTEX SYSTEMS, INC.

By: _____
Its Attorney

2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| marchFIRST, INC., et al., | ) | Case No. 01 B 24742 |
| | ) | |
| Debtor. | ) | Honorable John D. Schwartz |
| | ) | |
| | ) | |
| ANDREW J. MAXWELL, Trustee | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 03 A 00273 |
| v. | ) | |
| | ) | |
| Amtex Systems Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

To:     Steven S. Potts and Zane L. Zielinski, Law Offices of Andrew J. Maxwell, 105 W. Adams Street,
          Suite 3200, Chicago, IL   60603

The undersigned, being first duly sworn on oath, deposes and states that she personally served the above and foregoing **Answers Of Defendant, Amtex Systems Inc., To Trustee's First Request for Admissions to Defendant Amtex Systems, Inc.,** upon Steven S. Potts and Zane L. Zielinski, Law Offices of Andrew J. Maxwell, 105 W. Adams Street, Suite 3200, Chicago, IL   60603, by hand delivery of a true copy thereof, on the 23rd day of February, 2004, before the hour of 5:00 p.m. from 53 West Jackson Blvd., Chicago, Illinois.

Pursuant to Local Bankruptcy Rule, the original of the **Answers Of Defendant, Amtex Systems Inc., To Trustee's First Request for Admissions to Defendant Amtex Systems, Inc.** shall be retained in the files of Defendant's counsel and not filed with the Clerk of the U.S. Bankruptcy Court.

*Karen Miller*

SUBSCRIBED AND SWORN to before
me this 23rd day of February, 2004.

*Debra J Kaput*
NOTARY PUBLIC

OFFICIAL SEAL
DEBRA J KAPUT
Notary Public, State of Illinois
My Commission Exp. 07/12/2004

Joel A. Schechter
Attorney No. 03122099
LAW OFFICES OF JOEL A. SCHECHTER
53 West Jackson Boulevard, Suite 1025
Chicago, Illinois 60604; (312) 332-0267

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| marchFIRST, INC., et al., | ) | Case No. 01 B 24742 |
| | ) | |
| Debtor. | ) | Honorable John D. Schwartz |
| | ) | |
| | ) | |
| ANDREW J. MAXWELL, Trustee | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 03 A 00273 |
| v. | ) | |
| | ) | |
| Amtex Systems Inc., | ) | |
| | ) | |
| Defendant. | ) | |

### ANSWERS OF DEFENDANT, AMTEX SYSTEMS, INC. TO TRUSTEE'S
### FIRST REQUEST FOR ADMISSIONS TO DEFENDANT AMTEX SYSTEMS INC.

NOW COMES the Defendant, Amtex Systems Inc., (hereinafter referred to as Defendant), by and through

its attorney, Joel A. Schechter of the Law Offices of Joel A. Schechter, and as and for its answers to Trustee's

First Request for Admissions to Defendant Amtex Systems Inc., states as follows:

1.     Preference Payment 163300 was not intended by Debtor and Defendant to be a

contemporaneous exchange for new value given to Debtor.

**ANSWER:**

Admits.

2.     Preference Payment 163300 was not a substantially contemporaneous exchange for new

value given to Debtor.

**ANSWER:**

Admits.

3.     Preference Payment 163300 was not made within the time required by the applicable

payment terms agreed by and between Debtor and Defendant.

**ANSWER:**

Denies. The payment terms agreed by and between the Debtor and the Defendant were that the invoices for services performed would be generated on a bi-weekly basis and that payment would be made "after 30 days".

4.      Preference Payment 163300 was not a payment for a debt incurred by Debtor in the ordinary course of business or financial affairs of Debtor and Defendant.

**ANSWER:**

Denies. The payment terms agreed by and between the Debtor and the Defendant were that the invoices for services performed would be generated on a bi-weekly basis and that payment would be made "after 30 days".

5.      Preference Payment 1623300 was not made in the ordinary course of business or financial affairs of Debtor and Defendant.

**ANSWER:**

Denies. The payment terms agreed by and between the Debtor and the Defendant were that the invoices for services performed would be generated on a bi-weekly basis and that payment would be made "after 30 days".

6.      Preference Payment 163300 was not made according to business terms that are ordinary within Defendant's industry as a whole.

**ANSWER:**

Denies. The payment was made according to ordinary business terms within the industry as a whole.

7.      Defendant did not give subsequent new value, which remained unpaid as of the Petition Date, to or for the benefit of Debtor after the receipt of Preference Payment 163300.

**ANSWER:**

Admits.

8.        Preference Payment 163763 was not intended by Debtor and Defendant to be a contemporaneous exchange for new value given to Debtor.

**ANSWER:**

Admits.

9.        Preference Payment 163763 was not a substantially contemporaneous exchange for new value given to Debtor.

**ANSWER:**

Admits.

10.       Preference Payment 163763 was not made within the time required by the applicable payment terms agreed by and between Debtor and Defendant.

**ANSWER:**

Denies.  The payment terms agreed by and between the Debtor and the Defendant were that the invoices for services performed would be generated on a bi-weekly basis and that payment would be made "after 30 days".

11.       Preference Payment 163763 was not a payment for a debt incurred by Debtor in the ordinary course of business or financial affairs of Debtor and Defendant.

**ANSWER:**

Denies.  The payment terms agreed by and between the Debtor and the Defendant were that the invoices for services performed would be generated on a bi-weekly basis and that payment would be made "after 30 days".

12.       Preference Payment 163763 was not made in the ordinary course of business or financial affairs of Debtor and Defendant.

**ANSWER:**

Denies.  The payment terms agreed by and between the Debtor and the Defendant were that the invoices for services performed would be generated on a bi-weekly basis and that payment would be made "after 30 days".

13.    Preference Payment 163763 was not made according to business terms that are ordinary within Defendant's industry as a whole.

**ANSWER:**

Denies.  The payment was made according to ordinary business terms within the industry as a whole.

14.    Defendant did not give subsequent new value, which remained unpaid as of the Petition Date, to or for the benefit of Debtor after the receipt of Preference Payment 163763.

**ANSWER:**

Admits.

15.    Preference Payment 164447 was not intended by Debtor and Defendant to be a contemporaneous exchange for new value given to Debtor.

**ANSWER:**

Admits.

16.    Preference Payment 164447 was not a substantially contemporaneous exchange for new value given to Debtor.

**ANSWER:**

Admits.

17.    Preference Payment 164447 was not made within the time required by the applicable payment terms agreed by and between Debtor and Defendant.

**ANSWER:**

Denies. The payment terms agreed by and between the Debtor and the Defendant were that the invoices for services performed would be generated on a bi-weekly basis and that payment would be made "after 30 days".

18.    Preference Payment 164447 was not a payment for a debt incurred by Debtor in the ordinary course of business or financial affairs of Debtor and Defendant.

**ANSWER:**

Denies. The payment terms agreed by and between the Debtor and the Defendant were that the invoices for services performed would be generated on a bi-weekly basis and that payment would be made "after 30 days".

19.    Preference Payment 164447 was not made in the ordinary course of business or financial affairs of Debtor and Defendant.

**ANSWER:**

Denies. The payment terms agreed by and between the Debtor and the Defendant were that the invoices for services performed would be generated on a bi-weekly basis and that payment would be made "after 30 days".

20.    Preference Payment 164447 was not made according to business terms that are ordinary within Defendant's industry as a whole.

**ANSWER:**

Denies. The payment was made according to ordinary business terms within the industry as a whole.

21.    Defendant did not give subsequent new value, which remained unpaid as of the Petition Date, to or for the benefit of Debtor after the receipt of Preference Payment 164447.

**ANSWER:**

Admits.

22.    Preference Payment 164748 was not intended by Debtor and Defendant to be a contemporaneous exchange for new value given to Debtor.

**ANSWER:**

Admits.

23.    Preference Payment 164748 was not a substantially contemporaneous exchange for new value given to Debtor.

**ANSWER:**

Admits.

24.    Preference Payment 164748 was not made within the time required by the applicable payment terms agreed by and between Debtor and Defendant.

**ANSWER:**

Denies.  The payment terms agreed by and between the Debtor and the Defendant were that the invoices for services performed would be generated on a bi-weekly basis and that payment would be made "after 30 days".

25.    Preference Payment 164748 was not a payment for a debt incurred by Debtor in the ordinary course of business or financial affairs of Debtor and Defendant.

**ANSWER:**

Denies.  The payment terms agreed by and between the Debtor and the Defendant were that the invoices for services performed would be generated on a bi-weekly basis and that payment would be made "after 30 days".

26.    Preference Payment 164748 was not made in the ordinary course of business or financial affairs of Debtor and Defendant.

**ANSWER:**

Denies.  The payment terms agreed by and between the Debtor and the Defendant were that the invoices for services performed would be generated on a bi-weekly basis and that payment would be made "after 30 days".

27.    Preference Payment 164748 was not made according to business terms that are ordinary within Defendant's industry as a whole.

**ANSWER:**

Denies.  The payment was made according to ordinary business terms within the industry as a whole.

28.    Defendant did not give subsequent new value, which remain unpaid as of the Petition Date, to or for the benefit of Debtor after the receipt of Preference Payment 164748.

**ANSWER:**

Admits.

Respectfully submitted,

AMTEX SYSTEMS INC., Defendant

By: _____
Its attorney

Joel A. Schechter
Attorney No. 03122099
Law Offices of Joel A. Schechter
53 W. Jackson Boulevard, Suite 1025
Chicago, Illinois 60604
(312) 332-0267

M:\marchFIRST\Preferences\Amtex Systems (appealed)\Appeal\Tr Designation Add Items.doc

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re | ) | Chapter 7 |
|  | ) |  |
| marchFIRST INC., et al., | ) | Case No. 01 B 24742 |
|  | ) | (Substantively Consolidated) |
| Debtors. | ) |  |
| _____ | ) | Hon. John D. Schwartz |
|  | ) |  |
| ANDREW J. MAXWELL, Trustee, | ) |  |
|  | ) |  |
| Plaintiff-Appellee, | ) |  |
| v. | ) | Adv. No. 03 A 00273 |
|  | ) |  |
| AMTEX SYSTEMS, INC., | ) |  |
|  | ) |  |
| Defendant-Appellant. | ) |  |

## TRUSTEE'S DESIGNATION OF ADDITIONAL
## ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

Andrew J. Maxwell, Trustee and Plaintiff-Appellee, by and through his attorneys, hereby submits his Designation of Additional Items to be Included in the Record on Appeal pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure:

## DESIGNATION OF ADDITIONAL ITEMS
## TO BE INCLUDED IN THE RECORD ON APPEAL

| Docket No. | Date | Document Title |
|---|---|---|
| 42 | 01/18/2007 | Motion of Defendant, Amtex Systems, Inc. To Extend Time For Completion of Discovery and To Disclose Experts |
| 44 | 02/22/2007 | Order Extending Time To Complete Discovery and For Other Relief |
| 46 | 03/30/2007 | Motion of Defendant, Amtex Systems, Inc. to Extend Time For Completion of Discovery and To Disclose Experts |
| 48 | 04/12/2007 | Order Extending Time To Complete Discovery and For Other Relief |

| 49 | 05/15/2007 | Motion of Defendant, Amtex Systems, Inc. to Extend Time For Completion of Discovery and To Disclose Experts |
| 51 | 05/17/2007 | Order Extending Time To Complete Discovery and For Other Relief |
| 52 | 06/18/2007 | Motion of Defendant, Amtex Systems, Inc. to Extend Time For Completion of Discovery and To Disclose Experts |
| 54 | 06/21/2007 | Order Extending Time To Complete Discovery and For Other Relief |
| 56 | 07/19/2007 | (Minute Order ) - Order Extending Time to Disclose Experts |

Dated: February 8, 2008

Respectfully submitted,
ANDREW J. MAXWELL, Trustee

By: /s/ Vikram R. Barad
One of his attorneys


Vikram R. Barad (ARDC #6277076)
Jaclyn H. Smith (ARDC #6284016)
Maxwell & Potts, LLC
105 West Adams Street, Suite 3200
Chicago, Illinois 60603
(312) 368-1138

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| marchFIRST INC., et al., | ) | Case No. 01 B 24742 |
| | ) | (Substantively Consolidated) |
| Debtors. | ) | |
| | ) | Hon. John D. Schwartz |
| ———————————— | ) | |
| | ) | |
| ANDREW J. MAXWELL, Trustee, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| v. | ) | Adv. No. 03 A 00273 |
| | ) | |
| AMTEX SYSTEMS, INC., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a copy of the foregoing **Trustee's Designation of Additional Items To Be Included In The Record On Appeal** to be served upon:

Joel A. Schechter, Esq.
Law Offices of Joel. A. Schechter
53 W. Jackson Blvd., Suite 1025
Chicago, Illinois 60604

pursuant to Section II(B)(4) of the Administrative Procedures for the Case Management/Electronic Case Filing System through the Court's Electronic Notice for Registrants, on February 8, 2008.

/s/ Vikram R. Barad

Vikram R. Barad (ARDC #6277076)
Jaclyn H. Smith (ARDC #6284016)
Maxwell & Potts, LLC
105 West Adams Street, Suite 3200
Chicago, Illinois 60603
(312) 368-1138

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| marchFIRST, INC., et al., | ) | Case No. 01-24742 |
| | ) | (Substantively Consolidated) |
| | ) | |
| Debtor. | ) | Honorable John D. Schwartz |
| | ) | Chapter 7 |
| ANDREW J. MAXWELL, Trustee | ) | |
| | ) | |
| Plaintiff. | ) | Adversary No. 03-00273 |
| v. | ) | |
| | ) | |
| Amtex Systems Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF APPEAL

AMTEX SYSTEMS, INC., the Defendant in the above referenced adversary proceeding, appeals under 28 U.S.C. §158(a) from the final judgment entered on December 19, 2007, against Defendant with respect to Plaintiff's complaint.

A copy of the final judgement entered against the Defendant is attached hereto.

The names of all parties to the judgment appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

Plaintiff. Andrew J. Maxwell, Trustee

Counsel: Andrew J. Maxwell, Vikram R. Barad, Jaclyn H. Smith, Maxwell & Potts. LLC. 105 West Adams Street, Suite 3200, Chicago, IL 60603, (312) 368-1138, Facsimile (312) 368-1080

Defendant, Amtex Systems. Inc.

Counsel: Joel A. Schechter. Law Offices of Joel A. Schechter, 53 West Jackson

Boulevard, Suite 1025, Chicago, IL 60604, (312) 332-0267, Facsimile (312) 939-4714

Dated: January 19, 2008                    Respectfully submitted.

                                          AMTEX SYSTEMS. INC., Defendant

                                          By:   /s/ Joel A. Schechter
                                                Its Attorney

Joel A. Schechter
Attorney No. 03122099
LAW OFFICES OF JOEL A. SCHECHTER
53 West Jackson Boulevard, Suite 1025
Chicago, Illinois 60604
(312) 332-0267

2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| marchFIRST, INC.. et al., | ) | Case No. 01-24742 |
| | ) | (Substantively Consolidated) |
| | ) | |
| Debtors | ) | Honorable John D. Schwartz |
| | ) | Chapter 7 |
| ANDREW J. MAXWELL, Trustee | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 03-00273 |
| v. | ) | |
| | ) | |
| Amtex Systems Inc., | ) | |
| | ) | |
| Defendant | ) | |

## NOTICE OF FILING

To:    Andrew J. Maxwell, Vikram R. Barad, Jaclyn H. Smith, Maxwell & Potts. LLC
105 West Adams Street, Suite 3200, Chicago, IL 60603

**PLEASE TAKE NOTICE** that on the 19th day of January, 2008, I have caused to be electronically filed with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division. **NOTICE OF APPEAL**. a copy of which is attached hereto and herewith served on you.

_/s/ Joel A. Schechter_

## CERTIFICATE OF SERVICE

The undersigned certifies that he served a copy of this notice of filing and notice of appeal on the above named parties by placing a copy into the United States Mail, postage prepaid, from 53 West Jackson Boulevard, Chicago. IL 60604 on January 19, 2008, before the hour of 5:00 p.m.

_/s/ Joel A. Schechter_

Joel A. Schechter
Attorney No. 03122099
Law Offices of Joel A. Schechter
53 W. Jackson Blvd., Suite 1025
Chicago. IL  60604; (312) 332-0267

M:\marchFIRST\Preferences\Amtex Systems (appealed)\Appeal\Tr Designation Add Items.doc

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| marchFIRST INC., et al., | ) | Case No. 01 B 24742 |
| | ) | (Substantively Consolidated) |
| Debtors. | ) | |
| _____ | ) | Hon. John D. Schwartz |
| | ) | |
| ANDREW J. MAXWELL, Trustee, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| v. | ) | Adv. No. 03 A 00273 |
| | ) | |
| AMTEX SYSTEMS, INC., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

## TRUSTEE'S DESIGNATION OF ADDITIONAL
## ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

Andrew J. Maxwell, Trustee and Plaintiff-Appellee, by and through his attorneys, hereby submits his Designation of Additional Items to be Included in the Record on Appeal pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure:

## DESIGNATION OF ADDITIONAL ITEMS
## TO BE INCLUDED IN THE RECORD ON APPEAL

| Docket No. | Date | Document Title |
|---|---|---|
| 42 | 01/18/2007 | Motion of Defendant, Amtex Systems, Inc. To Extend Time For Completion of Discovery and To Disclose Experts |
| 44 | 02/22/2007 | Order Extending Time To Complete Discovery and For Other Relief |
| 46 | 03/30/2007 | Motion of Defendant, Amtex Systems, Inc. to Extend Time For Completion of Discovery and To Disclose Experts |
| 48 | 04/12/2007 | Order Extending Time To Complete Discovery and For Other Relief |

| 49 | 05/15/2007 | Motion of Defendant, Amtex Systems, Inc. to Extend Time For Completion of Discovery and To Disclose Experts |
| 51 | 05/17/2007 | Order Extending Time To Complete Discovery and For Other Relief |
| 52 | 06/18/2007 | Motion of Defendant, Amtex Systems, Inc. to Extend Time For Completion of Discovery and To Disclose Experts |
| 54 | 06/21/2007 | Order Extending Time To Complete Discovery and For Other Relief |
| 56 | 07/19/2007 | (Minute Order ) - Order Extending Time to Disclose Experts |

Dated: February 8, 2008

Respectfully submitted,
ANDREW J. MAXWELL, Trustee

By:  /s/ Vikram R. Barad
One of his attorneys

Vikram R. Barad (ARDC #6277076)
Jaclyn H. Smith (ARDC #6284016)
Maxwell & Potts, LLC
105 West Adams Street, Suite 3200
Chicago, Illinois 60603
(312) 368-1138

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| marchFIRST INC., et al., | ) | Case No. 01 B 24742 |
| | ) | (Substantively Consolidated) |
| Debtors. | ) | |
| _____ | ) | Hon. John D. Schwartz |
| | ) | |
| ANDREW J. MAXWELL, Trustee, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| v. | ) | Adv. No. 03 A 00273 |
| | ) | |
| AMTEX SYSTEMS, INC., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a copy of the foregoing **Trustee's Designation of Additional Items To Be Included In The Record On Appeal** to be served upon:

Joel A. Schechter, Esq.
Law Offices of Joel. A. Schechter
53 W. Jackson Blvd., Suite 1025
Chicago, Illinois 60604

pursuant to Section II(B)(4) of the Administrative Procedures for the Case Management/Electronic Case Filing System through the Court's Electronic Notice for Registrants, on February 8, 2008.

/s/ Vikram R. Barad

Vikram R. Barad (ARDC #6277076)
Jaclyn H. Smith (ARDC #6284016)
Maxwell & Potts, LLC
105 West Adams Street, Suite 3200
Chicago, Illinois 60603
(312) 368-1138

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | )   Chapter 7 |
| marchFIRST, INC.. et al.. | ) |
| | )   Case No. 01 B 24742 |
| Debtor. | )   (Jointly Administered) |
| | ) |
| _____ | )   Honorable John D. Schwartz |
| | ) |
| Andrew J. Maxwell, Trustee, | ) |
| | )   Adv. Pro. No. 03 A 00273 |
| Plaintiff. | ) |
| v. | ) |
| | ) |
| Amtex Systems. Inc.. | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF MOTION

To:     Andrew J. Maxwell, Esq.. Vikram R. Barad, Maxwell & Potts, LLC, 105 West
         Adams Street, Suite 3200, Chicago, Illinois 60603
      Office of the United States Trustee, 227 W. Monroe St.. Suite 3350, Chicago, IL 60606

**PLEASE TAKE NOTICE** that on the 15th day of February, 2007, at 10:00 a.m. or as soon
thereafter as counsel may be heard, I shall appear before the Honorable John D. Schwartz in Courtroom
719, in the United States Courthouse, 219 S. Dearborn, Chicago, Illinois, or before any other
Bankruptcy Judge who may be presiding in said Judge's place and stead, and shall then and there move
the Court for the entry of an order in accordance with the attached motion, at which time you may
appear if you so desire.

                              /s/ Joel A. Schechter

## CERTIFICATE OF MAILING

      The undersigned being first duly sworn on oath deposes and says that she personally served the
above and foregoing notice and attached motion on the above parties by depositing the same in the
U.S. Mail on the 17th day of January, 2007, before the hour of 5:00 p.m. from 53 W. Jackson Blvd.,
Chicago. Illinois 60604.

                              /s/ Wanda Anderson

Joel A. Schechter. Attorney No. 03122099
Law Offices of Joel A. Schechter
53 W. Jackson Blvd., Suite 1025
Chicago, IL 60604; (312) 332-0267

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| marchFIRST, INC., et al., | ) | |
| | ) | Case No. 01 B 24742 |
| Debtor. | ) | (Jointly Administered) |
| | ) | |
| | ) | Honorable John D. Schwartz |
| | ) | |
| Andrew J. Maxwell, Trustee, | ) | |
| | ) | Adv. Pro. No. 03 A 00273 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Amtex Systems, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION OF DEFENDANT, AMTEX SYSTEMS, INC., TO EXTEND TIME FOR COMPLETION OF DISCOVERY AND TO DISCLOSE EXPERTS

NOW COMES the Defendant, AMTEX SYSTEMS, INC. (hereinafter referred to as "Defendant"), by and through its attorney, Joel A. Schechter of the Law Offices of Joel A. Schechter, and moves the Court for the entry of an order extending the time to complete discovery and to disclose experts and provide expert reports, and in support thereof states as follows:

1.      That on February 3, 2003, the Trustee, Andrew J. Maxwell (hereinafter referred to as "Trustee") filed his complaint seeking to recover alleged preferential transfers.

2.      That on October 23, 2003, Defendant filed its answer and affirmative defenses.

3.      That status of the adversary proceeding has been continued from time to time and is currently set for February 15, 2007.

4.      That on October 19, 2006, the Trustee designated this adversary proceeding as disputed.

5.     That on November 16, 2006, the Trustee and Defendant filed a joint Rule 26(f) discovery report.

6.     That the said discovery report, based upon previous orders entered by this Court, provided that discovery be closed on January 18. 2007 and that the parties are to disclose experts and provide expert's reports on or before January 18, 2007.

7.     That the amount in controversy is $30,560 and Defendant's counsel has contacted Defendant to inquire as to whether settlement discussions can be entered into between the parties to resolve the pending matter.

8.     That due to the physical location of Defendant and internal changes in personnel, communication between the Defendant and its counsel has been difficult.

9.     That Defendant requests an extension of time to complete discovery and to disclose its experts. if any. and provide expert's reports to and including March 16, 2007.

WHEREFORE, the Defendant, AMTEX SYSTEMS. INC., prays the Honorable Court enter an order extending the time to complete discovery and to disclose experts. if any, and provide expert's reports to and including March 16, 2007 and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

AMTEX SYSTEMS, INC., Defendant

By:   /s/ Joel A. Schechter
          Its Attorney

Joel A. Schechter; Attorney No. 03122099
Law Offices of Joel A. Schechter
53 W. Jackson Blvd., Suite 1025
Chicago, IL  60604
Telephone: (312) 332-0267

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Honorable    John D. Schwartz          Date  February 15, 2007

Case No.    01 B 24742               Adversary No.  03 A 00273

Title of Case    marchFIRST, INC., et. al., Debtor., Andrew J. Maxwell, Trustee, Plaintiff, v.
Amtex Systems, Inc., Defendant.

Brief    Motion of Defendant, Amtex Systems, Inc., to Extend Time For Completion of
Statement
of Motion    Discovery and to Disclose Experts

Names and    Joel A. Schechter, Esq., Law Offices of Joel A. Schechter,
Addresses of
moving counsel    53 W. Jackson  Boulevard, Suite 1025. Chicago, Illinois 60604

Representing    DEFENDANT

# ORDER

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| marchFIRST, INC., et al., | ) | |
| | ) | Case No. 01 B 24742 |
| Debtor. | ) | (Jointly Administered) |
| | ) | |
| _____ | ) | Honorable John D. Schwartz |
| | ) | |
| Andrew J. Maxwell, Trustee, | ) | |
| | ) | Adv. Pro. No. 03 A 00273 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Amtex Systems, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER EXTENDING TIME TO COMPLETE DISCOVERY, DISCLOSE EXPERTS AND PROVIDE EXPERT'S REPORTS

At Chicago, Illinois, this 15th day of February, 2007, before the Honorable John D. Schwartz,

Bankruptcy Judge, in the said District and Division.

This matter coming on for hearing on the motion of the Defendant, Amtex Systems, Inc., for the

extension of time to complete discovery, disclose experts and provide expert's reports; due notice having

been served upon all parties in interest; the Court having jurisdiction and being fully advised in the

premises.

NOW, THEREFORE, IT IS HEREBY ORDERED that the time within which the parties have to

complete discovery, disclose experts and provide expert's reports be, and hereby is, extended to and

including March 16, 2007.

ENTERED:

_____
Bankruptcy Judge

Joel A. Schechter
Attorney No. 03122099
Law Offices of Joel A. Schechter
53 W. Jackson Blvd., Suite 1025
Chicago, IL  60604; (312) 332-0267

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| marchFIRST INC., et al., | ) | Case No. 01 B 24742 |
| | ) | (Substantively Consolidated) |
| Debtors. | ) | |
| | ) | Hon. John D. Schwartz |
| | ) | |
| ANDREW J. MAXWELL, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 03 A 00273 |
| | ) | |
| AMTEX SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER EXTENDING TIME TO
### COMPLETE DISCOVERY AND FOR OTHER RELIEF

This proceeding coming to be heard on the motion of Defendant Amtex Systems, Inc for

the entry of an order extending time to complete discovery, disclose experts and provide expert

reports (the "Motion"); due notice having been served; the Court having jurisdiction and being

fully advised in the premises; it is therefore

ORDERED, notwithstanding anything to the contrary as may be dictated by the Second

Amended Procedures Order, entered October 19, 2006 in the Debtor's bankruptcy case, in this

proceeding between Trustee and Defendant Amtex Systems, Inc.:

A.    That discovery between Trustee and Defendant Amtex Systems, Inc. shall be

completed on or before March 30, 2007;

B.    That any motions to join additional parties or any motions to amend any pleadings

including but not limited to Trustee's adversary complaint and Defendant's answer shall

be filed on or before March 30, 2007;

C.      That all dispositive motions, including any motions seeking summary judgment

shall be filed on or before April 20, 2007; and

D.      That all experts and expert reports shall be disclosed on or before March 30, 2007.

E.      Except as specifically superseded by this Order the provisions of the Original

Procedures Order, the Amended Procedures Order, and the Second Amended Procedures

Order shall remain in full force and effect.

Dated:    **2 2 FEB 2007**

UNITED STATES BANKRUPTCY JUDGE

2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| marchFIRST, INC., et al.. | ) |
| | ) Case No. 01 B 24742 |
| Debtor. | ) (Jointly Administered) |
| | ) |
| | ) Honorable John D. Schwartz |
| | ) |
| Andrew J. Maxwell, Trustee. | ) |
| | ) Adv. Pro. No. 03 A 00273 |
| Plaintiff. | ) |
| v. | ) |
| | ) |
| Amtex Systems. Inc.. | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF MOTION

To:    Andrew J. Maxwell, Esq., Vikram R. Barad, Maxwell & Potts, LLC, 105 West
          Adams Street, Suite 3200, Chicago. Illinois 60603
       Office of the United States Trustee, 227 W. Monroe St.. Suite 3350, Chicago, IL 60606

**PLEASE TAKE NOTICE** that on the 12th day of April, 2007, at 10:30 a.m. or as soon
thereafter as counsel may be heard. I shall appear before the Honorable John D. Schwartz in Courtroom
719. in the United States Courthouse. 219 S. Dearborn, Chicago, Illinois, or before any other
Bankruptcy Judge who may be presiding in said Judge's place and stead, and shall then and there move
the Court for the entry of an order in accordance with the attached motion, at which time you may
appear if you so desire.

                                              /s/ Joel A. Schechter

## CERTIFICATE OF MAILING

       The undersigned being first duly sworn on oath deposes and says that she personally served the
above and foregoing notice and attached motion on the above parties by depositing the same in the
U.S. Mail on the 30th day of March. 2007, before the hour of 5:00 p.m. from 53 W. Jackson Blvd.,
Chicago. Illinois  60604.

                                              /s/ Wanda Anderson

Joel A. Schechter, Attorney No. 03122099
Law Offices of Joel A. Schechter
53 W. Jackson Blvd.. Suite 1025
Chicago. Il. 60604: (312) 332-0267

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| marchFIRST, INC.. et al., | ) | |
| | ) | Case No. 01 B 24742 |
| Debtor. | ) | (Jointly Administered) |
| | ) | |
| | ) | Honorable John D. Schwartz |
| | ) | |
| Andrew J. Maxwell, Trustee. | ) | |
| | ) | Adv. Pro. No. 03 A 00273 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Amtex Systems, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION OF DEFENDANT, AMTEX SYSTEMS, INC., TO EXTEND
## TIME FOR COMPLETION OF DISCOVERY AND TO DISCLOSE EXPERTS

NOW COMES the Defendant. AMTEX SYSTEMS, INC. (hereinafter referred to as

"Defendant"), by and through its attorney, Joel A. Schechter of the Law Offices of Joel A.

Schechter, and moves the Court for the entry of an order extending the time to complete

discovery and to disclose experts and provide expert reports. and in support thereof states as

follows:

1.      That on February 3. 2003. the Trustee, Andrew J. Maxwell (hereinafter referred to

as "Trustee") filed his complaint seeking to recover alleged preferential transfers.

2.      That on October 23, 2003, Defendant filed its answer and affirmative defenses.

3.      That status of the adversary proceeding has been continued from time to time and

is currently set for February 15. 2007.

4.      That on October 19. 2006. the Trustee designated this adversary proceeding as

disputed.

5.    That on November 16, 2006, the Trustee and Defendant filed a joint Rule 26(f)
discovery report.

6.    That the said discovery report, based upon previous orders entered by this Court,
provided that discovery be closed on January 18, 2007 and that the parties are to disclose experts
and provide expert's reports on or before January 18, 2007.

7.    That on February 22, 2007, an order was entered by the Court extending the time
to complete discovery and disclose experts to and including March 30, 2007.

8.    That counsel for Defendant underwent surgery on March 8, 2007 and was out of
the office until on or about March 22, 2007.

9.    That the amount in controversy is $30,560 and Defendant's counsel has contacted
Defendant to inquire as to whether settlement discussions can be entered into between the parties
to resolve the pending matter.

10.    That Defendant requests an extension of time to complete discovery and to
disclose its experts, if any, and provide expert's reports to and including May 15, 2007.

WHEREFORE. the Defendant, AMTEX SYSTEMS, INC.. prays the Honorable Court enter an order extending the time to complete discovery and to disclose experts. if any. and provide expert's reports to and including May 15, 2007 and for such other and further relief as the Court may deem just and proper.

Respectfully submitted.

AMTEX SYSTEMS. INC., Defendant

By: _/s/ Joel A. Schechter_____ _
    Its Attorney

Joel A. Schechter; Attorney No. 03122099
Law Offices of Joel A. Schechter
53 W. Jackson Blvd., Suite 1025
Chicago. IL  60604
Telephone: (312) 332-0267

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Honorable   John D. Schwartz                    Date   April 12, 2007

Case No.    01 B 24742                          Adversary No.   03 A 00273

Title of Case   marchFIRST, INC., et. al., Debtor., Andrew J. Maxwell, Trustee, Plaintiff, v.
Amtex Systems, Inc., Defendant.

Brief           Motion of Defendant, Amtex Systems, Inc., to Extend Time For Completion of
Statement
of Motion       Discovery and to Disclose Experts

Names and       Joel A. Schechter, Esq., Law Offices of Joel A. Schechter,
Addresses of
moving counsel   53 W. Jackson  Boulevard, Suite 1025, Chicago, Illinois 60604

Representing    DEFENDANT

# ORDER

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: )<br><br>marchFIRST. INC.. et al.. )<br><br>Debtor. )<br><br>_____ ) | Chapter 7<br><br>Case No. 01 B 24742<br>(Jointly Administered)<br><br>Honorable John D. Schwartz |
| Andrew J. Maxwell, Trustee. )<br><br>Plaintiff, )<br><br>v. )<br><br>Amtex Systems. Inc.. )<br><br>Defendant. ) | Adv. Pro. No. 03 A 00273 |

### ORDER EXTENDING TIME TO
### COMPLETE DISCOVERY AND FOR OTHER RELIEF

This proceeding coming to be heard on the motion of Defendant. Amtex Systems. Inc.. for the

entry of an order extending time to complete discovery. disclose experts and provide expert reports (the

"Motion"): due notice having been served: the Court having jurisdiction and being fully advised in the

premises; it is therefore

ORDERED. notwithstanding anything to the contrary as may be dictated by the Second

Amended Procedures Order. entered October 19. 2006. in the Debtor's bankruptcy case. in this proceding

between Trustee and Defendant. Amtex Systems. Inc.:

A.   That discovery between Trustee and Defendant. Amtex Systems. Inc. shall be completed

on or before May 15, 2007;

B.   That any motions to join additional parties or any motions to amend any pleadings

including but not limited to Trustee's adversary complaint and Defendant's answer shall

be filed on or before May 15. 2007;

C.   That all dispositive motions. including any motions seeking summary judgment shall be

filed on or before June 5. 2007:

D.    That all experts and expert's reports shall be disclosed on or before May 15, 2007.

E.    Except as specifically superseded by this Order the provisions of the Original Procedures Order, the Amended Procedures Order, and the Second Amended Procedures Order shall remain in full force and effect.

ENTERED:

_____

Dated: _____              Bankruptcy Judge

Joel A. Schechter
Attorney No. 03122099
Law Offices of Joel A. Schechter
53 W. Jackson Blvd., Suite 1025
Chicago, Il. 60604; (312) 332-0267

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 7 )<br>) Case No. 01 B 24742 )<br>) **(Jointly Administered)** )<br>) Honorable John D. Schwartz )<br>) )<br>) Adv. Pro. No. 03 A 00273 ) |
| marchFIRST, INC., et al., Debtor. | |
| Andrew J. Maxwell, Trustee, Plaintiff, | |
| v. | |
| Amtex Systems, Inc., Defendant. | |

**ORDER EXTENDING TIME TO
COMPLETE DISCOVERY AND FOR OTHER RELIEF**

This proceeding coming to be heard on the motion of Defendant, Amtex Systems, Inc., for the entry of an order extending time to complete discovery, disclose experts and provide expert reports (the "Motion"); due notice having been served; the Court having jurisdiction and being fully advised in the premises; it is therefore

ORDERED, notwithstanding anything to the contrary as may be dictated by the **Second Amended** Procedures Order, entered October 2, 2006, in the Debtor's bankruptcy case, **in this proceeding** between Trustee and Defendant, Amtex Systems:

A.    That discovery between Trustee and Defendant, **Amtex Systems**, Inc. shall be completed on or before May 15, 2007;

B.    That any motions to join additional parties, motions to amend any pleadings including but not limited to Trustee's amended complaint and Defendant's answer thereto shall be filed on or before May 15, 2007;

C.    That all dispositive motions, including motions seeking summary judgment shall be filed on or before June 5, 2007;

D.    That all experts and expert's reports shall be disclosed on or before May 15. 2007.

E.    Except as specifically superseded by this Order the provisions of the Original Procedures

Order. the Amended Procedures Order. and the Second Amended Procedures Order shall

remain in full force and effect.

ENTERED:

Dated: **1 2 APR 2007**,

Bankruptcy Judge

Joel A. Schechter
Attorney No. 03122099
Law Offices of Joel A. Schechter
53 W. Jackson Blvd.. Suite 1025
Chicago, IL   60604: (312) 332-0267

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| marchFIRST, INC., et al., | ) |
| | ) Case No. 01 B 24742 |
| Debtor. | ) (Jointly Administered) |
| | ) |
| | ) Honorable John D. Schwartz |
| | ) |
| Andrew J. Maxwell, Trustee, | ) |
| | ) Adv. Pro. No. 03 A 00273 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Amtex Systems, Inc., | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF MOTION

To:    Andrew J. Maxwell, Esq., Vikram R. Barad, Maxwell & Potts, LLC, 105 West
Adams Street, Suite 3200, Chicago, Illinois 60603; **via facsimile no. (312) 368-1080**
Office of the United States Trustee, 227 W. Monroe St., Suite 3350, Chicago, IL 60606;
**via facsimile no. (312) 886-5794**

**PLEASE TAKE NOTICE** that on the 17th day of May, 2007, at 10:30 a.m. or as soon
thereafter as counsel may be heard, I shall appear before the Honorable John D. Schwartz in Courtroom
719, in the United States Courthouse, 219 S. Dearborn, Chicago, Illinois, or before any other
Bankruptcy Judge who may be presiding in said Judge's place and stead, and shall then and there move
the Court for the entry of an order in accordance with the attached motion, at which time you may
appear if you so desire.

/s/ Joel A. Schechter

## CERTIFICATE OF MAILING

The undersigned being first duly sworn on oath deposes and says that she personally served the
above and foregoing notice and attached motion on the above parties via facsimile transmission on the
15th day of May, 2007, before the hour of 4:00 p.m. from 53 W. Jackson Blvd., Chicago, Illinois
60604.

/s/ Wanda Anderson

Joel A. Schechter, Attorney No. 03122099
Law Offices of Joel A. Schechter
53 W. Jackson Blvd., Suite 1025
Chicago, IL 60604; (312) 332-0267

BROADCAST REPORT

```
TIME  : 05/15/2007 14:43
NAME  : JOEL A. SCHECHTER
FAX   : 3129394714
TEL   : 3123320267
SER.# : BROL2J847857
```

| PAGE(S) | 05 |
|---|---|

| DATE | TIME | FAX NO./NAME | DURATION | PAGE(S) | RESULT | COMMENT |
|---|---|---|---|---|---|---|
| 05/15<br>05/15 | 14:40<br>14:42 | 13128865794<br>13123681080 | 01:18<br>59 | 05<br>05 | OK<br>OK | ECM<br>ECM |

```
BUSY: BUSY/NO RESPONSE
NG  : POOR LINE CONDITION
CV  : COVERPAGE
PC  : PC-FAX
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| marchFIRST, INC., et al., | ) | |
| | ) | Case No. 01 B 24742 |
| Debtor. | ) | (Jointly Administered) |
| | ) | |
| | ) | Honorable John D. Schwartz |
| | ) | |
| Andrew J. Maxwell, Trustee. | ) | |
| | ) | Adv. Pro. No. 03 A 00273 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Amtex Systems, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION OF DEFENDANT, AMTEX SYSTEMS, INC., TO EXTEND TIME FOR COMPLETION OF DISCOVERY AND TO DISCLOSE EXPERTS

NOW COMES the Defendant, AMTEX SYSTEMS, INC. (hereinafter referred to as "Defendant"), by and through its attorney, Joel A. Schechter of the Law Offices of Joel A. Schechter, and moves the Court for the entry of an order extending the time to complete discovery and to disclose experts and provide expert reports, and in support thereof states as follows:

1.      That on February 3, 2003, the Trustee, Andrew J. Maxwell (hereinafter referred to as "Trustee") filed his complaint seeking to recover alleged preferential transfers.

2.      That on October 23, 2003, Defendant filed its answer and affirmative defenses.

3.      That status of the adversary proceeding has been continued from time to time and is currently set for February 15, 2007.

4.      That on October 19, 2006, the Trustee designated this adversary proceeding as disputed.

5.     That on November 16, 2006, the Trustee and Defendant filed a joint Rule 26(f) discovery report.

6.     That the said discovery report. based upon previous orders entered by this Court, provided that discovery be closed on January 18, 2007 and that the parties are to disclose experts and provide expert's reports on or before January 18, 2007.

7.     That on April 12, 2007, an order was entered by the Court extending the time to complete discovery and disclose experts to and including May 15, 2007.

8.     That the amount in controversy is $30,560 and Defendant's counsel has contacted Defendant to inquire as to whether settlement discussions can be entered into between the parties to resolve the pending matter.

9.     That Defendant requests an extension of time to complete discovery and to disclose its experts, if any, and provide expert's reports to and including June 18, 2007.

WHEREFORE, the Defendant, AMTEX SYSTEMS, INC., prays the Honorable Court enter an order extending the time to complete discovery and to disclose experts, if any, and provide expert's reports to and including June 18, 2007 and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

AMTEX SYSTEMS, INC., Defendant

By: __/s/ Joel A. Schechter_____
      Its Attorney

Joel A. Schechter; Attorney No. 03122099
Law Offices of Joel A. Schechter
53 W. Jackson Blvd.. Suite 1025
Chicago, IL 60604
Telephone: (312) 332-0267

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Honorable   John D. Schwartz

Date   May 17, 2007

Case No.   01 B 24742

Adversary No.   03 A 00273

Title of Case   marchFIRST, INC., et. al., Debtor., Andrew J. Maxwell, Trustee, Plaintiff, v. Amtex Systems, Inc., Defendant.

Brief Statement of Motion   Motion of Defendant, Amtex Systems, Inc., to Extend Time For Completion of Discovery and to Disclose Experts

Names and Addresses of moving counsel   Joel A. Schechter, Esq., Law Offices of Joel A. Schechter, 53 W. Jackson Boulevard, Suite 1025, Chicago, Illinois 60604

Representing   DEFENDANT

# ORDER

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| marchFIRST, INC., et al.. | ) | |
| | ) | Case No. 01 B 24742 |
| Debtor. | ) | (Jointly Administered) |
| | ) | |
| | ) | Honorable John D. Schwartz |
| | ) | |
| Andrew J. Maxwell. Trustee. | ) | |
| | ) | Adv. Pro. No. 03 A 00273 |
| Plaintiff. | ) | |
| v. | ) | |
| | ) | |
| Amtex Systems. Inc.. | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER EXTENDING TIME TO
## COMPLETE DISCOVERY AND FOR OTHER RELIEF

This proceeding coming to be heard on the motion of Defendant. Amtex Systems. Inc.. for the

entry of an order extending time to complete discovery. disclose experts and provide expert reports (the

"Motion"); due notice having been served; the Court having jurisdiction and being fully advised in the

premises; it is therefore

ORDERED. notwithstanding anything to the contrary as may be dictated by the Second

Amended Procedures Order. entered October 19, 2006. in the Debtor's bankruptcy case. in this proceeding

between Trustee and Defendant. Amtex Systems, Inc.:

A.    That discovery between Trustee and Defendant. Amtex Systems. Inc. shall be completed

on or before June 18. 2007;

B.    That any motions to join additional parties or any motions to amend any pleadings

including but not limited to Trustee's adversary complaint and Defendant's answer shall

be filed on or before June 18. 2007:

C.    That all dispositive motions. including any motions seeking summary judgment shall be

filed on or before July 9. 2007:

D.     That all experts and expert's reports shall be disclosed on or before June 18, 2007.

E.     Except as specifically superseded by this Order the provisions of the Original Procedures Order, the Amended Procedures Order, and the Second Amended Procedures Order shall remain in full force and effect.

ENTERED:

_____
Bankruptcy Judge

Dated: _____

Joel A. Schechter
Attorney No. 03122099
Law Offices of Joel A. Schechter
53 W. Jackson Blvd., Suite 1025
Chicago, IL   60604: (312) 332-0267

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| marchFIRST, INC., et al., | ) | |
| | ) | Case No. 01 B 24742 |
| | Debtor. ) | (Jointly Administered) |
| | ) | |
| _____ | ) | Honorable John D. Schwartz |
| | ) | |
| Andrew J. Maxwell, Trustee, | ) | |
| | ) | Adv. Pro. No. 03 A 00273 |
| | Plaintiff, ) | |
| v. | ) | |
| | ) | |
| Amtex Systems, Inc., | ) | |
| | ) | |
| | Defendant. ) | |

## ORDER EXTENDING TIME TO
## COMPLETE DISCOVERY AND FOR OTHER RELIEF

This proceeding coming to be heard on the motion of Defendant, Amtex Systems, Inc., for the

entry of an order extending time to complete discovery, disclose experts and provide expert reports (the

"Motion"); due notice having been served; the Court having jurisdiction and being fully advised in the

premises; it is therefore

ORDERED, notwithstanding anything to the contrary as may be dictated by the Second

Amended Procedures Order, entered October 19, 2006, in the Debtor's bankruptcy case, in this proceeding

between Trustee and Defendant, Amtex Systems, Inc.:

A.   That discovery between Trustee and Defendant, Amtex Systems, Inc. shall be completed
     on or before June 18, 2007;

B.   That any motions to join additional parties or any motions to amend any pleadings
     including but not limited to Trustee's adversary complaint and Defendant's answer shall
     be filed on or before June 18, 2007;

C.   That all dispositive motions, including any motions seeking summary judgment shall be
     filed on or before July 9, 2007;

D.    That all experts and expert's reports shall be disclosed on or before June 18, 2007.

E.    Except as specifically superseded by this Order the provisions of the Original Procedures Order, the Amended Procedures Order, and the Second Amended Procedures Order shall remain in full force and effect.

ENTERED:

_____
Bankruptcy Judge

Dated:  **1 7 MAY 2007**

Joel A. Schechter
Attorney No. 03122099
Law Offices of Joel A. Schechter
53 W. Jackson Blvd., Suite 1025
Chicago, IL  60604; (312) 332-0267

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| marchFIRST, INC., et al., ) | Case No. 01 B 24742 |
| ) | (Jointly Administered) |
| Debtor. ) | |
| ) | Honorable John D. Schwartz |
| _____ ) | |
| Andrew J. Maxwell, Trustee, ) | Adv. Pro. No. 03 A 00273 |
| ) | |
| Plaintiff. ) | |
| ) | |
| v. ) | |
| ) | |
| Amtex Systems, Inc., ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF MOTION

To:    Andrew J. Maxwell, Esq., Vikram R. Barad, Maxwell & Potts, LLC, 105 West
         Adams Street, Suite 3200, Chicago, Illinois 60603; **via facsimile no. (312) 368-1080**
     Office of the United States Trustee, 227 W. Monroe St., Suite 3350, Chicago, IL 60606;
         **via facsimile no. (312) 886-5794**

PLEASE TAKE NOTICE that on the 21st day of June, 2007, at 10:30 a.m. or as soon
thereafter as counsel may be heard, I shall appear before the Honorable John D. Schwartz in Courtroom
719, in the United States Courthouse, 219 S. Dearborn, Chicago, Illinois, or before any other
Bankruptcy Judge who may be presiding in said Judge's place and stead, and shall then and there move
the Court for the entry of an order in accordance with the attached motion, at which time you may
appear if you so desire.

_____/s/ Joel A. Schechter_____

## CERTIFICATE OF MAILING

The undersigned being first duly sworn on oath deposes and says that she personally served the
above and foregoing notice and attached motion on the above parties via facsimile transmission on the
15th day of June, 2007, before the hour of 4:00 p.m. from 53 W. Jackson Blvd., Chicago, Illinois
60604.

_____/s/ Wanda Anderson_____

Joel A. Schechter, Attorney No. 03122099
Law Offices of Joel A. Schechter
53 W. Jackson Blvd., Suite 1025
Chicago, IL 60604; (312) 332-0267

BROADCAST REPORT

```
TIME  : 06/15/2007 12:17
NAME  : JOEL A. SCHECHTER
FAX   : 3129394714
TEL   : 3123320267
SER.# : BROL2J847857
```

| PAGE(S) | 05 |
|---------|----|

| DATE | TIME | FAX NO./NAME | DURATION | PAGE(S) | RESULT | COMMENT |
|------|------|--------------|----------|---------|--------|---------|
| 06/15 | 12:14 | 13123681080 | 01:04 | 05 | OK | ECM |
| 06/15 | 12:16 | 13128865794 | 01:17 | 05 | OK | ECM |

```
BUSY: BUSY/NO RESPONSE
NG  : POOR LINE CONDITION
CV  : COVERPAGE
PC  : PC-FAX
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| marchFIRST. INC., et al., | ) |
| | ) Case No. 01 B 24742 |
| Debtor. | ) (Jointly Administered) |
| | ) |
| | ) Honorable John D. Schwartz |
| | ) |
| | ) |
| Andrew J. Maxwell, Trustee. | ) |
| | ) Adv. Pro. No. 03 A 00273 |
| Plaintiff. | ) |
| v. | ) |
| | ) |
| Amtex Systems, Inc., | ) |
| | ) |
| Defendant. | ) |

## MOTION OF DEFENDANT, AMTEX SYSTEMS, INC., TO EXTEND TIME FOR COMPLETION OF DISCOVERY AND TO DISCLOSE EXPERTS

NOW COMES the Defendant. AMTEX SYSTEMS, INC. (hereinafter referred to as "Defendant"), by and through its attorney, Joel A. Schechter of the Law Offices of Joel A. Schechter, and moves the Court for the entry of an order extending the time to complete discovery and to disclose experts and provide expert reports, and in support thereof states as follows:

1.    That on February 3. 2003, the Trustee, Andrew J. Maxwell (hereinafter referred to as "Trustee") filed his complaint seeking to recover alleged preferential transfers.

2.    That on October 23. 2003, Defendant filed its answer and affirmative defenses.

3.    That status of the adversary proceeding has been continued from time to time and is currently set for February 15, 2007.

4.    That on October 19, 2006, the Trustee designated this adversary proceeding as disputed.

5.    That on November 16, 2006, the Trustee and Defendant filed a joint Rule 26(f) discovery report.

6.    That the said discovery report, based upon previous orders entered by this Court, provided that discovery be closed on January 18, 2007 and that the parties are to disclose experts and provide expert's reports on or before January 18, 2007.

7.    That on May 17, 2007, an order was entered by the Court extending the time to complete discovery and disclose experts to and including June 18, 2007.

8.    That the amount in controversy is $30,560 and Defendant's counsel has contacted Defendant to inquire as to whether settlement discussions can be entered into between the parties to resolve the pending matter.

9.    That Defendant requests an extension of time to complete discovery and to disclose its experts, if any, and provide expert's reports to and including July 20, 2007.

WHEREFORE, the Defendant, AMTEX SYSTEMS, INC., prays the Honorable Court enter an order extending the time to complete discovery and to disclose experts, if any, and provide expert's reports to and including July 20, 2007 and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

AMTEX SYSTEMS, INC., Defendant

By:    /s/ Joel A. Schechter
       Its Attorney

Joel A. Schechter; Attorney No. 03122099
Law Offices of Joel A. Schechter
53 W. Jackson Blvd., Suite 1025
Chicago, IL  60604
Telephone: (312) 332-0267

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Honorable     John D. Schwartz                    Date   June 21, 2007

Case No.      01 B 24742                          Adversary No.   03 A 00273

Title of Case   marchFIRST, INC., et. al., Debtor., Andrew J. Maxwell, Trustee, Plaintiff, v. Amtex Systems, Inc., Defendant.

Brief
Statement
of Motion   Motion of Defendant, Amtex Systems, Inc., to Extend Time For Completion of Discovery and to Disclose Experts

Names and
Addresses of    Joel A. Schechter, Esq., Law Offices of Joel A. Schechter,
moving counsel   53 W. Jackson Boulevard, Suite 1025, Chicago, Illinois 60604

Representing     DEFENDANT

# ORDER

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| marchFIRST, INC.. et al.. | ) | |
| | ) | Case No. 01 B 24742 |
| Debtor. | ) | (Jointly Administered) |
| | ) | |
| _____ | ) | Honorable John D. Schwartz |
| | ) | |
| Andrew J. Maxwell. Trustee. | ) | |
| | ) | Adv. Pro. No. 03 A 00273 |
| Plaintiff. | ) | |
| v. | ) | |
| | ) | |
| Amtex Systems. Inc., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER EXTENDING TIME TO
### COMPLETE DISCOVERY AND FOR OTHER RELIEF

This proceeding coming to be heard on the motion of Defendant. Amtex Systems, Inc.. for the

entry of an order extending time to complete discovery, disclose experts and provide expert reports (the

"Motion"); due notice having been served: the Court having jurisdiction and being fully advised in the

premises; it is therefore

ORDERED, notwithstanding anything to the contrary as may be dictated by the Second

Amended Procedures Order. entered October 19. 2006. in the Debtor's bankruptcy case, in this proceding

between Trustee and Defendant, Amtex Systems. Inc.:

      A.     That discovery between Trustee and Defendant, Amtex Systems, Inc. shall be completed

             on or before July 20, 2007:

      B.     That any motions to join additional parties or any motions to amend any pleadings

             including but not limited to Trustee's adversary complaint and Defendant's answer shall

             be filed on or before July 20. 2007:

      C.     That all dispositive motions, including any motions seeking summary judgment shall be

             filed on or before August 10. 2007;

D.      That all experts and expert's reports shall be disclosed on or before July 20. 2007.

E.      Except as specifically superseded by this Order the provisions of the Original Procedures

        Order. the Amended Procedures Order. and the Second Amended Procedures Order shall

        remain in full force and effect.

ENTERED:

_____

Dated: _____                                  Bankruptcy Judge

Joel A. Schechter
Attorney No. 03122099
Law Offices of Joel A. Schechter
53 W. Jackson Blvd.. Suite 1025
Chicago, IL   60604: (312) 332-0267

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| marchFIRST, INC.. et al.. | ) | Case No. 01 B 24742 |
| | ) | (Jointly Administered) |
| Debtor. | ) | |
| | ) | Honorable John D. Schwartz |
| | ) | |
| | ) | |
| Andrew J. Maxwell. Trustee. | ) | |
| | ) | Adv. Pro. No. 03 A 00273 |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Amtex Systems, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER EXTENDING TIME TO
## COMPLETE DISCOVERY AND FOR OTHER RELIEF

This proceeding coming to be heard on the motion of Defendant. Amtex Systems, Inc.. for the

entry of an order extending time to complete discovery, disclose experts and provide expert reports (the

"Motion"); due notice having been served: the Court having jurisdiction and being fully advised in the

premises; it is therefore

ORDERED, notwithstanding anything to the contrary as may be dictated by the Second

Amended Procedures Order. entered October 19. 2006. in the Debtor's bankruptcy case, in this proceding

between Trustee and Defendant, Amtex Systems, Inc.:

    A.    That discovery between Trustee and Defendant, Amtex Systems, Inc. shall be completed

           on or before July 20, 2007:

    B.    That any motions to join additional parties or any motions to amend any pleadings

           including but not limited to Trustee's adversary complaint and Defendant's answer shall

           be filed on or before July 20, 2007:

    C.    That all dispositive motions, including any motions seeking summary judgment shall be

           filed on or before August 10. 2007;

D.    That all experts and expert's reports shall be disclosed on or before July 29, 2007.

E.    Except as specifically superseded by this Order the provisions of the Original Procedures Order, the Amended Procedures Order, and the Second Amended Procedures Order shall remain in full force and effect.

ENTERED:

Dated: **2 1 JUN 2007**

Bankruptcy Judge

Joel A. Schechter
Attorney No. 03122099
Law Offices of Joel A. Schechter
53 W. Jackson Blvd., Suite 1025
Chicago, IL  60604: (312) 332-0267

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Honorable | **John D. Schwartz** | Hearing Date   7/19/07 |
| Bankruptcy Case No. | 01 - 24742 | Adversary No.   03 - 00273 |
| Title of Case | MAXWELL, TRUSTEE v AMPEX SYSTEMS INC | |

| | |
|---|---|
| Brief Statement of Motion | TO EXTEND TIME TO DISCLOSE EXPERTS AND EXPERT'S REPORTS TO AND INCLUDING AUGUST 16 2007 |
| Names and Addresses of moving counsel | JOEL A SCHECHTER 53 W JACKSON - 1025 CHICAGO FL 60604 |
| Representing | AMPEX SYSTEMS INC |

**ORDER**

ON ORAL MOTION, IT IS HEREBY ORDERED THAT THE TIME TO DISCLOSE EXPERTS AND EXPERT'S REPORTS BE AND HEREBY IS EXTENDED TO AND INCLUDING AUGUST 16 2007. IT IS FURTHER ORDERED THAT DISPOSITIVE MOTIONS, INCLUDING MOTION SEEKING SUMMARY JUDGMENT SHALL BE FILED ON OR BEFORE SEPT 6 2007.

Enter: