UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Amtex Systems, Inc. | ) | Case No. 08-cv-01133 |
|         Appellant, | ) | |
| | ) | Honorable John F. Grady |
|     v. | ) | |
| Andrew J. Maxwell, Trustee, | ) | |
|         Appellee. | ) | |

**BRIEF OF APPELLANT, AMTEX SYSTEMS, INC.**

# TABLE OF CONTENTS

| | | |
|---|---|---|
| | TABLE OF CASES AND STATUTES......................... | Page 1 |
| I. | INTRODUCTION................................. | Page 2 |
| II. | BASIS OF APPELLATE JURISDICTION ............... | Page 2 |
| III. | STANDARD OF REVIEW............................ | Page 3 |
| IV. | STATEMENT OF THE ISSUES....................... | Page 3 |
| V. | STATEMENT OF THE CASE ........................ | Pages 3-5 |
| VI. | SUMMARY JUDGMENT STANDARDS ................ | Pages 5-6 |
| VII. | PREFERENTIAL TRANSFERS ....................... | Page 6 |
| VIII. | MEMORANDUM OPINION ........................ | Page 7-9 |
| IX. | APPELLEE NOT ENTITLED TO PREJUDGMENT INTEREST CALCULATED AT 7.25% ................ | Pages 9-11 |
| | CONCLUSION.................................. | Page 11 |

# TABLE OF CASES AND STATUTES

## CASES

Cassirer v. Herskowitz (In re Schick), 234 B.R. 337 (S.D.N.Y. 1999). . . . . . . . .   Page 8

In re PG Industries, Inc., 336 B.R. 765 (B.C.N.D. Indiana 2006). . . . . . . . . . . .   Page 10

In the Matter of Milwaukee Cheese Wisconsin, Inc., 112 F.3d 845 (7th Cir. 1997).   Page 10

In the Matter of UNR Industries, Inc., 986 F.2d 207 (7th Cir. 1993) . . . . . . . . . . .   Page 3

Lohorn v. Michal, 913 F.2d 327, 331 (7th Cir. 1990). . . . . . . . . . . . . . . . . . . . . .   Page 8

Matter of Tolona Pizza Products Corp., 3 F.3d 1029, 1031 (7th Cir. 1993) . . . . . .   Pages 7, 9

Roger Whitmore's Auto. Servs., Inc. v. Lake County, Illinois, 424 F.3d (659),
   666-67 (7th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   Page 6

Trautvetter v. Quick, 916 F.2d 1140, 1147 (7th Cir. 1990). . . . . . . . . . . . . . . . . .   Page 5

## STATUTES & RULES

28 U.S.C. §158(a)(1) and (a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   Page 2

Rule 8001 of the Federal Rules of Bankruptcy Procedure. . . . . . . . . . . . . . . . . .   Page 2

Rule 8002 of the Federal Rules of Bankruptcy Procedure. . . . . . . . . . . . . . . . . .   Page 2

Chapter 11, Title 11, United States Code. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   Page 3

28 U.S.C. §1334. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   Page 4

28 U.S.C. §§157(b)(2)(A), (F), and (O). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   Page 4

28 U.S.C. §§547(c)(1), 547(c)(2), 547(c)(4). . . . . . . . . . . . . . . . . . . . . . . . . . .   Pages 4, 5, 6

Rule 56(c) of the Federal Rules of Civil Procedure. . . . . . . . . . . . . . . . . . . . . .   Page 5

Rule 7056 of the Federal Rules of Bankruptcy Procedure. . . . . . . . . . . . . . . . . .   Page 5

## I.  INTRODUCTION

The Appellee, Andrew J. Maxwell, Trustee (Appellee), filed a complaint in the U.S. Bankruptcy Court to recover alleged preferential transfers made to the Appellant, Amtex Systems, Inc. (Appellant), by the Debtor, marchFirst, Inc. (Debtor). The complaint was filed on February 3, 2003 and alleged that preferential transfers totaling $30,560.00 should be avoided and recovered by the Appellee for the benefit of the bankruptcy estate.

On October 23, 2003, Appellant filed its answer and affirmative defenses denying liability to the Appellee. In its answer and affirmative defenses, Appellant alleged that the payments made by the Debtor in the aforesaid amount were made according to ordinary business terms and, therefore, were not preferential transfers which can be recovered by the Appellee.

On or about August 30, 2007, the Appellee filed his motion for summary judgment, his statement of uncontested facts and his memorandum of law in support of the said motion.

The Appellant filed its response to the Appellee's motion for summary judgment, its response to the Appellee's statement of uncontested facts and its memorandum of law in support of the response.

## II.  BASIS OF APPELLATE JURISDICTION

The basis for appellate jurisdiction is contained in Rule 8001(a) of the Federal Rules of Bankruptcy Procedure which provides that an appeal from a judgment, order or decree of a bankruptcy judge to a district court under 28 U.S.C. §158(a)(1) or (a)(2) shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002. A timely notice of appeal was filed by Appellant and, therefore, this Court has jurisdiction over this appeal.


### III.  STANDARD OF REVIEW

The applicable standard of review for a district court of a bankruptcy court's judgment or order is de novo review as to the bankruptcy court's conclusions of law and as to the bankruptcy court's findings of fact, the standard of review is whether those findings are "clearly erroneous". See In the Matter of UNR Industries, Inc., 986 F.2d 207 (7th Cir. 1993).

### IV.  STATEMENT OF THE ISSUES

1. Whether the Bankruptcy Court erred in granting the Appellee's motion for summary judgment.

2. Whether the Bankruptcy Court erred in entering final judgment against Appellant.

3. Whether the Bankruptcy Court erred in finding that Appellant received from the Debtor preferential transfers as alleged in Appellee's complaint.

4. Whether the Bankruptcy Court erred in finding that there are no material facts in dispute.

5. Whether the Bankruptcy Court erred in denying Appellant's ordinary course of business defense and other defenses raised in its answer.

6. Whether the Bankruptcy Court erred in granting prejudgment interest calculated at the rate of 7.25%.

### V.  STATEMENT OF THE CASE

On April 12, 2001, the Debtor filed a voluntary petition pursuant to Chapter 11 of Title 11, United States Code.[1]

---

[1] All references to sections of the Bankruptcy Code mean Title 11, United States Code.

On April 26, 2001, the Debtor's case was converted to a Chapter 7 case.

That on February 3, 2003, the Appellee filed a complaint to recover alleged preferential transfers made by the Debtor to Appellant.

Jurisdiction was conferred on the Bankruptcy Court pursuant to §1334 of Title 28, United States Code and the Bankruptcy Court could enter a final judgment or order pursuant to 28 U.S.C. §§157(b)(2)(A), (F), and (O).

Appellant is a New Jersey corporation having its principal place of business in New York, New York and during the 90 days preceding the filing of the Debtor's voluntary petition received $30,560.00 in payments made on invoices generated by Appellant to the Debtor. The payments made by the Debtor to Appellant were in payment of eight invoices issued by Appellant to the Debtor between October, 2000 and November, 2000. The invoices are part of the record on appeal by virtue of the invoices be appended to Appellee's motion for summary judgment (Docket No. 58) and Appellant's answers to Appellee's first request for production of documents and first set of interrogatories.

The Debtor and Appellant entered into an agreement dated October 5, 2000 which is titled Client Services Agreement with marchFirst (Agreement) which Agreement sets forth the scope of the work to be performed by Appellant on behalf of the Debtor, the charges therefor and the payment terms. The Agreement is part of the record on appeal as it is appended to Appellee's motion for summary judgment (Docket No. 58) and Appellant's answers to Appellee's first set of interrogatories and request for production of documents.

In its answer and affirmative defenses, Appellant asserted that the payments made by the Debtor to Appellant were contemporaneous exchanges for new value under §547(c)(1), transfers

4

made in the ordinary course of business under §547(c)(2), or Appellant gave new value to the Debtor in exchange for the payments received under §547(c)(4) and, therefore, Appellant was not liable to Appellee.

On November 15, 2007, the Honorable John D. Schwartz, Bankruptcy Judge, entered a memorandum opinion granting Appellee's motion for summary judgment.

On December 19, 2007, Judge Schwartz entered a final judgment in favor of Appellee against Appellant in the amount of $30,560.00, plus prejudgment interest in the amount of $10,804.84, plus costs in the amount of $150.00, for a total judgment of $41,514.84.

Thereafter, subsequent to Judge Schwartz granting Appellant's motion for extension of time to file a notice of appeal, on or about January 19, 2008, Appellant filed its notice of appeal.

## VI. SUMMARY JUDGMENT STANDARDS

Rule 56(c) of the Federal Rules of Civil Procedure, which is made applicable to adversary proceedings pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The primary purpose of granting summary judgment is to avoid an unnecessary trial where there is no genuine issue of material fact in dispute (emphasis added). See, Trautvetter v. Quick, 916 F. 2d 1140, 1147 (7th Cir. 1990). Accordingly, in order to grant summary judgment, this Honorable Court must find that there is no material fact in dispute. Defendant submits that this Court cannot come to that conclusion.

"All reasonable inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion". Roger Whitmore's Auto. Servs., Inc. v. Lake County, Illinois 424 F. 3d 659, 666-67 (7th Cir. 2005). It is submitted by the Appellant that there was a genuine issue of material fact and that is whether the payments made by the Debtor to the Appellant were made according to ordinary business terms and any reasonable inferences to be drawn by the lower court should have been drawn in favor of the Appellant.

## VII.   PREFERENTIAL TRANSFERS

§547 provides for a recovery of alleged preferential transfers to the extent that the transfers were made by the debtor (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt; (3) made while the debtor was insolvent; (4) made within ninety (90) days prior to the filing of the bankruptcy petition; and (5) which enables the creditor to receive more than it would have received if the transfers had not been made and the case is a case under Chapter 7.

§547(c) provides certain defenses to a preference action. That subsection provides that a trustee may not recover a transfer (1) to the extent the transfer was (A) intended by the debtor and the creditor to be a contemporaneous exchange for new value and (B) in fact a substantially contemporaneous exchange; (2) to the extent that the transfer was made in payment of the debt incurred by the debtor in the ordinary course of business and made according to the ordinary course of business established between the parties and according to the industry standard ...: or (4) to the extent that after the transfer. the creditor gave new value to the benefit of the debtor.

## VIII.     MEMORANDUM OPINION

In his memorandum opinion, Judge Schwartz discusses Appellant's ordinary course of business affirmative defense which would negate Appellee's recovery. Therein, Judge Schwartz cites a Seventh Circuit decision for the proposition that Appellant must show that the debt was incurred in the ordinary course of business between the Debtor and Appellant and that the payments received by Appellant from the Debtor were also made in the ordinary course of business and, finally, that the payment was made according to ordinary business terms. See, Matter of Tolona Pizza Products Corp., 3 F.3d 1029, 1031 (7th Cir. 1993). Judge Schwartz concedes that the Court must conduct a factual inquiry into the prior dealings of the Debtor and Appellant. That is precisely why there is a question of fact for the Court to determine and granting summary judgment was inappropriate.

The ordinary course of business exception to the Appellee's action was raised by the Appellant in its answer and affirmative defenses and in its responsive pleadings to Appellee's motion for summary judgment. It is Appellant's position that the payments made by the Debtor to Appellant were made in accordance with the Agreement. The Agreement provides as follows: "Because Amtex System's invoices represent payroll already paid, invoices are due after 30 days". Accordingly, it is the Appellant's position that the payments received by the Debtor, even if received 99 days after invoice date which the Appellee argued in the Court below, those payments received by the Appellant were, in fact, in accordance with the Agreement because the payments were made after 30 days from date of invoice. The Agreement does not state that the payments are due 30 days after invoice date. Consequently, any reasonable inference must be drawn in favor of the Appellant with respect to Appellee's motion for summary judgment and, at

the very least, there was a question of fact for the Court to determine. Even the Appellee in his memorandum in support of his motion for summary judgment conceded that there was a factual dispute. The Appellee stated in his memorandum that "while Amtex's original contract with the Debtor, dated October 5, 2000, stated payments were due after 30 days of invoice date, all of the invoices issued by Amtex clearly had due dates which were the same as the invoice dates; thus the original contract terms were arguably superseded and the invoices were due upon receipt". What the Appellee was attempting to do in his memorandum in support of his motion for summary judgment was to argue the evidence and suggest that there was no dispute. Clearly, there was a factual question for the lower court to determine. "Summary judgment is not an appropriate occasion for weighing the evidence; rather, the inquiry is limited to determining if there is a genuine issue for trial". Lohorn v. Michal, 913 F.2d 327, 331 (7th Cir. 1990).

The lower court indicated that the creditor, i.e. Appellant, must establish a "baseline of dealings" to allow the Court to determine payment practices between the Debtor and the Appellant. See, Cassirer v. Herskowitz (In re Schick), 234 B.R. 337 (S.D.N.Y. 1999). Since the Agreement between the Debtor and Appellant was dated October 5, 2000 and the payments at issue span a timeframe of only two months, i.e., January and February, 2001, with respect to invoices dated between October 23, 2000 and November 14, 2000, the "base line of dealings" between the Debtor and the Appellant was not a long term prior history, but was only relegated to the invoices at issue in Appellee's complaint. Accordingly, clearly, there was a question of fact for the lower court to determine whether these payments were made in the ordinary course of business established between the parties by virtue of the Agreement dated October 5, 2000.

Likewise, Appellant would have established at trial the industry standards with respect to payments of invoices as Appellant would have been able to present credible evidence of credit arrangements in the industry based upon its own dealings. See, e.g. Matter of Tolona Pizza Products Corp., supra, at 1033.

What is troubling to the Appellant is the lower court's comments that "the only copy of the agreement provided to the court is an illegible exhibit to the Trustee's motion. This is not sufficient to prove anything and does not sustain Amtex' burden of proof on this issue". It appears to the Appellant that the lower court simply brushed aside the Agreement entered into between the Debtor and Appellant with respect to payment of Appellant's invoices. The Appellant disputes that an illegible copy was provided to the Court, but if so, Appellant believes the Court should have requested a cleaner, or clearer, copy of the Agreement since the Agreement established the payment terms between the Debtor and the Appellant and clearly was an essential element of Appellant's defense to the preference complaint.

### IX. APPELLEE NOT ENTITLED TO PREJUDGMENT INTEREST CALCULATED AT 7.25%

The lower court ordered prejudgment interest to Appellee based upon the prime rate of 7.25% per annum. That was supposedly the prime rate in existence as of February 3, 2003, the date of Appellee's complaint against Appellant.

There is no statutory provision in the Bankruptcy Code for the allowance of prejudgment interest. However, prejudgment interest has been allowed in cases dealing with preferential transfers unless there is a sound reason not to do so.

9

The Seventh Circuit considered the issue of prejudgment interest in <u>Matter of Milwaukee Cheese Wisconsin, Inc.</u>, 112 F.3d 845 (7th Cir. 1997). "Compensation deferred is compensation reduced by the time value of money; if the proceeds had been returned to Milwaukee Cheese's estate and distributed to the creditors, they would have been able to earn interest on it during the last decade. That is why prejudgment interest is an ingredient of full compensation." Id. at 849. One court determined that the appropriate rate of interest would be a blended rate determined by the prime rate in existence for the years in question. See <u>In re PG Industries, Inc.</u>, 336 B.R. 765 (B.C.N.D. Indiana 2006). "Thus, the proper rate of interest is to be calculated as the average of the prime rate for the years in question. . . . The applicable prime rate varies throughout time, and it can rise or fall depending upon the impact of monetary policies established by the Federal Reserve Board." Id. at 768.

Appellant argues that prime rate is not the appropriate rate of interest to be applied to prejudgment interest. While Appellant recognizes the Seventh Circuit's determination in <u>Milwaukee Cheese</u> that prejudgment interest is appropriate, the reason enunciated by the <u>Milwaukee Cheese</u> court was to compensate the estate and the ultimate distribution to creditors for the time value of money. However, the creditors of the bankruptcy estate, if entitled to interest distributions, are not accorded interest at the prime rate, but are routinely accorded interest at the Treasury bill rate. The Treasury bill rate is less than the prime rate.[2] Furthermore, the money earned by a trustee on funds on deposit in a fiduciary account for the benefit of the bankruptcy estate does not earn interest at the prime rate, but earns interest at either a money

---

[2] For instance, the 4 month Treasury Bill rate during the year 2003 ranged from .80 - 1.24%.

10

market rate or a certificate of deposit rate.[3] Both of these rates are routinely less than prime rate. Accordingly, Appellant does not believe that the applicable interest rate to be accorded Appellee with respect to prejudgment interest is prime rate, but at a rate significantly less, which rate is either a Treasury Bill rate or a money market rate. Even if this Court agrees the prime rate to be the applicable rate of interest, the prime rate in February, 2003 was 4.25% per Federal Reserve Statistical Data, not the 7.25% ordered by the lower court.

## CONCLUSION

For the reasons stated herein, the Appellant, Amtex Systems, Inc., respectfully requests that this Honorable Court reverse the lower court and vacate the judgment entered against Appellant and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

AMTEX SYSTEMS, INC., Appellant

By: _____/s/ Joel A. Schechter_____
Its Attorney

Joel A. Schechter
Attorney No. 03122099
Law Offices of Joel A. Schechter
53 W. Jackson Blvd., Suite 1025
Chicago, IL 60604
(312) 332-0267

---

[3] Money market rates range between 1% and 2%.

11